IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  03-cr-00249-1-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL KEBLES,

    Defendant.

---

**GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTION NUMBER 2**

---

The United States of America, by and through its undersigned Assistant United States Attorney for the District of Colorado, hereby respectfully submits its proposed revised jury instruction number 2 as directed by the Court at the final trial preparation conference held in this matter on December 22, 2005.

Respectfully submitted this 30th day of December, 2005.

                        WILLIAM J. LEONE
                        UNITED STATES ATTORNEY

            By:  *s/ James R. Boma*
                  JAMES R. BOMA
                  Assistant U.S. Attorney
                  U.S. Attorney's Office
                  1225 17th St., Suite 700
                  Denver, CO  80202
                  Telephone:  (303) 454-0100
                  Fax:  (303) 454-0401
                  E-mail:  james.boma@usdoj.gov
                  Attorney for Government

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2005, I electronically filed the foregoing **GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTION NUMBER 2** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

    Robert John Corry , Jr
    robert.corry@comcast.net

    s/Diana L. Brown
    DIANA L. BROWN
    United States Attorney's Office
    Legal Assistant to James R. Boma
    U.S. Attorney's Office
    1225 17th Street, Suite 700
    Denver, Colorado 80202
    Telephone: 303-454-0358
    Fax: 303-454-0401
    E-mail:  diana.brown@usdoj.gov

GOVERNMENT'S INSTRUCTION NO. 2

<u>Consideration of the Indictment</u>

The superseding indictment in this case charges as follows:

### COUNT ONE

From at least January 14, 2003, through on or about May 28, 2003, in the State and District of Colorado, the defendants, **Michael Kebles** and **Teresa Kebles**, did unlawfully and knowingly or intentionally conspire, combine, confederate, cooperate and agree with other persons, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of 3,4-methylenedioxymethamphetamine (MDMA) (commonly known as "Ecstasy"), a controlled substance listed in Schedule I, Title 21, United States Code, Section 812, and the regulations enacted thereunder, **[and hereinafter referred to as "MDMA" or "Ecstasy"]** in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

On or about January 14, 2003, in the State and District of Colorado, the defendants, **Michael Kebles** and **Teresa Kebles**, did unlawfully and knowingly or intentionally distribute "MDMA" or "Ecstasy;" and did knowingly or intentionally aid and abet and cause the same.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT THREE

On or about February 11, 2003, in the State and District of Colorado, the defendant,

**Michael Kebles**, did unlawfully and knowingly or intentionally distribute "MDMA" or "Ecstasy," in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOUR

On or about April 2, 2003, in the State and District of Colorado, the defendant, **Michael Kebles**, did unlawfully and knowingly or intentionally distribute "MDMA" or "Ecstasy," in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIVE

On or about May 28, 2003, in the State and District of Colorado, the defendant, **Michael Kebles**, did unlawfully and knowingly or intentionally possess with intent to distribute "MDMA" or "Ecstasy," in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SIX

On or about May 28, 2003, in the State and District of Colorado, the defendant, **Michael Kebles**, did knowingly possess a firearm, that is, one Colt, Trooper Mark III model, .357 caliber pistol, in furtherance of a drug trafficking crime which is a felony prosecutable, in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Five of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

May 28, 2003, in the State and District of Colorado, the defendant, **Michael Kebles**, did knowingly possess a firearm, that is, one Colt, Trooper Mark III model, .357 caliber pistol, in furtherance of a drug trafficking crime which is a felony prosecutable, in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Five of this Indictment.

I will discuss the elements of the charges in detail in a few minutes. Right now, I simply want to state several general rules which you must constantly remember as you consider these charges.

1.2.1  The defendant is only on trial for the particular charges alleged against him in the indictment. I instruct you that your job is to determine whether the Government has proved beyond a reasonable doubt each precise charge in the indictment. If it has not proven each precise charge in the indictment, then you must acquit the defendant on that charge, even if you think that the defendant did commit some other act not charged in the indictment.

1.2.2  As I told you at the outset, the indictment itself is not any evidence of guilt. It does not even raise any suspicion of guilt. It is nothing more than the formal way that the Government tells a defendant, the court, and you what crime the defendant is accused of committing.

COURT'S INSTRUCTION NO. 1.2