UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Case No. 03-cr-00249-WYD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL KEBLES,

    Defendant.

---

**MICHAEL KEBLES' BRIEF REGARDING ADMISSIBILITY OF PRIOR BAD ACTS OF GOVERNMENT INFORMANT ROBERT WILSON**

---

Defendant Michael Kebles, through undersigned counsel, respectfully responds to the Court's request for briefing and hereby submits authority regarding the admissibility of prior bad acts by the government informant in this case, Robert Wilson.

## FACTS

This case hinges on the entrapment/duress defenses asserted by Mr. Kebles, who will introduce evidence showing that the government's informant Robert Wilson, who orchestrated all of the controlled buys in question, entrapped and threatened Mr. Kebles and his sister to such an extent that Wilson's actions provide a legal defense for Mr. Kebles' actions.

On numerous occasions, Wilson threatened and coerced Mr. Kebles, and his sister Teresa Kebles, to sell Wilson controlled substances. Wilson's tactics

included admittedly plying Teresa Kebles with cocaine, a violation of the law and a violation of U.S. Department of Justice and U.S. Drug Enforcement Administration ("DEA") policies.  These actions, and others, contributed to Wilson being expelled from DEA's informant program.

Wilson is well-acquainted with violence.  He was arrested and pled "guilty" to domestic violence in Las Vegas, Nevada.  He was sentenced to 25 days in jail and skipped out on a warrant, and was arrested concurrently with the events of this case, and DEA agents assisted Wilson in dealing with his ongoing court troubles.

## **REASON FOR INTRODUCTION OF EVIDENCE**

The defense in this case seeks to introduce evidence of Mr. Wilson's actions in Nevada, through cross-examination of Wilson and the DEA agent, for two distinct but related purposes: (1) to demonstrate that Wilson had the intent or knowledge, could not have made a mistake or accident, and engaged in a plan or common scheme, when he threatened violence against Michael Kebles and Teresa Kebles in this case; and (2) to show that the government did not properly evaluate, hire, train, supervise, or discipline a violent and drug-addicted confidential informant that the government knowingly paid to be out on the streets to interact with citizens, thus placing these citizens in harm's way, and even assisted and rewarded the informant after it knew of his misconduct, improperly ratifying his actions.

Additionally, the defense reserves the right and will seek to challenge Wilson's truthfulness, but not by using the Nevada incident or conviction.  There

are ample other instances where Wilson did not tell the truth in this case, both by commission and omission. A limiting instruction could be given that the Nevada incident is not offered as to Wilson's truthfulness or reputation thereof.

## LEGAL ARGUMENT

The government in its brief focuses on Federal Rules of Evidence 608 and 609, and case authorities interpreting this provision. The government's analysis focuses on whether the conduct in question is probative of truthfulness, but this is the wrong analysis, since Mr. Kebles does not seek to introduce this evidence for the issue of truthfulness or reputation for truthfulness.

The government brief does not address in detail Mr. Kebles' asserted bases for admission of this evidence, namely Rule 404(b) and 405(b), which provide as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

> In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

Fed. R. Evid. 405(b).

3

Rule 404(b) "is one of inclusion, rather than exclusion, unless the evidence is introduced for the impermissible purpose or is unduly prejudicial." *United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997). The list of proper purposes in the rule is illustrative, not exhaustive, and Rule 404(b) is considered to be "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." United States v. Van Metre, 150 F.3d 339, 349 (4th Cir. 1998) (quotation omitted). Indeed, much of the Tenth Circuit caselaw takes a permissive approach to the admissibility of 404(b) evidence.

In this case, Wilson's conduct sought to be admitted was charged as a crime. But even if it were not charged as a crime, and was merely an uncharged bad act, it could still be admissible under these rules. Evidence of other uncharged acts "is properly admitted under Rule 404(b) if four requirements are met: (1) the evidence was offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence was relevant under Fed. R. Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructed the jury pursuant to Fed. R. Evid. 105 to consider the evidence only for the purpose for which it was admitted." *United States v. Becker,* 230 F.3d 1224, 1232 (10th Cir. 2000) (citing *Huddleston v. United States,* 485 U.S. 681, 691-92 (1988)).

A party offering evidence under Fed. R. Evid. 404(b) has the responsibility to "precisely articulate the purpose" for which the evidence is to be admitted. See

4

United States v. Birch, 39 F.3d 1089, 1093 (10th Cir. 1994); United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir. 1985).  A broad statement invoking rule 404(b) is not enough. See United States v. Youts, 229 F.3d 1312, 1317 (10th Cir. 2000).  Mr. Kebles has precisely articulated the purpose for which the evidence is being admitted, above.

Mr. Kebles seeks to introduce the evidence irrespective of whether the conduct was charged as a crime.  The criminal conviction and guilty plea are proof that the conduct occurred, but not the reason the evidence is proposed to be introduced.

Wherefore, for the reasons that the evidence sought to be admitted meets all four of the necessary requirements above, the defense has clearly articulated the purpose for which the evidence is to be admitted, and for other reasons to be shown at a hearing, the evidence of Wilson's violent acts in Nevada should therefore be admitted.

Date:   January 4, 2006                     Respectfully Submitted,

                                        s/ Robert J. Corry, Jr.
                                        Robert J. Corry, Jr.
                                        600 Seventeenth Street
                                        Suite 2800 South Tower
                                        Denver, Colorado 80202
                                        303-634-2244
                                        Robert.Corry@comcast.net
                                        Attorney for Michael Kebles

**Certificate of Service**

      I certify that on January 4, 2006, I served the above **MICHAEL KEBLES' BRIEF REGARDING ADMISSIBILITY OF PRIOR BAD ACTS OF GOVERNMENT INFORMANT ROBERT WILSON** by delivering a true and correct copy electronically to the following:

James R. Boma
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202
fax: 303-454-0401
email: james.boma@usdoj.gov

                                          s/ Robert J. Corry, Jr.