## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Criminal Case No. 03-cr-00249-WYD-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     MICHAEL KEBLES, and

      Defendants.

---

## MICHAEL KEBLES' PROPOSED JURY INSTRUCTIONS

---

Defendant Michael Kebles, through undersigned counsel, respectfully proposes the following defense jury instructions, in addition to the instructions to be provided by the government.

The proposed defense instructions that follow are taken verbatim from the Committee on Pattern Jury Instructions of the Judicial Council of the Tenth Circuit (2005), at www.ck10.uscourts.gov/downloads/patternjuryinstructions.pdf, with the exception of the proposed generic Affirmative Defense Instruction, which is taken verbatim from Colorado Pattern Instruction 7:01, as no generic affirmative defense instruction is included in the Tenth Circuit Pattern Criminal Jury Instructions.

Included with each proposed defense instruction are the authorities for that instruction, as follows:

**Defendant's A**

**WITNESS'S USE OF ADDICTIVE DRUGS**

The testimony of a drug abuser must be examined and weighed by the jury

with greater caution than the testimony of a witness who does not abuse drugs.

Robert Wilson may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been

affected by the use of drugs or the need for drugs.

Comment

Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction
1.16.  The use of an addict instruction was discussed with approval by the Tenth
Circuit in United States v. Smith, 692 F.2d 658, 660-61 (10th Cir. 1982); there,
however, the Court declined to find error in the trial court's refusal to give such
instruction in light of the instructions read as a whole.  See also United States v.
Nicholson, 983 F.2d 983, 991 (10th Cir. 1993).

**Defendant's B**

**EVIDENCE OF GOOD CHARACTER**

Michael Kebles has offered evidence of his reputation for good character, and has offered evidence of someone's opinion as to his good character. You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether Michael Kebles is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by Michael Kebles.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Comment

Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction 1.09. The Committee suggests that United States v. McMurray, 656 F.2d 540, 550-51 (10th Cir. 1980), neither mandates nor precludes the use of the word "alone". See United States v. Daily, 921 F.2d 994, 1010 (10th Cir. 1990), overruling on other grounds recognized by United States v. Schleibaum, 130 F.3d 947, 949 (10th Cir. 1997). The matter is, however, subject to some debate.

There is no per se rule that the "evidence of good character *alone*" instruction must be given either sua sponte or upon request. The trial courts should consider this issue on a case-by-case basis, and give the "evidence of good character *alone*" instruction when the circumstances of a particular case so require.

See, e.g., Michelson v. United States, 335 U.S. 469, 476 (1948); Edgington v. United States, 164 U.S. 361, 366 (1896); Oertle v. United States, 370 F.2d 719, 727 (10th Cir. 1967) (en banc); Bird City Equity Mercantile Exch. v. United States, 338 F.2d 790, 791-92 (10th Cir. 1964).  Cf. Instruction 1.13 (Impeachment By Evidence of Untruthful Character).

Use Note

The word "alone" can be inserted in the second paragraph, when appropriate: "Evidence of good character alone may be sufficient... ."

**Defendant's C**

**EVIDENCE OF REPUTATION FOR HONESTY**

Michael Kebles has offered evidence in the form of reputation for honesty and integrity. You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of honesty and integrity would commit such a crime. Evidence in the form of reputation of a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by Michael Kebles.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Comment

Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction 1.09.1. Cf. Comment to preceding instruction, 1.09, for discussion of use of the word "alone."

It seems to be the better practice to give this instruction when the defense offers character evidence, especially if the character evidence may be the defense theory of the case. The instruction is consistent with United States v. McMurray, 656 F.2d 540, 550-51 (10th Cir. 1980), and United States v. Daily, 921 F.2d 994,

1010 (10th Cir. 1990), overruling on other grounds recognized by United States v. Schleibaum, 130 F.3d 947, 949 (10th Cir. 1997).

However, there is no *per se* rule that the "evidence of good character *alone*" instruction must be given either *sua sponte* or upon request. The trial courts should consider this issue on a case-by-case basis, and give the "evidence of good character *alone*" instruction when the circumstances of a particular case so require. See, e.g., Michelson v. United States, 335 U.S. 469, 476 (1948); Edgington v. United States, 164 U.S. 361, 366 (1896); Oertle v. United States, 370 F.2d 719, 727 (10th Cir. 1967); Bird City Equity Mercantile Exch. v. United States, 338 F.2d 790, 791-92 (10th Cir. 1964).
Cf. Instruction 1.13 (Impeachment by Evidence of Untruthful Character).

Use Note

The word "alone" can be inserted in the second paragraph, when appropriate: "Evidence in the form of reputation for honesty and integrity alone may be sufficient... ."

**Defendant's D**

**INFORMANT**

An informant is someone who provides evidence against someone else for a personal reason or advantage.  The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence.  You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against the defendant.

You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

Comment

Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction 1.14.  United States v. Bridwell, 583 F.2d 1135, 1142 (10th Cir. 1978).

Use Note

When the immunity instruction is given, the nature of the agreement with the government should be spelled out in the instruction. United States v. Valdez, 225 F.3d 1137, 1139-41 (10th Cir. 2000).

**Defendant's E**

**IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER**

You have heard the testimony of Robert Wilson who was a witness in the

government's case. You also heard testimony from others concerning their opinion

about his character for truth-telling, and his reputation, in the community where he

lives, for telling the truth.  It is up to you to decide from what you heard here

whether Robert Wilson was telling the truth in this trial.  In deciding this, you

should bear in mind the testimony concerning his reputation for truthfulness.

Comment

Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction
1.13.  Under Fed. R. Evid. 608(a), a witness is not limited to reputation testimony,
but may also state his opinion as to the character of another witness for
truthfulness.

This instruction should be rarely, if ever, needed.

Cf. Instructions 1.09 (Evidence of Good Character) and 1.09.1 (Evidence of
Reputation for Honesty).

**Defendant's F**

**EXPERT WITNESS**

During the trial you heard the testimony of Michael Levine who expressed

opinions concerning the conduct of the U.S. Drug Enforcement Administration

agents and the informant in this case.  In some cases, such as this one, scientific,

technical, or other specialized knowledge may assist the jury in understanding the

evidence or in determining a fact in issue. A witness who has knowledge, skill,

experience, training or education, may testify and state an opinion concerning such

matters.

You are not required to accept such an opinion. You should consider

opinion testimony just as you consider other testimony in this trial. Give opinion

testimony as much weight as you think it deserves, considering the education and

experience of the witness, the soundness of the reasons given for the opinion, and

other evidence in the trial.

Use Note

Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction
1.17.  In the typical one-expert case (e.g., drugs), the bracketed sentence may
be omitted. Where expert opinions are in issue, the names of the experts and a
description of their opinions might be inserted.

**Defendant's G**

**AFFIRMATIVE DEFENSES -- GENERALLY**

The evidence presented in this case has raised an affirmative defense.

The prosecution has the burden of proving the guilt of Michael Kebles to

your satisfaction beyond a reasonable doubt as to the affirmative defense, as well

as to all the elements of the crime charged.

After considering the evidence concerning the affirmative defense, with all

of the other evidence in this case, if you are not convinced beyond a reasonable

doubt of Michael Kebles's guilt, you must return a verdict of "not guilty."

NOTES ON USE

This is the introductory instruction to be given in every case where the
affirmative defense issue is raised.  The instruction must be followed by an
appropriate instruction on the specific defense raised.  When this instruction is
used the phrase "without the affirmative defense in instruction number __" is not
deleted from the elemental instruction.

SOURCE & AUTHORITY

§ 18-1-407, C.R.S. 1973, as amended.

Library References:
        C.J.S. Criminal Law §§ 38-43, 1193, 1199, 1300.
        West's Key No. Digests, Criminal Law 31, 772(6), 805(1).

7:01 Colo.Jury Instr.Crim.—5

**Defendant's H**

**COERCION OR DURESS**

Michael Kebles has offered evidence that he was coerced, or forced, to commit the crime.

Under the law, Michael Kebles is not guilty of a crime if, at the time it was committed, (1) there was an immediate threat of death or bodily injury to Michael Kebles (or others); (2) Michael Kebles had a well-grounded fear that the threat would be carried out; and (3) Michael Kebles had no reasonable opportunity to escape the threatened harm.

On this issue, the government must prove beyond a reasonable doubt that Michael Kebles was not coerced. In other words, for you to find Michael Kebles guilty, the government must prove that (1) there was no immediate threat; *or* (2) Michael Kebles's fear that the threat would be carried out was not well grounded; *or* (3) Michael Kebles had a reasonable opportunity to escape the threatened harm.

Comment

Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction 1.36. This instruction, if given, should be given immediately after the instruction setting forth the elements of the offense. This instruction does not limit "others" to members of the defendant's immediate family. The Committee concluded that an instruction limited to kinship could be too narrow in some circumstances. For instance, in some situations a person might violate the law in order to protect a small child who is a complete stranger.

To be entitled to a coercion instruction, the defendant bears the threshold burden to introduce sufficient evidence as to all elements of thecoercion defense. United States v. Glass, 128 F.3d 1398, 1409 (10th Cir. 1997); United States v. Scott, 901 F.2d 871, 873 (10th Cir. 1990)("A defendant who fails to present sufficient evidence to raise a triable issue of fact concerning the absence of any

reasonable opportunity to escape the threatened harm is not entitled to an instruction on the defense of coercion."). Once the defendant has made the threshold showings to trigger the instruction, the burden is on the government to prove beyond a reasonable doubt that the defendant was not coerced. See United States v. Falcon, 766 F.2d 1469, 1477 (10th Cir. 1985). The government carries its burden if it disproves even one of the three elements. See United States v. Toney, 27 F.3d 1245, 1248, 1252 (7th Cir. 1994); United States v. Amparo, 961 F.2d 288, 291 (1st Cir. 1992); United States v. Mitchell, 725 F.2d 832, 836 (2d Cir. 1983).

It should be emphasized that if it is uncontested that a defendant had a full opportunity to avoid the criminal act without danger to himself or others, he is not entitled to a coercion instruction. Shannon v. United States, 76 F.2d 490, 493 (10th Cir. 1935).

In United States v. Bailey, 444 U.S. 394 (1980) (prosecution for escape from a federal prison), the Supreme Court held that in order to be entitled to an instruction on duress or necessity as a defense to the crime charged, the escapee must first offer evidence justifying his continued absence from custody as well as his initial departure and that an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force. Id. at 412-13.

For a general discussion (in dicta) regarding the lack of clarity on the question of third-party duress in the prison context, see United States v. Haney, 318 F.3d 1161, 1166-67 (10th Cir. 2003) (en banc).

**Defendant's I**

**ENTRAPMENT**

As a defense to the crimes charged in the indictment, Michael Kebles has asserted that he was entrapped.

Michael Kebles was entrapped if

- the idea for committing the crime(s) originated with government agents, and

- the government agents then persuaded or talked Michael Kebles into committing the crime(s), and

- Michael Kebles was not already willing to commit the crime(s).

When a person has no previous intent or purpose to violate the law, but is induced or persuaded by officers or agents to commit a crime, he is entrapped and the law, as a matter of policy, forbids his conviction in such a case. On the other hand, when a person already has the readiness and willingness to violate the law, and the officers or agents merely provide him with an opportunity to commit the crime and do so even by disguise or ruse, there is no entrapment.

In order to return a verdict of guilty as to Michael Kebles for the crimes of conspiracy to possess with intent to distribute a controlled substance, distribution of a controlled substance, and possession of a firearm in furtherance of a drug trafficking crime, you must find beyond a reasonable doubt that Michael Kebles was not entrapped.

For purposes of this case, Robert Wilson, the informant, was an agent of the

law enforcement officers.

Comment

Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction
1.27.  The Committee has chosen not to use the word "predisposition" as it sounds
overly technical and thus may be confusing to the average juror.

This instruction is based on United States v. Scull, 321 F.3d 1270, 1274-76
(10th Cir. 2003), and United States v. Cerrato-Reyes, 176 F.3d 1253, 1262-63
(10th Cir. 1999) (and Tenth Circuit cases cited therein).

To establish a defense of entrapment, Scull seems to require proof of more
than persuasion by the government agent. "'Inducement' is 'government conduct
which creates a substantial risk that an undisposed person or otherwise law-
abiding citizen would commit the offense.'" 321 F.3d at 1275 (quoting United
States v. Ortiz, 804 F.2d 1161, 1165 (10th Cir. 1986)). Inducement is neither
established by evidence of solicitation, standing alone, nor "'by evidence that the
government agent initiated the contact with the defendant or proposed the crime.'"
Id. (quoting Ortiz, 804 F.2d at 1165).

Date:   January 4, 2006                      Respectfully Submitted,


                                             s/ Robert J. Corry, Jr.
                                             Robert J. Corry, Jr.
                                             600 Seventeenth Street
                                             Suite 2800 South Tower
                                             Denver, Colorado 80202
                                             303-634-2244
                                             Robert.Corry@comcast.net
                                             Attorney for Michael Kebles

## **Certificate of Service**

I certify that on January 4, 2006, I served the above **MICHAEL KEBLES'**
**PROPOSED JURY INSTRUCTIONS** by delivering a true and correct copy
electronically to the following:

James R. Boma
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202
fax: 303-454-0401
email: james.boma@usdoj.gov

s/ Robert J. Corry, Jr.
