IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 03-cr-00249-1-D

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL KEBLES,

    Defendant.

---

**GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY AT TRIAL OF
NEW EXPERT WITNESS, GREGORY D. LEE, DUE TO NON-COMPLIANCE
WITH THE PROVISIONS OF RULE 16(b)(1)(B) and (C), FED. R. CRIM. P.**

---

The United States of America, by and through its undersigned Assistant United States Attorney for the District of Colorado, in response to defendant's Expert Designation, filed January 4, 2006, in advance of a trial setting of Monday, January 9, 2006, hereby moves to exclude any trial testimony by alleged expert witness, Gregory D. Lee, for non-compliance with the Reciprocal Discovery requirements of Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, showing unto the Court as follows:

    1.    As the Court is aware, the final trial preparation conference in this case was held on the afternoon of Thursday, December 22, 2005, in anticipation of a jury trial set in this matter for Monday, January 9, 2006. At that conference, the defendant made no mention of the retention of an additional alleged defense expert.

2. On Wednesday afternoon, January 4, 2006, at approximately 4:45 p.m., without the benefit of any advance warning whatsoever in the form of a courtesy telephone call or other communication from counsel, the defendant filed his Expert Designation, with accompanying *curriculum vitae,* which the undersigned became aware of only through the electronic filing system as set forth above. **See Document 219.** The defendant's untimely and incomplete filing utterly fails to comply with the reciprocal discovery obligations set forth under Rule 16(b)(1)(B) and (C), as it provides no written summary describing the witness's opinion, the bases and reasons for those opinions, and the witness's qualifications supporting the testimony to be adduced at trial. The *curriculum vitae,* standing alone, casts very little light on this subject and in no way satisfies the provisions of the rule cited.

### A.  Reciprocal Discovery

3. Rule 16(b)(1)(C) provides the defendant's obligations concerning the discovery of expert witnesses. "The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if –the defendant requests disclosure under subdivision (a)(1)(G) and the government complies...This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Federal Rule of Criminal

Procedure 16(b)(1)(C).  "Under Rule 16, the government's ability to discover material in the defendant's possession is defense triggered and reciprocal."  *United States v. Vanegas*, 112 F.R.D. 235, 236 (D. New Jersey 1986).  *See United States v. Campbell*, 2003 WL 22734836 (6th Cir. Tenn. 2003)(unpublished) (copy attached) (defendant's request for discovery from the government, and the government's compliance, obligated him to disclose any expert witnesses he intended to present.) See Fed. R. Crim. Pr. 16, Advisory Committee Notes, 1975 Enactment ("[i]f the defendant requires and receives certain items from the Government, then the Government is entitled to get similar items from the defendant"); Advisory Committee Notes, 1993 Amendment (parties are required to disclose "the intent to rely on expert opinion testimony, what the testimony will consist of, and the bases of the testimony.  ***The amendment is intended to minimize surprise*** *(emphasis added)* that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.  Further, a summary of bases covers not only written and oral reports, tests, reports and investigations, but any information that might be recognized as a legitimate basis for an opinion.  *See also United States v. Sourlis*, 953 F. Supp 568 (D. New Jersey)(district court ordered defendants to comply with Rule 16's reciprocal discovery provisions and

provide to the Government discovery information relating to expert).

4. Here, the defendant has not fulfilled his obligations under Rule 16 to provide the Government with a summary of the expert's conclusions nor of the summary of the bases for such conclusions.  In short, this late notice to the Government cannot be anything other than what has to be viewed as a deliberate impermissible attempt by this defendant to "sand bag" the Government.

5. Further, without a written summary as required under the provisions of Rule 16(b)(1)(B) and (C), the Government is not in any position to attempt to meet or rebut this alleged's expert's proposed trial testimony, as the Government is not even aware of the proposed testimony nor the bases for this alleged expert's testimony.  Nor, with the rapidly looming trial date, would the Government have any opportunity to retain its own expert witness or witnesses to counter unknown testimony.

6. Early on in this case, this defendant requested discovery from the Government under Rule 16(a)(1)(G), Fed. R. Crim. P.  The Government complied and requested that it be provided a copy of the defendant's expert's reports, summaries and resumes', thus triggering reciprocal discovery under Rule 16(b)(1)(C).

7. Defendant Michael Kebles, beyond the "11th hour," has now stated that he intends to call Mr. Lee as an expert witness at the trial of this matter.  The goals behind Rule 16's provision for reciprocal discovery are "to provide the opponent with a fair opportunity to test the merits of the expert's

4

testimony through focused cross examination" and "to permit more complete pretrial preparation." *United States v. Jasper*, 2003 WL 223213 *4 (S.D.N.Y. 2003)(unpublished)(copy attached) quoting Rule 16 Adv. Comm. Notes 1993 Am.  Allowing a defendant to notify the Government at this late date of a new expert witness without compliance with the clear and unequivocal requirements of Rule 16 (b)(1)(B) and (C) frustrates the achievement of these two goals.  *Id.*

8. In Jasper, the court found there was a strong possibility that the consultant/expert would testify and ordered the defendant to disclose expert discovery.  The court further noted that failure to provide discovery mandated by Rule 16 could result in a waiver of the defendant's right to introduce such evidence at trial. Id. *5, n.7.  *See United States v. Concessi*, 2002 WL 1162339 (4th Cir. 2002)(unpublished)(copy attached) to Levine report demand)(district court did not err in refusing to allow expert testimony from defense witnesses where notice was untimely under court's reciprocal discovery order and Rule 16 and failed to provide sufficient summaries of proffered testimony); *see also United States v. Thai*, 1998 WL 141219 (9th Cir. 1998)(unpublished) (copy attached) (appellants violated Rule 16's reciprocal discovery requirement by failing to disclose the identity, qualifications and anticipated testimony of expert until five days before trial. Thus, the district court did not abuse its discretion by excluding testimony from that expert.).  Here, by way of contrast, the situation is even more egregious as the defendant has not

5

even provided at this late date an anticipated summary of the witness's testimony. Here, there are only two remedies available to the Court.

9. The first, recommended by the Government, would be to exclude the expert's testimony as the defendant has consciously and deliberately failed to comply with his Rule 16 obligations and provide to the Government discovery relating to their expert witness in a timely fashion. In the alternative, the Government would request that the Court order the defendant to comply with the reciprocal discovery obligations set forth above, and continue the trial for a suitable period so that the Government might be prepared to meet this expert's unknown anticipated testimony.

10. The Government would note a very troubling pre-trial pattern established by this defendant. He has retained, and then fired, two former defense counsel in this case causing numerous concomitant delays. Further, during November 2005, he made new, and as it turns out following the Government's intensive investigation, unfounded allegations against the Government's informant in this case. In light of these and other efforts to delay the trial of this 2003 indictment, the Government would respectfully submit that exclusion, rather than another continuance, is the appropriate remedy under the facts here. However, if the defendant can demonstrate to the Court the need for this expert's testimony and the defendant provides to the Government the summary and other information required under Rule16(b)(1)(C), the Government will be compelled to seek a continuance to evaluate this report and determine whether the

>Government will need an expert witness to rebut whatever testimony Mr. Lee might provide at trial. At this point, as set forth, the Government cannot determine that need as it is missing vital reciprocal discovery as set forth above.

WHEREFORE, the Government respectfully submits that Mr. Lee's testimony should be excluded at trial. In the alternative, the defendant should be ordered to comply with his reciprocal discovery obligations, and the Government must be allowed a suitable continuance of the trial in order to evaluate and meet this expert's unknown trial testimony.

Respectfully submitted this 5th day of January, 2005,

WILLIAM J. LEONE
UNITED STATES ATTORNEY

By: *s/ James R. Boma*
JAMES R. BOMA
Assistant U.S. Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone: (303) 454-0100
Fax: (303) 454-0401
E-mail: james.boma@usdoj.gov
Attorney for Government

## CERTIFICATE OF SERVICE

  I hereby certify that on this 5th day of January, 2006, I electronically filed the foregoing **GOVERNMENT'S CONSOLIDATED RESPONSE TO CURRENTLY UNANSWERED DEFENSE MOTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert John Corry , Jr
robert.corry@comcast.net


 *s/Diana L. Brown*
DIANA L. BROWN
United States Attorney's Office
Legal Assistant to James R. Boma
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Phone: 303-454-0358
Fax: 303-454-0401
diana.brown@usdoj.gov