81 Fed.Appx. 532                                                         Page 38
(Cite as: 81 Fed.Appx. 532, 2003 WL 22734836 (6th Cir.(Tenn.)))

This case was not selected for publication in the Federal Reporter.

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,
Sixth Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
Danny L. CAMPBELL, Defendant-Appellant.

No. 02-5450.

Nov. 13, 2003.

Defendant was convicted in the United States District Court for the Western District of Tennessee, James Dale Todd, Chief Judge, of both receiving and possessing child pornography. Defendant appealed. The Court of Appeals, Cook, Circuit Judge, held that: (1) exclusion of expert witness did not violate defendant's right to present defense; (2) district court did not abuse its discretion in denying defendant's request to use photographs that court had determined were not lascivious during closing argument; (3) conviction was supported by evidence; (4) jury instructions were proper; and (5) defendant was not entitled to two-point reduction in offense level for acceptance of responsibility.

Affirmed.

West Headnotes

[1] Criminal Law ⚖ 629.5(7)
110k629.5(7)

District court's exclusion of defendant's expert witness based on defendant's failure to disclose witness did not violate defendant's right to present defense; rule of criminal procedure obligated defendant to disclose expert, and rule was not arbitrary or disproportionate to its intended purpose. U.S.C.A. Const.Amends. 5, 6; Fed.Rules Cr.Proc.Rule 16(b)(1)(C), (d)(2)(C), 18 U.S.C.A.

[2] Criminal Law ⚖ 629(11)
110k629(11)

Art professor defendant intended to call as witness at trial for receiving and possessing child pornography, to testify about well-regarded artists who used nude or partially nude children as subjects in their work, was expert defendant was required to disclose under rules of criminal procedure; defendant sought to offer professor's insight about professional art world, not her knowledge regarding defendant's case. Fed.Rules Cr.Proc.Rule 16(b)(1)(C), 18 U.S.C.A.

[3] Criminal Law ⚖ 438(7)
110k438(7)

District court did not abuse its discretion in denying defendant's request to use photographs that court had determined were not lascivious during closing argument at trial for receiving and possessing child pornography; district court could have determined that danger of prejudice to defendant inhered in what jury might have surmised upon learning that court had excluded some images but not others.

[4] Obscenity ⚖ 17
281k17

Conviction for receiving and possessing child pornography was supported by evidence that defendant downloaded from Internet and retained sexually suggestive images of preadolescent and teenage girls photographed completely nude or in attire inappropriate for girls of their age, which reasonable jurors could have deemed "lascivious." 18 U.S.C.A. § § 2252(a)(2), (a)(4)(B), 2256(2)(A)(v).

[5] Obscenity ⚖ 20
281k20

District court properly instructed jury that it was required to find beyond reasonable doubt that defendant knew that depictions at issue were of minors engaged in sexually explicit conduct to support conviction for receiving and possessing child pornography. 18 U.S.C.A. § 2252(a)(2), (a)(4)(B).

[6] Sentencing and Punishment ⚖ 765
350Hk765

Defendant was not entitled to two-point reduction in

offense level for acceptance of responsibility at sentencing for receiving and possessing child pornography; while defendant never denied that he possessed or received images of girls in various states of undress, he did claim that he did not know that images contained sexually explicit conduct, and thus he put government to its burden of proving all essential elements of the crime. U.S.S.G. § 3E1.1(a), 18 U.S.C.A.

*533 On Appeal from the United States District Court for the Western District of Tennessee.

Richard Leigh Grinalds, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff-Appellee.

Bruce I. Griffey, Office of Bruce Irwin Griffey, Memphis, TN, for Defendant-Appellant.

BEFORE: SILER, BATCHELDER and COOK, Circuit Judges.

## OPINION

COOK, Circuit Judge.

**1 Danny Campbell appeals his convictions for receipt and possession of child pornography in violation of 18 U.S.C. § 2252(a)(2) [FN1] and (4)(B), [FN2] arguing that the *534 district court (1) denied him his right to present a defense; (2) erred in denying his motion for acquittal; (3) erred in its instructions to the jury; and (4) erred in denying him a reduction in his offense level for acceptance of responsibility. Because we find Campbell's arguments unavailing, we AFFIRM his conviction and sentence.

> FN1. The statute criminalizes the receipt of child pornography by "[a]ny person" who:
> (2) knowingly receives, or distributes any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer ... if--
> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> (B) such visual depiction is of such conduct;
>
> FN2. The statute also criminalizes the possession of child pornography by "[a]ny person" who: (B) knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if--
> (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> (ii) such visual depiction is of such conduct;
> ...
> 18 U.S.C. § 2252(a).

## I. Factual and Procedural Background

Acting on a tip, police seized two three-ring binders containing 112 images of nude or partially nude children from Campbell's place of employment in May of 2001. Campbell told police that he downloaded them from various websites. The police arrested Campbell and a grand jury indicted him for one count each of receiving and possessing child pornography shipped and transported in interstate commerce.

At trial, Campbell moved for judgment of acquittal at the close of the government's case-in-chief, arguing that the government presented no evidence showing he intended to possess any illegal images. The district court granted the motion with respect to sixty-six of the images, concluding that as a matter of law, those images were not "lascivious" and could not support a conviction under § 2252. But the court ruled that the government presented sufficient evidence to allow the jury to consider the remaining images.

Campbell's principal defense then, was that while those images contained nude or partially nude minors, he did not know they were engaged in sexually explicit conduct and therefore he did not violate § 2252. Essentially, Campbell wanted to show that he thought the pictures were artistic-the district court described it as a "kind of Michelangelo defense." To support this defense, Campbell sought to present testimony from Lendon Noe, an art professor who would have testified about well-regarded artists who use nude or partially nude children as subjects in their work. The district court disallowed Noe's testimony because Campbell failed to disclose her as an expert witness.

Later, Campbell sought to use in his closing argument those sixty-six images that the district court concluded were not lascivious as a matter of law. But the court refused his request, finding that the images would prejudice Campbell himself. The court also overruled Campbell's objection to the jury instruction.

Case No. 1:03-cr-00249-WYD Document 223-1 filed 01/05/06 USDC Colorado pg 3 of 5

The jury found Campbell guilty of both receiving and possessing the sexually explicit images in violation of § 2252. At his sentencing, Campbell requested a three-point reduction in offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. The court denied that request and sentenced Campbell to forty months for each offense, to be served concurrently.

## II. Discussion
### A. Campbell's Right to Present a Defense

[1][2] Campbell argues that by excluding Professor Noe's testimony and disallowing defense counsel's use of the sixty-six nonlascivious images for his closing argument, the district court denied him his right to present a defense. We review a district court's evidentiary rulings for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

**2 The right of the accused to present a defense inheres in the Fifth Amendment's guarantee of due process and the Sixth *535 Amendment's Compulsory Process Clause. *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Presenting relevant evidence is part of that right. *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). But the right to present relevant evidence is not boundless. *Id.* It "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Rock v. Arkansas*, 483 U.S. 44, 55, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)). A defendant's noncompliance with "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt or innocence" may prompt a court to curtail the right to present relevant evidence. *Chambers*, 410 U.S. at 302. Excluding relevant evidence for failure to comply with such rules does not violate an accused's right to present a defense so long as those rules are not " 'arbitrary' or 'disproportionate to the purposes they are designed to serve.' " *Scheffer*, 523 U.S. at 308 (citation omitted).

Here, in excluding Noe's testimony, the district court applied one of those rules: Fed.R.Crim.P. 16(b)(1)(C), concerning **reciprocal discovery** of **expert witnesses**. [FN3] Campbell's request for discovery from the government, and the government's compliance, obligated him to disclose any **expert witnesses** he intended to present. [FN4] Campbell does not claim that he properly disclosed this witness. Nor does he claim that enforcing Rule 16 here is "arbitrary" or "disproportionate" to its intended purpose. Instead, he argues that Professor Noe was a lay witness, not an expert and therefore not subject to the dictates of Rule 16(b)(1)(C).

> FN3. Rule 16(b)(1)(C) provides for the discovery of expert witnesses:
> (C) Expert Witnesses.-The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if-
> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.
> Fed. R.Crim. P. 16(b)(1)(C).
>
> FN4. The record shows that Campbell filed a "Rule 16 Discovery Request" on September 28, 2001, and that the government complied with this request on October 3, 2001. J.A. at 4.

The Federal Rules of Evidence allow a witness to be "qualified as an expert by knowledge, skill, experience, training, or education." Fed.R.Evid. 702. As an art professor asked to testify about child nudity as art, Noe fit the bill. The defense sought to offer her insight about the professional art world, not her knowledge regarding Campbell's case. Thus the district court acted within its discretion to remedy Campbell's Rule 16(b)(1)(C) failure-to-disclose violation by excluding Noe's testimony under Fed.R.Crim.P. 16(d)(2)(C).

[3] Second, the district court acted within its discretion in denying Campbell's request to use in his closing argument those images excluded by the court as nonlascivious. A court may limit a defendant's right to present relevant evidence when necessary to further "other legitimate interests of the criminal trial process." *Scheffer*, 523 U.S. at 308. One such interest is the court's duty to protect *536 the jury from "the influence of passion and prejudice, and to assure to the litigants a fair and impartial trial." *Hockaday v. Red Line*, 174 F.2d 154, 156 (D.C.Cir.1949) (citation omitted).

81 Fed.Appx. 532                                                                                                          Page 41
(Cite as: 81 Fed.Appx. 532, *536, 2003 WL 22734836, **2 (6th Cir.(Tenn.)))

**3 In its sound discretion, the district court could have determined that protection of Campbell's trial rights necessitated this evidentiary ruling. Danger of prejudice to Campbell inhered in what the jury might have surmised upon learning that the judge had excluded some images but not others. Reasoning by implication, the jury might well have concluded that since the court eliminated certain images from jury consideration as nonlascivious, those that remained *were* lascivious.

### B. Campbell's Motion for Acquittal

[4] Next, Campbell argues that the district court erred in denying his Rule 29 motion for acquittal. *See* Fed. R.Crim. P. 29. When we review the denial of a motion for acquittal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Campbell claims that the government presented insufficient evidence for a reasonable trier of fact to find that the images contained sexually explicit conduct, an essential element of an 18 U.S.C. § 2252 offense.

For purposes of § 2252, "sexually explicit conduct" means "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). In determining whether a particular exhibition of the genitals or pubic area was "lascivious," several of our sister circuits have used the six factors outlined in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal.1986). *See, e.g., Doe v. Chamberlin*, 299 F.3d 192, 196 (3d Cir.2002); *United States v. Amirault*, 173 F.3d 28, 32-35 (1st Cir.1999); *United States v. Wolf*, 890 F.2d 241, 244-46 (10th Cir.1989); *United States v. Rubio*, 834 F.2d 442, 448 (5th Cir.1987).

Those factors are: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the depiction is intended or designed to elicit a sexual response in the viewer. *Dost*, 636 F.Supp. at 832. We note that this list is not exhaustive, and an image need not satisfy every factor to be deemed lascivious. *Id.* Rather, along with any other relevant criteria, including the age of the child, these factors provide a framework for analyzing the image in its entirety. *Id.*

Using this framework then, we conclude that a rational juror could have found that Campbell's images depicted "sexually explicit conduct"-that is, a "lascivious exhibition of the genitals or pubic area...." 18 U.S.C. § 2256(2)(A)(v). Campbell's pictures contained images of preadolescent to teenage girls, most of whom are completely nude. Those not completely nude are found wearing lingerie or stockings and garters-inappropriate attire for girls of their age. Many of the depictions are sexually suggestive, with girls posing unnaturally, prompting focus on the genital area. Moreover, most of the images seem intended to elicit a sexual response in the viewer. That intent is evidenced by how the child poses (on her back with legs slightly spread), the angle of the shot (taken from near the child's feet, while she is lying on her back), and the child's facial *537 expression (smiling while looking into the camera). These same characteristics support a finding that the images suggest a sexual coyness or willingness to engage in sexual activity. In short, Campbell's images involved all of the *Dost* factors to some extent, and a rational juror could have found beyond a reasonable doubt that they depicted sexually explicit conduct.

### C. The Jury Instruction

**4 [5] Third, Campbell argues that the district court erred in refusing to deliver his proposed jury instruction. He claims that the court's instruction was constitutionally infirm because it failed to require a finding that the defendant *knew* the images contained a "lascivious exhibition of the genital or pubic area."

"We review jury instructions as a whole to determine whether they fairly and adequately submitted the issues and applicable law to the jury." *United States v. Williams*, 952 F.2d 1504, 1512 (6th Cir.1991). We will reverse a district court's refusal to deliver a requested instruction "only if that instruction is (1) a correct statement of the law, (2) not substantially covered by the charge actually delivered to the jury, and (3) concerns a point so important in the trial that the failure to give it substantially impairs the defendant's defense." *Id.*

Campbell asked the court to instruct the jury as follows:

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

81 Fed.Appx. 532
(Cite as: 81 Fed.Appx. 532, *537, 2003 WL 22734836, **4 (6th Cir.(Tenn.)))

Page 42

> In order for you to find the defendant guilty of either count, the government must have proved to you beyond a reasonable doubt that Mr. Campbell knew the photographs were of minors -i.e., under the age of 18- and that he knew beyond a reasonable doubt that the photographs were of sexually explicit conduct.

J.A. at 128.

Because Campbell's requested instruction incorrectly stated the law, the district court properly rejected it. Campbell's version would have required the jury to find that *Campbell* knew beyond a reasonable doubt that the photographs were of sexually explicit conduct. The correct charge-which the district recited-instructed that the *jury* must find beyond a reasonable doubt that Campbell knew that the depiction was a minor engaged in sexually explicit conduct.

### D. Sentencing

[6] Finally, Campbell argues that the district court erred in denying his request for a three-point reduction in offense level for acceptance of responsibility. A district court's determination of acceptance of responsibility is a factual finding, and when considering a defendant's sentence under the guidelines, we review the district court's factual findings for clear error. *E.g., United States v. Lutz,* 154 F.3d 581, 589 (6th Cir.1998); *United States v. Clements,* 144 F.3d 981, 982 (6th Cir.1998).

Section 3E1.1 of the Sentencing Guidelines awards a reduction of two points "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). An additional point may be deducted if the defendant pleads guilty.

U.S.S.G. § 3E1.1(b). Because Campbell did not plead guilty, we need only consider whether the district court clearly erred by denying him the § 3E1.1(a) two-point reduction.

We conclude that the district court did not clearly err. Campbell argues that his offense level should have been reduced because he never denied that he possessed or received the images of girls in various states of undress. But he did argue his innocence, claiming that he did not know the images contained sexually explicit conduct. Thus he put the government to its burden of proving all of the essential elements of the crime.

*538 **5 We have held that the § 3E1.1(a) reduction is " 'not intended for a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.' " *United States v. Hill,* 167 F.3d 1055, 1071 (6th Cir.1999) (quoting U.S.S.G. § 3E1.1 cmt. n. 2). The district court determined that Campbell did not merit this reduction because he denied his guilt and forced the government to obtain a jury verdict on the elements of the crime. We find no clear error by the district court in denying Campbell this two-point reduction.

### III. Conclusion

For the all of the foregoing reasons, we affirm Campbell's conviction and sentence.

81 Fed.Appx. 532, 2003 WL 22734836 (6th Cir.(Tenn.))

END OF DOCUMENT