141 F.3d 1182 (Table)
**Unpublished Disposition**

Page 46

(Cite as: 141 F.3d 1182, 1998 WL 141219 (9th Cir.(Cal.)))

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.

United States of America, Plaintiff-Appellee,
v.
Yilun THAI, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Shoo-Meil GWEI, Defendant-Appellant.

No. 96-10309, 96-10363.
D.C. Nos. CR-93-00408-03-MHP
CR-93-00408-01-MHP.
D.C. No. CR-93-00408-MHP.

Argued and Submitted Feb. 10, 1998.
Decided Mar. 25, 1998.

Appeal from the United States District Court for the Northern District of California Marilyn H. Patel, District Judge, Presiding.

Before HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**1 Appellants Yilun Thai and Shoo Meil Gwei appeal their jury convictions for mail fraud and inducing others to travel in interstate commerce in execution of a scheme to defraud, in violation of 18 U.S.C. §§ 1341, 2314 & 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

I. *Motion To Depose Witnesses.*

Appellants claim the district court abused its discretion by denying their motion to depose expert witnesses in the People's Republic of China ("PRC") pursuant to Fed. R. of Crim. Proc. 15. We reject this claim. "In criminal cases, depositions may be taken only in 'exceptional circumstances.' " *United States v. Zuno-Arce,* 44 F.3d 1420, 1424 (9th Cir.1995). Appellants sought to depose experts that were not percipient witnesses. The district court also found it likely that Appellants could locate experts outside the PRC to testify at trial. Moreover, Appellants failed to show that they were able to depose witnesses in the PRC. The district court did not abuse its discretion in refusing to grant Appellants' motion.

In addition, Appellants' motion was denied without prejudice, and the district court indicated that if Appellants could make a stronger showing that they could not locate experts outside the PRC to testify at trial, it might reconsider the motion. Appellants failed to make such a showing or to renew their motion. Appellants' failure to renew the motion further supports the district court's denial. *See United States v. Nichols,* 534 F.2d 202, 204 (9th Cir.1976).

II. *Exclusion Of Expert Witness.*

Appellants argue that the district court erroneously excluded the testimony of their Chinese **expert witness**. Appellants violated Rule 16's **reciprocal discovery** requirement by failing to disclose the identity, qualifications, and anticipated testimony of that expert until five days before trial, when they had known his identity and subpoenaed him to testify two and a half months earlier. Fed. R. of Crim. P. 16(b)(1)(C). The district court did not abuse its discretion by excluding this testimony. *See Taylor v. Illinois,* 484 U.S. 400, 414-16, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); *United States v. Nash,* 115 F.3d 1431, 1439-40 (9th Cir.1997), *cert. denied,* 522 U.S. 1117, 118 S.Ct. 1054, 140 L.Ed.2d 117 (1998).

III. *Exclusion of Evidence.*

Appellants argue that the court erroneously excluded documents that had been shown to witness William Stone, the art broker Appellants solicited to market the porcelain. It was not an abuse of discretion to exclude the documents on the ground that Appellants had not provided any authentication or foundation for them. *See* Fed.R.Evid. 901(a).

We also reject Appellants' claim that the district court erroneously precluded them from eliciting testimony from Stone about their Chinese expert's representations to him. Appellants were permitted to question Stone regarding his general reliance on the expert's

141 F.3d 1182 (Table)
(Cite as: 141 F.3d 1182, 1998 WL 141219, **1 (9th Cir.(Cal.)))

Page 47

statements. Since Stone had no specific recollection of the Chinese expert's statements to him, the district court did not abuse its discretion in refusing to permit additional questioning about the specifics of the expert's statements to Stone. *See* Fed.R.Evid. 602.

**\*\*2** Pursuant to Fed.R.Evid. 403, it was well within the district court's discretion to limit discussion of the newspaper articles that were shown to Grace Chao, a porcelain purchaser, in Appellants' presence. The district court gave Appellants adequate opportunity to show the effect the articles had on Chao's state of mind without allowing the articles to be used for the truth of their subject matter. Chao was allowed to testify extensively about the contents of the articles and the fact that she partially relied upon them.

Contrary to Appellants' claims, they were allowed to elicit testimony regarding Chao's reliance on a thank you letter from a Chinese national museum. Because the letter was hearsay and Appellants did not proffer any nonhearsay use for the evidence, other than to show Chao's reliance on the letter, the district court did not abuse its discretion in excluding it. *See* Fed.R.Evid. 801, 802.

Next, Appellants argue that the district court erroneously excluded documents which had been shown to them that would have helped demonstrate their state of mind regarding the porcelains. The district court allowed Appellant Thai to testify in detail about the substance of the documents. The district court did not abuse its discretion in concluding that since Appellant Thai was permitted to testify about the content of the documents, the documents themselves were cumulative and their probative value was minimal. *See* Fed.R.Evid. 403; *United States v. Faust*, 850 F.2d 575, 586 (9th Cir.1988). Furthermore, admitting the documents into evidence would increase the danger that the jury would consider the documents for the truth of their contents. *United States v. Miller*, 874 F.2d 1255, 1265-66 (9th Cir.1989).

Appellants also claim that the district court erroneously excluded statements of Mr. Ying, a fellow art student. Appellant Thai was permitted to testify as to why he brought Ying with him to a meeting with the art museum curator. Ying's statements, however, were hearsay and they were never offered as evidence of Thai's state of mind. The district court did not abuse its discretion in excluding Ying's statements to Thai as inadmissible hearsay. *See* Fed.R.Evid. 801, 802.

Appellants contend that the court improperly excluded testimony that Thai gave Peng Wong instructions "about how any one ... should use [Fairman's] appraisals in the future." However, the record shows that the court did not exclude this testimony, but instead directed Appellants' counsel to rephrase his question eliciting this information. Appellant Thai was allowed to testify about the use of the Fairman appraisals. Accordingly, the district court did not err.

IV. *Constitutional Right To Present A Defense.*

Finally, Appellants claim that the erroneous exclusion of the objective corroboration of their claim of innocent states of mind deprived them of their constitutional right under the Sixth and Fourteenth Amendments to present a defense.

**\*\*3** Appellants presented substantial evidence that they believed the porcelains were genuine and lacked the intent to defraud. Some evidence was properly excluded as discussed above. The Appellants were not deprived of an opportunity to present their defense.

AFFIRMED.

141 F.3d 1182 (Table), 1998 WL 141219 (9th Cir.(Cal.)), Unpublished Disposition

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works