**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Criminal Case No. 03-cr-00249-WYD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL KEBLES,

    Defendant.

---

**OPPOSITION TO GOVERNMENT MOTION TO EXCLUDE EXPERT TESTIMONY AT TRIAL, OR IN THE ALTERNATIVE, UNOPPOSED MOTION FOR CONTINUANCE**

---

    Defendant Michael Kebles, through undersigned counsel, respectfully submits his opposition to the government's motion to exclude expert testimony of Gregory D. Lee, or in the alternative, joins the government's request for a continuance in the trial date, and as grounds therefore, states as follows:

    1.    The defense had previously and timely designated Michael Levine as an expert witness for the trial of this matter, and provided the previously-sealed expert report timely to the government.

    2.    The week before trial, Michael Levine radically changed the financial terms and conditions of his agreement with the defense, such that Mr. Kebles can no longer afford Mr. Levine's time and expenses. Mr. Levine likely

knew that his decision would place the defense in a difficult position, and the defense did everything it could to resolve the issue, but to no avail.

3. The defense was able to locate a replacement expert, Gregory D. Lee, who also has decades of experience with the U.S. Drug Enforcement Administration, and whose expert opinions are essential to the jury's understanding of the defense theory of the case.  Mr. Lee is highly competent and significantly more affordable for the defense.  The defense disclosed this new expert and his curriculum vitae as soon as it was clear that Mr. Lee would be available on short notice.  The defense did not list Mr. Levine's name on its latest witness list, reflecting the fact that he had become unavailable.

4. The new expert's testimony will be functionally identical to the testimony of the previous expert Michael Levine, which is summarized in a 100-plus page report already provided to the government, incorporated herein by reference.

5. The new expert's testimony will cover the areas that the government, represented in this case by highly competent and experienced counsel, already knows what the core issues are in this case; namely, entrapment, informant handling, supervision, training, discipline, and evaluation.  The expert, if his testimony is permitted, will analyze the government's actions in managing the informant in this case, and will analyze the informant's actions as well, particularly in regards to the informant's distribution of controlled substances (cocaine) on multiple occasions.

6. Defense counsel acknowledges the government's contention that he should have contacted Assistant United States Attorney James Boma by telephone for a courtesy call instead of merely designating the new expert, but for personal reasons including the fact that defense counsel's wife was in the hospital with a serious medical condition that has resulted in paralysis, hopefully temporary, defense counsel was not able to make the courtesy call on January 4, 2006 as he normally would have, and apologizes for this omission.

7. On January 5, 2006, defense counsel and AUSA Boma discussed this issue at length, including the fact that the content of the new expert Lee's testimony will be functionally identical to former expert Levine's, and Mr. Boma indicated that, if the Court is inclined to give a continuance, he would need approximately 30 days to adequately evaluate the expert witness report and findings, which is what the government has already requested in its brief.

8. The report of previous expert Levine, incorporated herein by reference, as well as the summary of Mr. Lee's testimony contained within this motion, substantially complies with the Rule 16(b)(1)(C) obligations concerning discovery of expert witnesses. Moreover, the government remains free, as it always has, to contact Mr. Lee directly and discuss his testimony with him personally. On information and belief, the previous expert Mr. Levine was never contacted by the government.

9. The testimony of the new expert is not sought for any improper purpose, but instead would enhance the jury's understanding of the important

3

issues in this serious case involving Mr. Kebles' life and future, and is not an effort to "sand bag" the government.

      10.    The only reason a new expert is necessary is for financial reasons beyond Mr. Kebles' control.  An expert witness is an important part of this trial, and Mr. Kebles should not be denied this critical aspect of his defense only because he is not a rich man, especially because the testimony and/or a continuance would not prejudice the government's case in any way.

Wherefore, for the above reasons and those that will be shown at a hearing, this Court should deny the government's request to exclude Mr. Lee's testimony at trial.  In the alternative, a 30-day continuance in the trial should be granted to permit the government, as it requests, to evaluate and meet the new expert's trial testimony, and the defense hereby joins the government's motion in this regard.

Date:   January 5, 2006                      Respectfully Submitted,

                                             s/ Robert J. Corry, Jr.
                                             Robert J. Corry, Jr.
                                             600 Seventeenth Street
                                             Suite 2800 South Tower
                                             Denver, Colorado 80202
                                             303-634-2244
                                             Robert.Corry@comcast.net
                                             Attorney for Michael Kebles

5

**Certificate of Service**

      I certify that on January 5, 2006, I served the above **OPPOSITION TO GOVERNMENT MOTION TO EXCLUDE EXPERT TESTIMONY AT TRIAL, OR IN THE ALTERNATIVE, UNOPPOSED MOTION FOR CONTINUANCE** by delivering a true and correct copy electronically to the following:

James R. Boma
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202
fax: 303-454-0401
email: james.boma@usdoj.gov

                                                     s/ Robert J. Corry, Jr.