**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Criminal Case No. 03-cr-00249-WYD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL KEBLES,

    Defendant.

---

**UNOPPOSED MOTION TO WITHDRAW AS**
**COUNSEL AND TO VACATE TRIAL DATE**

---

    Defense counsel Robert J. Corry, Jr. respectfully moves to withdraw as counsel of record and to vacate the current trial date of March 20, 2006., and as grounds therefore, states as follows:

    1.    As stated in the off-the-record bench conference on March 13, 2006, an ethical conflict has arisen necessitating Mr. Corry's withdrawal.

    2.    The United States does not oppose Mr. Corry's withdrawal.

    3.    Under the Speedy Trial Act, a trial must commence within seventy days from the filing date of the indictment. 18 U.S.C. § 3161(c)(1). The Act specifically provides for certain exclusions from the seventy-day period, including delays resulting from continuances, 18 U.S.C. § 3161(h)(8)(A). Among the factors a court may consider in granting an "ends of justice" continuance are "whether the failure to grant such a continuance . . . would deny counsel for the

defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(8)(B)(iv).  Here, the failure to grant a continuance would deny the defense the reasonable time necessary for effective preparation.  United States v. West, 828 F.2d 1468, 1469-1470 (10th Cir. 1987), citing United States v. Bradshaw, 787 F.2d 1385, 1392 (10th Cir. 1986); United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985); see also United States v. Lee, 729 F.2d 1142, 1144 (8th Cir. 1984).

    4.    Forcing Mr. Kebles' new counsel to prepare and try the case in one week would deprive Mr. Kebles of his constitutional right to due process as well as effective assistance of counsel under the Sixth Amendment to the U.S. Constitution.  "[T]he effective assistance of counsel encompasses a guarantee that defense counsel shall have sufficient time to prepare adequately for trial."  People v. Garcia, 690 P.2d 869, 874 (Colo. App. 1984), citing Powell v. Alabama, 287 U.S. 45, 53 (1932); People v. O'Neill, 523 P.2d 123 (Colo. 1974).

    5.    Mr. Corry does not object to an order that he retain discovery and tender it to new counsel as soon as new counsel enters an appearance and notifies Mr. Corry of same.

In conclusion, for the above reasons, the Court should permit Mr. Corry to withdraw as counsel for the defense, make an "ends of justice" finding under the Speedy Trial Act, vacate the current jury trial date of March 20, 2006, afford Mr. Kebles 90 days to retain new counsel, set a status conference 90 days from today

for Mr. Kebles' new counsel to enter an appearance, and order Mr. Corry to provide discovery to the new counsel when notified.

Date:  March 13, 2006                    Respectfully Submitted,

                                              s/ Robert J. Corry, Jr.
Robert J. Corry, Jr.
303 East 17th Ave., Suite 350
Denver, Colorado 80203
303-785-8585
Robert.Corry@comcast.net
Attorney for Michael Kebles

3

## Certificate of Service

I certify that on March 13, 2006, I served the above **UNOPPOSED MOTION TO WITHDRAW AS COUNSEL AND TO VACATE TRIAL DATE** and a **NOTICE TO CLIENT** by delivering a true and correct copy electronically to the following:

James Boma
email: james.boma@usdoj.gov

Michael Kebles
Email: yogaedge@msn.com
720-323-1112

_____