UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 03-CR-249-D

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL KEBLES,

      Defendant.
_____

**ORDER**
_____

      THIS MATTER came before the Court on a hearing on pending motions held on

Monday, March 13, 2006.  The Court heard argument and testimony on Defendant

Michael Kebles' Proffer re Duress Defense (# 231), filed January 20, 2006, and

Government's Amended Response to Defendant's Proffer re Duress Defense and

Motion *in Limine* to Preclude Defendant from Receiving Such a Jury Instruction as a

Matter of Law (# 234), filed February 6, 2006.  The Court also heard argument on the

Government's Motion *in Limine* re Defendant's Proposed Improper Impeachment of

Government Witness, Robert Wilson, Relating to Misdemeanor Offenses not Relating

to Dishonesty or False Statements (# 216), filed January 3, 2006, and Defendant's

Brief Regarding Admissibility of Prior Bad Acts of Government Informant Robert Wilson

(# 218), filed on January 4, 2006.

      To be entitled to a coercion or duress instruction, the defendant bears the

threshold burden to introduce sufficient evidence as to all elements of the coercion or

duress defense.  *United States v. Glass*, 128 F.3d 1398, 1409 (10th Cir. 1997); *United*

*States v. Scott*, 901 F.2d 871, 873 (10th Cir. 1990).  The elements of the defense are:

"(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that

the threat will be carried out, and (3) no reasonable opportunity to escape the

threatened harm."  *Scott*, 901 F.2d at 873.   "The evidence introduced must be

sufficient as to *all* elements of the coercion defense before the court will instruct the jury

as to such a defense."  *Id.* (citing *United States v. Bailey*, 444 U.S. 394, 415 (1980)).

"Consequently, a defendant who fails to present sufficient evidence to raise a triable

issue of fact concerning the absence of any reasonable opportunity to escape the

threatened harm is not entitled to an instruction on the defense of coercion."  *Id.*  For

the reasons stated on the record at the hearing, it is

ORDERED that Defendant did not meet his burden to demonstrate a threshold

showing of the three-prong test to allow the coercion or duress instruction to go to the

jury.  It is

FURTHER ORDERED that the Government's Motion *in Limine* to Preclude

Defendant from Receiving Such a Jury Instruction as a Matter of Law (# 234) is

**GRANTED**.  It is

FURTHER ORDERED that the Government's Motion *in Limine* re Defendant's

Proposed Improper Impeachment of Government Witness, Robert Wilson, Relating to

Misdemeanor Offenses not Relating to Dishonesty or False Statements (# 216) is

**GRANTED IN PART AND DENIED IN PART**.  It is

FURTHER ORDERED that no mention be made of the warrant and the resulting

arrest in opening statement.

Dated:  March 17, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge