IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 03-cr-000249-1-WYD

UNITED STATES OF AMERICA,
                      Plaintiff,

vs.

MICHAEL KEBLES
                      Defendant.

---

**DEFENDANT MICHAEL KEBLES'
REQUESTED VOIR DIRE QUESTIONS**

---

The defendant, Michael Kebles, by and through his attorney, John F. Sullivan, III, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, respectfully requests that the court include the attached questions in its general voir dire of jurors.

1. Each of you should state:

(a) your name;

(b) where you live;

(c) how long you have lived at this address;

(d) your marital status (whether married, single, widowed or divorced);

(e) the number and ages of your children, if any;

(f)(1) your occupation, its length, or previous employment;

(f)(2) your spouse's occupation, its length, or previous employment;

(g) the name of your present employer, if any;

(h) whether you have the authority to promote, hire or fire people;

(i) how many people you supervise;

(j) how far you went in school;

(k) what degree(s) you acquired.

2. Do you, or do any members of your family or friends know the Assistant United States Attorney, James Boma, who will be prosecuting this case?

3. Do you, or do any members of your family or friends know the defense attorney?

4. Do you know or recognize any other prospective jury panelist in the courtroom this morning? If so, what is the basis of the relationship? Would such relationship or acquaintance influence your judgment in this case?

5. Do you have any relatives or friends who are connected with:

(a) law enforcement;

(b) a district attorney's office;

(c) the United States Attorney's Office;

(d) any law enforcement or other quasi-law enforcement agency?

If you have any such relatives or friends connected with law enforcement, have you ever discussed the guilt or innocence of people charged with violating the law?

6. Have you ever been a police officer or military police officer or worked in a security field either for the state or national government or for private industry?

7. Do you or do any members of your family know any of the persons who are employed by the government who worked on this case and who will testify in court, and any other witnesses who will testify for the prosecution in this case?

8. Have any of you ever sat as a juror in a civil case? If so:

(a) when?

(b) where?

(c) how often?

9. Have any of you ever sat as a juror in a criminal case? If so:

(a) when?

(b) where?

(c) how often?

(d) did you reach a verdict?

(e) what was the verdict?

10. Have any of you ever served on a jury in a narcotics case? If so:

(a) when?

(b) where?

(c) what was the verdict?

11. Is there anything about the nature of a narcotics charge that would make it difficult for you to be fair and impartial as a judge of the facts?

12. Have any of you ever served on a federal or state grand jury? If so:

(a) when?

(b) where?

(c) how often?

13. Have any of you, any members of your family, or close personal friends ever testified in a civil or criminal trial or before a grand jury? If so, please explain.

14. Have any of you, any members of your immediate family, or friends known anyone who used or was addicted to drugs? If so, please state:

(a) who?

(b) what is their relationship to you?

(c) would that fact affect your judgment in this case?

15. What feelings do you have about drugs?  Would these feelings affect your judgment in this case?

16. Do you agree with the fact that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not proof and that no unfavorable inference may be drawn against a person merely because he or he is charged with a crime?

17. How do you feel about our basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt?  Would you have any difficulty applying this presumption?

18. Do you understand that the burden of proof beyond a reasonable doubt rests with the prosecution?  Would you require the prosecution to prove each and every element of an offense to a moral certainty and beyond a reasonable doubt?

19. If the prosecution failed in its burden of proof with that degree of moral certainty amounting to proof beyond a reasonable doubt, would you have any difficulty in finding a person not guilty?

20. Do you realize that you must give the defendant the benefit of the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt?

21. Knowing now that the burden of proof is for the prosecution to establish, would you require Mr. Kebles at any time to satisfy you as to his innocence?

22. Do you understand and accept the principle that a defendant in a criminal case is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution?

23. If Mr. Kebles chose to exercise his constitutional right not to testify, would you consider this to be any indication whatsoever of guilt?

24. If, after you hear the evidence, you thought that Mr. Kebles was probably guilty would you nevertheless be able to return a verdict of not guilty in this case?

25. Do you realize that you are the sole and exclusive judge of the facts and that you are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

26. Would any of you change your verdict if a majority of the other jurors believed that a person was guilty and you were in the minority?

27. Would the fact that you were in the minority influence your vote at all?

28. Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.

29. In deciding whether or not you are going to credit the testimony of a witness, would you consider the witness' conduct on the witness stand, the ability and opportunity to observe, any bias or prejudice, and the probability or improbability of the testimony including whether they are being paid by the government or are working off charges for the government?

30. Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of, or are testifying on behalf of the government? Would you give their testimony greater weight or

credibility over that of Mr. Kebles' or witnesses on his behalf?

31. This case involves a firearm. Is there anything about guns and firearms in your opinion that would prevent you from being fair to Mr. Kebles in this case?

32. Do we have your assurance that you will not allow your personal feelings about attorneys to affect your judgment about the innocence or guilt of Mr. Kebles?

Respectfully submitted this 20th day of May, 2007.

s/John Sullivan_____
John F. Sullivan, III
155 S. MADISON STREET, SUITE 209
DENVER, CO 80209
(303) 748-4343

**CERTIFICATE OF SERVICE**

I hereby certify that I have duly served this motion on the 20th day of May 2007 by ECF to:

Mr. James Boma, Esq.
james.boma@usdoj.gov

s/John Sullivan_____