IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  03-cr-00249-WYD-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  MICHAEL KEBLES,

      Defendant.

_____

**____GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**
_____


_____The United States of America, by and through its undersigned Assistant United

States Attorney for the District of Colorado, hereby respectfully submits its proposed

jury instructions and verdict form.

      Respectfully submitted this 21st day of May, 2007,

                  TROY A. EID
                  UNITED STATES ATTORNEY


                By: s/ James R. Boma_____
                  JAMES R. BOMA
                  Assistant U.S. Attorney
                  U.S. Attorney's Office
                  1225 17th St., Suite 700
                  Denver, CO  80202
                  Telephone:  (303) 454-0100
                  Fax:  (303) 454-0401
                  E-mail:  james.boma@usdoj.gov
                  Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2006, I electronically filed the foregoing **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

John F. Sullivan, III
jfslaw1@aol.com


*s/Diana L. Brown*
DIANA L. BROWN
Legal Assistant
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: 303-454-0358
Fax: 303-454-0401
E-mail:  diana.brown@usdoj.gov

**GOVERNMENT'S INSTRUCTION NO. 1**

<u>General Principles - General Introduction - Province of the Court and Jury</u>

MEMBERS OF THE JURY:

I will now instruct you concerning the law which you must apply in this case. You will not receive these instructions in writing. Also, it is not ordinarily proper for you to request that a single phrase or part of an instruction be read back to you during your deliberations. It is therefore important for you to pay careful attention to the instructions as I explain them to you now.

You have two main duties as jurors. The first is to decide what the facts are. The second is to follow the law stated in the instructions of the court, apply the law to the facts and decide if the Government has proved the defendant guilty beyond a reasonable doubt. All the instructions are important, and you are not to focus on one instruction alone. You must consider the instructions as a whole. This is the reason why you cannot ask me to repeat a single phrase or instruction after you begin to deliberate.

You are not to be concerned with the wisdom of any rule of law stated in these instructions. Even though you may have a different opinion as to what the law ought to be, it would be a violation of the oath which you have sworn as jurors to base your verdict on anything other than the law as presented in these instructions and the facts as you find them.

Counsel have referred to some of the governing rules of law in their arguments. There is nothing wrong with this, but jurors sometimes think they see a variance between counsel's statements and the court's instructions. If you think there is a

difference between what counsel said about the law and what the court is now telling you, you must heed what the court says.  The court - not the lawyers - decides what law you must apply.

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine what witnesses and what evidence to believe. You resolve conflicts in the testimony.  Nothing I have said during the trial was meant to influence your decision about the facts in any way.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. The court and the parties expect that you will carefully and impartially consider all of evidence, follow the law, and reach a just verdict, regardless of the consequences.

I have divided these instructions into several parts.  I will start by stating certain rules that you must always remember as you review the superseding indictment and consider the case.  I will next remind you once again what is evidence and what is not evidence in the case and tell you how the law requires you to view the evidence.  Third, I will give you certain instructions concerning one of your most important jobs - judging the credibility of witnesses.  Fourth, I will review the elements, or parts, of the crime that the defendant is accused of committing.  Last, I will explain the rules that you must follow in your deliberations.

COURT'S INSTRUCTION NO. 1.1

## GOVERNMENT'S INSTRUCTION NO.  2

Consideration of the Indictment

The superseding indictment in this case charges as follows:

## COUNT ONE

From at least January 14, 2003, through on or about May 28, 2003, in the State and District of Colorado, the defendants, **Michael Kebles** and **Teresa Kebles**, did unlawfully and knowingly or intentionally conspire, combine, confederate, cooperate and agree with other persons, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of  3,4-methylenedioxymethamphetamine (MDMA) (commonly known as "Ecstasy"), a controlled substance listed in Schedule I, Title 21, United States Code, Section 812, and the regulations enacted thereunder, **[and hereinafter referred to as "MDMA" or "Ecstasy"]**  in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about January 14, 2003, in the State and District of Colorado, the defendants, **Michael Kebles** and **Teresa Kebles**, did unlawfully and knowingly or intentionally distribute "MDMA" or "Ecstasy;" and did knowingly or intentionally aid and abet and cause the same.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

### COUNT THREE

On or about February 11, 2003, in the State and District of Colorado, the defendant, **Michael Kebles**, did unlawfully and knowingly or intentionally distribute "MDMA" or "Ecstasy," in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT FOUR

On or about April 2, 2003, in the State and District of Colorado, the defendant, **Michael Kebles**, did unlawfully and knowingly or intentionally distribute "MDMA" or "Ecstasy," in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT FIVE

On or about May 28, 2003, in the State and District of Colorado, the defendant, **Michael Kebles**, did unlawfully and knowingly or intentionally possess with intent to distribute "MDMA" or "Ecstasy," in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### COUNT SIX

On or about May 28, 2003, in the State and District of Colorado, the defendant, **Michael Kebles**, did knowingly possess a firearm, that is, one Colt, Trooper Mark III model, .357 caliber pistol,  in furtherance of a drug trafficking crime which is a felony prosecutable, in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Five of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

May 28, 2003, in the State and District of Colorado, the defendant, **Michael Kebles**, did

knowingly possess a firearm, that is, one Colt, Trooper Mark III model, .357 caliber

pistol,  in furtherance of a drug trafficking crime which is a felony prosecutable, in a

court of the United States, that is, a violation of Title 21, United States Code, Section

841(a)(1), as set forth in Count Five of this Indictment.

I will discuss the elements of the charges in detail in a few minutes.  Right now, I

simply want to state several general rules which you must constantly remember as you

consider these charges.

1.2.1  The defendant is only on trial for the particular charges alleged against

him in the indictment.  I instruct you that your job is to determine whether the

Government has proved beyond a reasonable doubt each precise charge in the

indictment.  If it has not proven each precise charge in the indictment, then you must

acquit the defendant on that charge, even if you think that the defendant did commit

some other act not charged in the indictment.

1.2.2  As I told you at the outset, the indictment itself is not any evidence

of guilt.  It does not even raise any suspicion of guilt.  It is nothing more than the formal

way that the Government tells a defendant, the court, and you what crime the

defendant is accused of committing.

COURT'S INSTRUCTION NO. 1.2

**GOVERNMENT'S INSTRUCTION NO. 3**

The Defense

I have now told you about the rules you should follow in reviewing the indictment. The defendant has pleaded "not guilty" to the charges contained in the indictment. This plea puts in issue each of the essential elements of each offense and imposes on the Government the burden of establishing each of these elements by proof beyond a reasonable doubt. As I indicated, I will discuss the elements of the offenses later in these instructions.

COURT'S INSTRUCTION NO. 1.4

**GOVERNMENT'S INSTRUCTION NO.  4**

**PRESUMPTION OF INNOCENCE - BURDEN OF PROOF - REASONABLE DOUBT**

The Government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The Government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

10th Circuit Pattern Jury Instruction Number 1.05 (2005)

**GOVERNMENT'S INSTRUCTION NO.  5**

Evidence & Categories of Evidence

That concludes my explanation of the general rules that you must constantly remember as you review the indictment and consider the case.  I will now reiterate what I told you at the beginning of the trial concerning what is - and what is not - evidence in the case.  I will also tell you how the law requires you to consider the evidence, and I will conclude my discussion of the evidence by talking about specific types of evidence.

COURT'S INSTRUCTION NO. 2.0

**GOVERNMENT'S INSTRUCTION NO.  6**

Questions Not Evidence

Statements, assertions, and arguments of the lawyers are not evidence in the case.  Neither are the lawyers' questions.  If a lawyer asks a witness a question which implies that the lawyer knows the answer or which contains an assertion of fact, you may not consider the implied assertion as evidence of that fact.  The lawyers' questions and statements are not evidence; the witnesses' answers are.  You should therefore focus on the witnesses' answers, not the lawyers' questions.

COURT'S INSTRUCTION NO. 2.1

**GOVERNMENT'S INSTRUCTION NO.  7**

Court's Questions to Witnesses; Court's Comments on Evidence

_____Similarly, my questions and comments are not evidence in the case.  The sole

purpose of such questions and comments is to assist the jury in finding the facts and

applying the law to those facts.  My comments are only expressions of the judge's

opinion as to the facts; and the jury may disregard them entirely, since the jurors are the

sole judges of the facts.  Please remember, however, to distinguish between the judge's

comments concerning the facts – which you may disregard – and the judge's

instructions concerning the law: the jury is duty-bound to follow the principles of law

stated in the judge's instructions.

COURT'S INSTRUCTION NO. 2.2

**GOVERNMENT'S INSTRUCTION NO.  8**

<u>Jury's Recollection Controls</u>

It follows from what I have just said about the lawyers' remarks that it is the jury's recollection of the evidence which is critical.  If the lawyers' recollection about the evidence differs from your own, you should rely on your own recollection and not on the statements of the lawyers.

COURT'S INSTRUCTION NO. 2.3

**GOVERNMENT'S INSTRUCTION NO.  9**

Evidence Received in the Case - Stipulations, Judicial Notice, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Nothing else is evidence.  Any proposed testimony or proposed exhibit to which an objection was sustained by the court must be entirely disregarded.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath as jurors not to let them influence your decision in any way.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.  I further instruct you that you should not try to gather any information about the case on your own while you are deliberating.  Do not conduct any experiments inside or outside the jury room.  Do not bring any books, like a dictionary, or anything else with you.  Do not conduct any independent research, reading, or investigation about the case, and do not visit any of the places mentioned during the trial.

You are to base your verdict only on the evidence received in the case.  In considering and discussing the evidence received, however, you are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience and common sense - remembering always that the facts and inferences you draw from them must convince you of guilt beyond a

reasonable doubt.  "Inferences," of course, are simply deductions or conclusions which

reason and common sense lead the jury to draw from the evidence received in the case.

COURT'S INSTRUCTION NO. 2.4

**GOVERNMENT'S INSTRUCTION NO.  10**

Stipulations

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

See O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Vol. 1A, Fifth Ediiton, 2000, § 12.03.

**GOVERNMENT'S INSTRUCTION NO. 11**

Judging the Evidence

I will summarize all of this by saying that, in your deliberations in this case, you are expected to use your good sense, considering the evidence in the case for only those purposes for which it has been admitted, and giving it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the accused is proved guilty beyond a reasonable doubt, say so.  If not so proved, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict of guilty upon anything other than the evidence in the case; and remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Remember also that the question before you can never be: Will the Government win or lose the case?  The Government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

COURT'S INSTRUCTION NO. 2.5

**GOVERNMENT'S INSTRUCTION NO. 12**

Direct Evidence - Circumstantial Evidence

I will now give you several additional rules which you should apply in considering the evidence.

There are two types of evidence from which you may find the truth as to the facts of a case - direct evidence and circumstantial evidence.

Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. If a witness testified that he saw it raining outside, and you believed him, you would have direct evidence that it was raining.

Circumstantial evidence is proof of a chain of facts and circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, this would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. If, after weighing all the evidence, you are not convinced of the guilt of a defendant beyond a reasonable doubt, you must find that defendant not guilty.

COURT'S INSTRUCTION NO. 2.6

**GOVERNMENT'S INSTRUCTION NO. 13**

<u>Number of Witnesses</u>

Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified for or against a certain fact or issue.  What is more important is how believable each witness was and how much weight you think the various witnesses' testimony deserves. Concentrate on that, not the numbers.  You are perfectly free to find that something is true if you believe and give great weight to the word of a witness who said it was true, even though a greater number of witnesses may have testified to the contrary.

COURT'S INSTRUCTION NO. 2.7

**GOVERNMENT'S INSTRUCTION NO.  14**

<u>All Available Evidence Need Not Be Produced</u>

_____The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

However, in judging the credibility of the witnesses who have testified, and in considering the weight and effect of all evidence that has been produced, the jury may consider the prosecution's failure to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

Please remember that you cannot apply this rule to a defendant, because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  No adverse inferences may be drawn from the fact that defendant does not call a particular witness or produce particular evidence.

COURT'S INSTRUCTION NO. 2.8

**GOVERNMENT'S INSTRUCTION NO. 15**

Opinion Evidence – Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify about their personal opinions.  Any person whom the court has qualified as an "expert witness" is an exception to this rule.  The law allows such witnesses to state their opinion concerning matters in which they profess to be expert, and it also allows them to state their reasons for the opinion.

The fact that the court has qualified any person an "expert witness" does not mean that the court is endorsing or approving that person's testimony.  Nor does it mean that you should automatically believe such a witness or that you should give the person's testimony extraordinary weight in your deliberations.  It means only that the court thinks such testimony *might* be helpful to you.  Judgments concerning any expert's credibility and the weight of the expert's testimony must still be made by you alone.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion.

COURT'S INSTRUCTION NO. 2.11

**GOVERNMENT'S INSTRUCTION NO.  16**

<u>Credibility</u>

I will now give you certain instructions concerning one of your most important jobs - judging the credibility of witnesses.  I will first give you some general suggestions; then I will talk about several specific rules which you can apply in deciding whether to believe certain categories of witnesses or evidence.

COURT'S INSTRUCTION NO. 3.0

**GOVERNMENT'S INSTRUCTION NO.  17**

<u>Credibility of Witnesses - Discrepancies in Testimony</u>

It must be clear to you by now that you are being asked to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In resolving factual disputes, you will need to decide what evidence to believe.  You, as jurors, are the sole judges of the believability of the witnesses and the weight their testimony deserves.

In deciding what to believe, remember that differing versions of an event do not always mean that someone must be lying about the event.  People sometimes honestly see and hear things differently, depending on their viewpoint.  Some people simply have better memories than others.  One person may honestly recall a once-forgotten event if his or her memory is jogged in some way.  A truthful witness may be nervous and seem to contradict himself or herself.  In weighing a witness's version of a disputed event, you should ask yourselves whether the witness has failed to observe or recall matters of importance, which one might expect the witness to recall, or whether the witness has overlooked or forgotten insignificant details.  You should also ask yourselves whether the witness's version is a product of the sorts of innocent errors which I just mentioned, or whether it results from intentional falsehood.

If you are satisfied that a witness has knowingly given false testimony concerning one fact or event, you have a right to conclude that the witness may have lied concerning other facts or events as well.  You may therefore reject that witness's testimony entirely or you may accept whatever part you deem worthy of belief.  A person knowingly gives false testimony when that person gives testimony which he or she knows to be untrue, voluntarily and intentionally, and not because of mistake, accident, or other innocent reason.

In the fact of vastly different pictures painted by the parties, how can you determine where the truth lies?  I suggest that you ask yourselves the following questions:

(1)     How well was the witness able to see, hear, or know the things about which that witness testified?

(2)     How well was the witness able to recall and describe those things?

(3)     Was the witness's testimony about an event contradicted?  Was it contradicted by what the witness had said or done before he or she testified?  Was it contradicted by the testimony of other witnesses or evidence which strikes you as persuasive?

(4)     Did the witness have an interest in the outcome of this case or the event about which the witness testified?  Did the witness have a bias or prejudice concerning any party or any matter involved in the case?  Did the witness have a motive to see or recall an event in a certain way?

(5)     What was the witness's state of mind, demeanor, and manner on the witness stand?  Did he or she strike you as frank, forthright, and candid?  Was the witness evasive and edgy, as if hiding something?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.

(6)     In light of all the evidence in the case and your own common sense, how probable or improbable was the witness's testimony?

These are simply some considerations which may help you determine the accuracy of what each witness said.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  After making your own judgment, you will give the testimony of each witness such weight, if

any, as you may think it deserves.  In making this judgment, you are perfectly free to

believe all of what a witness said, part of it, or none of it.

COURT'S INSTRUCTION NO. 3.1

**GOVERNMENT'S INSTRUCTION NO. 18**

<u>Credibility of Accused as Witness</u>

_____A defendant who wishes to testify is a competent witness; and the defendant's

testimony is to be judged in the same way as that of any other witness.

COURT'S INSTRUCTION NO. 3.3

**GOVERNMENT'S INSTRUCTION NO. 19**

Particular Crimes

_____I am now at that part of the instructions where I will review the elements of the crimes that the defendant is accused of committing.  This part of the instructions should answer your questions concerning what it is that the Government must prove beyond a reasonable doubt.

As I go through the elements of each crime, you will see that a common element of all these crimes is that defendant act with a specified bad state of mind.  This is a critical element of each crime, for the law does not usually punish acts which are done mistakenly or even carelessly.  Because of its importance, I will discuss this "state of mind" element separately, after I have explained all other elements of the various charges.

COURT'S INSTRUCTION NO. 4.0

**GOVERNMENT'S INSTRUCTION NO.  20**

The Indictment Is Not Evidence

An indictment is but a formal method used by the Government to accuse  a defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crimes charged.  Even though this indictment has been returned against the defendant, the defendant begin this trial with absolutely no evidence against him.

The defendant has pleaded "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Fifth Edition, 2000, § 13.04

**GOVERNMENT'S INSTRUCTION NO. 21**

Consider Only the Offense Charged

  The defendant is not on trial for any act or any conduct not specifically charged

in the indictment.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, Fifth Edition, 2000,
§ 12.09.

**GOVERNMENT'S INSTRUCTION NO. 22**

<u>Consider Each Count and Each Defendant Separately</u>

A separate crime is alleged against the defendant in each count of the indictment.  Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury.  The fact that you find the defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against that defendant.

You must give separate and individual consideration to each charge against the defendant.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, Fifth Edition, Vol. 1A, 2000, § 12.13

## GOVERNMENT'S INSTRUCTION NO.  23

<u>Conspiracy--Basic Elements--Agreement Explained--Defendant's Connection--</u>
<u>Uncharged, Unnamed, Untried Coconspirators</u>

Count One of the superseding indictment charges that from at least January 14, 2003, through on or about May 28, 2003, in the State and District of Colorado, the defendant, **Michael Kebles,**  and **Teresa Kebles**, did unlawfully and knowingly or intentionally conspire, combine, confederate, cooperate and agree with other persons, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of  3,4-methylenedioxymethamphetamine (MDMA) (commonly known as "Ecstasy"), a controlled substance listed in Schedule I, Title 21, United States Code, Section 812, and the regulations enacted thereunder, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), all in further violation of Section 846.

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of a conspiracy, the Government must prove four elements beyond a reasonable doubt.[1]

    (1)    That two or more persons conspired or agreed to possess with intent to distribute MDMA, commonly known as "Ecstasy;

    (2)    That the defendant knew at least the essential objectives of the conspiracy;

    (3)    That the defendant knowingly and voluntarily became a part of it; and

---

[1]<u>United States v. Carter</u>, 130 F.3d 1432, 1439 (10th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1144 (1998).

(4)      That the alleged coconspirators were interdependent.[2]

Now, some of the persons who may have been involved in the alleged events in this case are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be named, charged, prosecuted, or tried together in one proceeding.[3]

With regard to the first element--a criminal agreement--the law does not require proof of any formal agreement, written or spoken.  Nor does the law require proof that everyone involved agreed on all the details.  The Government must prove there was a mutual understanding, either spoken or unspoken, between two or more persons, to cooperate with each other to commit the underlying substantive offense that is the objective of the conspiracy.[4]

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.[5]  It is up to the Government to convince you that such facts and circumstances existed in this particular case.

If you are convinced that there was a criminal agreement between two or more persons, then you must decide whether the Government has proved the defendant knowingly and voluntarily joined that agreement.

---

[2]In a conspiracy charged under 21 U.S.C. § 846, **no overt acts need be alleged; no instructions regarding overt acts need be given**.  United States v. Shabani, 513 U.S. 10 (1994); United States v. Johnston, 146 F.3d 785, 789 (10th Cir. 1998), cert. denied, 525 U.S. 1008 (1999).

[3]Adapted from Pattern Criminal Jury Instructions, Sixth Circuit (1991 Edition), § 3.06.

[4]Adapted from Pattern Criminal Jury Instructions, Sixth Circuit (1991 Edition), § 3.02.

[5]United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997), cert. denied, 523 U.S. 1144 (1998); United States v. Evans, 970 F.2d 663 (10th Cir. 1992), cert.denied, 507 U.S. 922 (1993).

To convict the defendant, the Government must prove that he or she knew the conspiracy's main purpose and that he or she voluntarily joined it intending to help advance or achieve its goals.[6]

The law does not require proof that a defendant knew everything about the conspiracy, or knew the identities of everyone else involved, or that he or she was a member of it from the very beginning.  One who knowingly and intentionally joins a conspiracy takes on the same level of culpability as an originator of the conspiracy.[7]

Interdependence exists where each coconspirator's activities constitute essential and integral steps toward the realization of a common, illicit goal.[8]  Each alleged coconspirator's actions must facilitate the endeavors of other coconspirators or facilitate the venture as a whole.[9]

To avoid responsibility for the results of the conspiracy beyond a certain point in time, the defendant bears the burden of showing withdrawal from the conspiracy once it has been shown that he or she participated in it.[10]  The defendant must show that he or she took affirmative action to defeat or disavow the purpose of the conspiracy at some

---

[6]Adapted from Pattern Criminal Jury instructions, Sixth Circuit (1991 Edition), § 3.03.

[7]During the existence of a conspiracy, each member of the conspiracy is legally responsible for the crimes of fellow conspirators committed in furtherance of the conspiracy.  United States v. Cherry, 217 F.3d 811, 817 (10th Cir. 2000).  A conspirator is only liable for the acts of coconspirators until the conspiracy has accomplished its goals or that conspirator withdraws.  Id.

[8]United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997), cert. denied, 523 U.S. 1144 (1998).

[9]United States v. Evans, 970 F.2d 663 (10th Cir. 1992), cert. denied, 507 U.S. 922 (1993).

[10]See United States v. Fox, 902 F.2d 1508 (10th Cir.), cert. denied, 498 U.S. 874 (1990).

point.[11]  The mere arrest of one or more coconspirators does not necessarily terminate the conspiracy.[12]  To be effective, a withdrawal must be complete and permanent; a partial or temporary withdrawal is not enough.[13]

The law does not require proof that a defendant played a major role in the conspiracy, or that his or her connection to it was substantial.  A slight role or connection may be enough.[14]

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not reject it.  These are all things that you may consider in deciding whether the Government has proved that a defendant joined a conspiracy, but without more they are not enough.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also a person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

A defendant's knowledge and intentions may be proved directly or indirectly like other facts in the case.  Indirect proof would be proof by facts and circumstances which

_____

[11]United States v. Cherry, 217 F.3d 811, 817 (10th Cir. 2000).

[12]United States v. Melton, 131 F3d 1400, 1405 (10th Cir. 1997); see Cleaver v. United States, 238 F.2d 766, 769 (10th Cir. 1956).

[13]Adapted from Pattern Criminal Jury Instructions, Sixth Circuit (1991 Edition), § 3.11A.

[14]United States v. Anderson, 189 F.3d 1201, 1207 (10th Cir. 1999)(slight connection must be proven beyond a reasonable doubt).

lead to a conclusion that he or she knew the conspiracy's main purpose.  But, once

again, the burden is on the Government to prove such facts and circumstances existed

in this particular case.

## GOVERNMENT'S  INSTRUCTION NO.  24

<u>Distribution of A Controlled Substance and Possession With Intent to Distribute a
Controlled Substance- Elements of the Offense</u>

Count Two of the superseding indictment charges that on or about January 21, 2003, within the State and District of Colorado, Defendant Michael Kebles knowingly distributed a quantity of MDMA or Ecstasy, or that he aided and abetted the commission of that offense.  I will explain the concept of aiding and abetting shortly in another instruction.

Count Three of the superseding indictment charges that on or about February 11, 2003, within the State and District of Colorado, Defendant Michael Kebles knowingly distributed a quantity of MDMA or Ecstasy.

Count Four of the superseding indictment charges that on or about April 2, 2003, Defendant Michael Kebles knowingly distributed a quantity of MDMA or Ecstasy.

Count Five of the superseding indictment charges that on or about May 28, 2003, within the State and District of Colorado, Defendant Michael Kebles knowingly possessed with intent to distribute a quantity of MDMA or Ecstasy.

Count Six of the superseding indictment charges that on or about May 28, 2003, within the State and District of Colorado, Defendant Michael Kebles knowingly possessed a firearm, that is, one Colt, Trooper Mark III model, .357 caliber pistol,  in furtherance of a drug trafficking crime which is a felony prosecutable, in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Five of this Indictment, all in further violation of Title 18, United States Code, Section 924(c)(1)(A).

Title 21, United States Code, Section 841(a)(1) makes it a crime for anyone to knowingly or intentionally distribute a controlled substance, or to possess with intent to distribute a controlled substance.

3,4-methylenedioxymethamphetamine or MDMA, commonly known as "Ecstasy," is a controlled substance within the meaning of the law.

The elements of the crime of distribution of a controlled substance are:

1.  that a person knowingly and intentionally distributed a controlled substance;

2.  and that at the time of the distribution the person knew that the substance distributed was a controlled substance.

The elements of possession of a controlled substance with the intent to distribute that substance are:

1.  that the defendant possessed a controlled substance;

2.  that the defendant knew the substance was a controlled substance;

3.  that the defendant intended to distribute the controlled substance.

It does not matter whether the defendant knew the substance was MDMA or "Ecstasy."  It is sufficient that the defendant knew it was some kind of prohibited drug.

Title 21, United States Code, Section 841(a)(1); see O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Fifth Edition,  Vol. 2B, 2000 §§ 64.03, 64.05, 64.07; see also United States v. Johnson, 130 F.3d 1420, 1428 (10th Cir. 1997), cert. denied, 525 U.S. 829 (1998); Pattern Jury Instructions, Fifth Circuit, Instr. No. 2.87 (West 2001); and Federal Jury Instructions, Seventh Circuit, p. 379 (West 1999).

**GOVERNMENT'S INSTRUCTION NO. 25**

<u>"A Controlled Substance" — Defined</u>

You are instructed, as a matter of law, that

3,4-methylenedioxymethamphetamine or MDMA, commonly known as "Ecstasy," is a

controlled substance.

It is solely for the jury, however, to determine whether or not the Government.

has proven beyond a reasonable doubt that the defendant possessed with intent to

distribute, distributed, or conspired to distribute or possess with intent to distribute any

such mixtures or substances which contained MDMA or "Ecstasy."

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, Fifth Edition, 2000,
§ 64.13

**GOVERNMENT'S  INSTRUCTION NO. 26**

<u>"To Possess" — Defined</u>

The term "to possess" as used in Counts One, Five and Six of the Superseding Indictment means to exercise control or authority over something at a given time. There are several types of possession–constructive, sole, and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something.  The "possession" is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively which is called sole possession or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, Fifth Edition, Vol. 2B, 2000, § 64.08

**GOVERNMENT'S  INSTRUCTION NO. 27**

<u>"To Distribute" — Defined</u>

The word "distribute" means to deliver a controlled substance.  "Deliver" is defined as the actual, constructive or attempted transfer of a controlled substance. Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, narcotics or controlled substances.

For example, if A tells or orders B to hand over the drugs to C, then A has caused the drugs to be handed over, and therefore has distributed them.

Distribution does not require a sale.  Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution.  In short, distribution requires a concrete involvement in the transfer of the drugs.

3 L. Sand, et al. <u>Modern Federal Jury Instructions</u> ¶ 56.01 (Instruction No. 56-10) (2002).

**GOVERNMENT'S INSTRUCTION NO. 28**

Actual or Exact Amount of Controlled Substance Need Not Be Proven

The evidence received in this case need not prove the actual amount of the controlled substance that was part of the alleged transaction or the exact amount of the controlled substance alleged in the indictment possessed with intent to be distributed by the defendant.

The Government. must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally possessed with intent to be distributed or distributed by the defendant.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Fifth Edition, 2000, § 64.14

**GOVERNMENT'S  INSTRUCTION NO. 29**

<u>"To Distribute" — Defined</u>

The word "distribute" means to deliver a narcotic.  "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic.  Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, narcotics.

For example, if A tells or orders B to hand over the drugs to C, then A has caused the drugs to be handed over, and therefore has distributed them.

Distribution does not require a sale.  Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution.  In short, distribution requires a concrete involvement in the transfer of the drugs.

3 L. Sand, et al. <u>Modern Federal Jury Instructions</u> ¶ 56.01 (Instruction No. 56-10) (2002).

## GOVERNMENT'S INSTRUCTION NO.   30

Actual or Exact Amount of Controlled Substance Need Not Be Proven

The evidence received in this case need not prove the actual amount of the controlled substances that were part of the alleged transaction or the exact amount of the controlled substances alleged in the superseding indictment to be possessed with intent to be distributed by the defendant.

The Government. must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally possessed with intent to be distributed or distributed by the defendant.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Fifth Edition, 2000, § 64.14

**GOVERNMENT'S INSTRUCTION NO. 31**

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG
TRAFFICKING CRIME OR CRIME OF VIOLENCE 18 U.S.C. § 924(c)(1)**

The defendant is charged in Count Six of the superseding indictment with a
violation of Title 18, United States Code, Section 924(c)(1).

This law makes it a crime to possess a firearm in furtherance of a drug trafficking
crime.

To find the defendant guilty of this crime you must be convinced that the
Government has proved each of the following beyond a reasonable doubt:

*First*:  the defendant committed the crime of Possession with Intent to Distribute
MDMA or "Ecstasy" as charged in Count Five of the superseding indictment, which is
a drug trafficking crime;

*Second*:  the defendant possessed a firearm in furtherance of this crime.

The term "firearm" means any weapon which will, or is designed to, or may
readily be converted to expel a projectile by the action of an explosive. The term
"firearm" also includes the frame or receiver of any such weapon, or any firearm muffler
or firearm silencer, or destructive device. The Government is not required to show that
the defendant knew that the firearm was capable of expelling a projectile by means of
an explosive.

Possession "in furtherance of" means for the purpose of assisting in, promoting,
accomplishing, advancing, or achieving the goal or objective of the underlying offense.

Mere presence of a firearm at the scene is not enough to find possession in
furtherance of a drug trafficking crime, because the firearm's presence may be

coincidental or entirely unrelated to the underlying crime. Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1.  the type of criminal activity that is being conducted;

2.  accessibility of the firearm;

3.  the type of firearm;

4.  whether the firearm is stolen;

5.  the status of the possession (legitimate or illegal);

6.  whether the firearm is loaded;

7.  the time and circumstances under which the firearm is found; and

8.  the proximity to drugs or drug profits.

10th Cir. Pattern Jury Instruction 2.45.1 (2005)

This instruction applies when the indictment charges "possession" of a firearm "in furtherance of" a drug trafficking crime or crime of violence. It must *not* be used when the indictment charges using or carrying a firearm "during and in relation to" a drug trafficking crime or a crime of violence. United States v. Avery, 295 F.3d 1158, 1172-77 (10th Cir. 2002).  Instead, use Instruction 2.45. (**Modified** to include language that the "The Government is not required to show that the defendant knew that the firearm was capable of expelling a projectile by means of an explosive." *Avery*, *supra*. )

The definition of possession "in furtherance of" is taken from United States v. Basham, 268 F.3d 1199, 1206-08 (10th Cir. 2001).

## GOVERNMENT'S INSTRUCTION NO. 32

Aiding and Abetting--Explained

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the Government. prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order for you to find a defendant guilty of aiding and abetting the commission of the crime charged in Count Two of the superseding indictment, the Government. must prove beyond a reasonable doubt that a defendant

One, knew that the crime charged was to be committed or was being committed;

Two, knowingly did some act for the purpose of aiding the commission of that crime; and

Three, acted with the intention of causing that crime to be committed.

Before a defendant may be found guilty as an aider or an abettor to the crime, the Government. must also prove, beyond a reasonable doubt, that someone

committed each of the essential elements of the offense charged as detailed for you in Instruction No. _____.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The Government. must prove that a defendant knowingly and deliberately associated himself with the crime in some way as a participant – someone who wanted the crime to be committed – not as a mere spectator.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, Fifth Edition, 2000, §18.01

**GOVERNMENT'S INSTRUCTION NO.   33**

"On or About" – Explained

The indictment charges that the offenses were committed "on or about" a certain date.

Although it is necessary for the Government. to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the Government. to prove that the offenses were committed precisely on the dates charged.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, Fifth Edition, 2000, § 13.05

**GOVERNMENT'S INSTRUCTION NO. 34**

<u>Requisite State of Mind</u>

You will note that I have referred at several points to a requirement that defendant act "knowingly," or with "knowledge" or "wilfully."  This requirement refers to the state of mind which accompanied defendant's acts.  This is a critical requirement, for our system of justice does not ordinarily criminalize acts which are simple mistakes or even those which are careless; there must be something more than carelessness or mistake.  I will now define what I mean by such terms.

COURT'S INSTRUCTION NO. 5.0

**GOVERNMENT'S INSTRUCTION NO. 35**

"Knowingly" -- Defined

The term "knowingly", as used in these instructions to describe the alleged state of mind of the defendant, means that the defendant was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident, or carelessness.  In Count Six of the Superseding Indictment, you will note that the required state of mind is only "knowingly" and not also "intentionally" and "willfully" as required in Counts One through Five of the Superseding Indictment.

COURT'S INSTRUCTION NO. 5.1; see O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Fifth Edition, 2000, § 17.04 (Modified for the general intent violation of 18 U.S.C. §924(c)(1)(A) alleged in Count Six of the Superseding Indictment, as opposed to specific intent required for Counts One through Five of the Superseding Indictment.)

**GOVERNMENT'S INSTRUCTION NO. 36**

Definition of "Intentionally"

The terms "intentionally" or "willfully," where I have used these terms in these instructions, mean deliberately and purposely.  That is, a defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

COURT'S INSTRUCTION NO. 5.2; see 1 L. Sand, et al., Modern Federal Jury Instructions ¶ 3A.01 (Instruction No. 3A-4) (1996).

**GOVERNMENT'S INSTRUCTION NO. 37**

Definition of Intentionally

The Government must prove beyond a reasonable doubt that the defendant

acted intentionally when he committed the offenses charged in Counts One through

Five of the superseding indictment.  Before you can find that the defendant acted

intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted

deliberately and purposefully.  That is, the defendant's acts must have been the product

of the defendant's conscious objective rather than the product of a mistake or accident.

1 L. Sand, et al. Modern Federal Jury Instructions ¶ 3A.01 (Instruction No. 3A-4)
(2002).

**GOVERNMENT'S INSTRUCTION NO.  38**

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and  all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

COURT'S INSTRUCTION NO. 5.3; see O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Fifth Edition, 2000, § 17.07

Page 53 of  62

**GOVERNMENT'S INSTRUCTION NO.  39**

Motive

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct.  These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

COURT'S INSTRUCTION NO. 5.4; see O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Fifth Edition, 2000, § 17.06

## GOVERNMENT'S INSTRUCTION NO. 40

Effect of the Defendant's Failure to Testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, Fifth Edition, 2000, § 15.14

**GOVERNMENT'S INSTRUCTION NO. 41**

Jury Deliberations

Before concluding these instructions, I will give you certain rules which you must

follow while you are deliberating.

COURT'S INSTRUCTION NO. 6.0

Page 56 of 62

**GOVERNMENT'S INSTRUCTION NO. 42**

Verdict - Unanimous - Duty to Deliberate

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

COURT'S INSTRUCTION NO. 6.1

**GOVERNMENT'S INSTRUCTION NO.  43**

Election of Foreperson - General Verdict

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A form of the verdict has been prepared for your convenience.

[Form of verdict read.]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

COURT'S INSTRUCTION NO. 6.2

**GOVERNMENT'S INSTRUCTION NO.  44**

Verdict Form - Jury's Responsibility

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

COURT'S INSTRUCTION NO. 6.3

**GOVERNMENT'S INSTRUCTION NO. 45**

<u>Communications Between Court and Jury During Jury's Deliberations</u>

If it becomes necessary during your deliberations to communicate with the court, you may write a note, have your foreperson sign the note, and deliver the note to the bailiff with the request that he deliver it to the court.  If, for some reason, your foreperson will not sign the note, then one or more other members of the jury may sign the note.  No member of the jury should ever attempt to communicate with the court by any means other than a signed writing.  Similarly, the court will and must always communicate with members of the jury only in writing, or orally here in open court.  If you do find it necessary to send the court a note during your deliberations, please understand that I will not usually be able to respond right away.  I must consider your note, allow the lawyers and parties to be heard concerning the proper response, and then draft a written response.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person - not even to the court - how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

COURT'S INSTRUCTION NO. 6.4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  03-cr-00249-1-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

1.  MICHAEL KEBLES,

      Defendant.

_____

_____

**VERDICT FORM**

_____

**<u>COUNT ONE</u>**

    We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

KEBLES, as to Count One of the Superseding Indictment:

        \_\_\_\_\_  Not Guilty

        \_\_\_\_\_  Guilty

**<u>COUNT TWO</u>**

    We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

KEBLES, as to Count Two of the Superseding Indictment:

        \_\_\_\_\_  Not Guilty

        \_\_\_\_\_  Guilty

## COUNT THREE

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

KEBLES, as to Count Three of the Superseding Indictment:

\_\_\_\_\_   Not Guilty

\_\_\_\_\_   Guilty

## COUNT FOUR

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

KEBLES, as to Count Four of the Superseding Indictment:

\_\_\_\_\_   Not Guilty

\_\_\_\_\_   Guilty

## COUNT FIVE

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

KEBLES, as to Count Five of the Superseding Indictment:

\_\_\_\_\_   Not Guilty

\_\_\_\_\_   Guilty

## COUNT SIX

We, the jury, upon our oaths, unanimously find the defendant, MICHAEL

KEBLES, as to Count Six of the Superseding Indictment:

\_\_\_\_\_   Not Guilty

\_\_\_\_\_   Guilty

Dated this \_\_\_\_\_ of _____, 2007

_____
Foreperson