IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 03-cr-000249-1-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

MICHAEL KEBLES

      Defendant.

---

**DEFENDANT MICHAEL KEBLES'
PROPOSED JURY INSTRUCTIONS**

---

  The Defendant, by and through counsel, John F. Sullivan, III, of the Law Office of John F. Sullivan, III, PC, respectfully submits the following jury instructions:

Respectfully submitted this 21st day of May, 2007.

            s/John Sullivan
            John F. Sullivan, III
            155 S. MADISON STREET, SUITE 209
            DENVER, CO 80209
            (303) 748-4343

         **CERTIFICATE OF SERVICE**

I hereby certify that I have duly served this trial document on the 21st day of May 2007 by ECF upon:

Mr. James Boma, Esq.
james.boma@usdoj.gov

            s/John Sullivan

**Defendant's Instruction "A"**

**IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER**

You have heard the testimony of Bob Wilson, who was a witness in the government's case. You also heard testimony from others concerning their opinion about his character for truth-telling. It is up to you to decide from what you heard here whether Bob Wilson was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning his reputation for truthfulness.

*Tenth Circuit Pattern Instruction 1.09.1*

**Defendant's Instruction "B"**

**EVIDENCE OF GOOD CHARACTER**

The defendant has offered evidence of his reputation for good character. You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

*Tenth Circuit Pattern Instruction 1.09*

**Defendant's Instruction "C"**

**INFORMANT**

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against the defendant.

You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

*Tenth Circuit Pattern Instruction 1.14*

**Defendant's Instruction "D"**

**WITNESS'S USE OF ADDICTIVE DRUGS**

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

Bob Wilson may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

*Tenth Circuit Pattern Instruction 1.16*

**Defendant's Instruction "E"**

**ENTRAPMENT**

As a defense to the crimes charged in the indictment, the defendant has asserted that he was entrapped.

The defendant was entrapped if

-the idea for committing the crime originated with government agents, and

-the government agents then persuaded or talked the defendant into committing the crime, and

-the defendant was not already willing to commit the crime.

When a person has no previous intent or purpose to violate the law, but is induced or persuaded by officers or agents to commit a crime, he is entrapped and the law, as a matter of policy, forbids his conviction in such a case. On the other hand, when a person already has the readiness and willingness to violate the law, and the officers or agents merely provide him with an opportunity to commit the crime and do so even by disguise or ruse, there is no entrapment.

In order to return a verdict of guilty as to Michael Kebles for the crimes charged, you must find beyond a reasonable doubt that the defendant was not entrapped.

For purposes of this case, Bob Wilson, the informant, was an agent of the law enforcement officers.

*Tenth Circuit Pattern Instruction 1.27*

**Defendant's Instruction "F"**

**POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME 18 U.S.C. § 924(C)(1)**

The defendant is charged in count six with a violation of 18 U.S.C. section 924(c)(1).

This law makes it a crime to possess a firearm in furtherance of a drug trafficking crime.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant committed the crime of possession with intent to distribute MDMA or "ecstasy" as charged in count six of the indictment, which is a drug trafficking crime;

*Second*: the defendant possessed a firearm in furtherance of this crime.

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. the status of the possession (legitimate or illegal);

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

       8. proximity to drugs or drug profits.

*Tenth Circuit Pattern Instruction 2.45.1*