IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  03-cr-00249-WYD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL KEBLES,

    Defendant.

_____

### STIPULATION OF THE PARTIES REGARDING CONTROLLED SUBSTANCES
_____

THE UNITED STATES OF AMERICA, by and through its undersigned Assistant U.S. Attorney for the District of Colorado, and the defendant, Michael Kebles, by and through his counsel of record, John F. Sullivan III, hereby stipulate and agree to the following:

1.    Government Exhibits 1 through 6 were submitted to the U.S. Drug Enforcement Administration's (DEA) Western Regional Laboratory in San Francisco, California, where they were analyzed by Forensic Chemist Lionel Tucker.

2.    That, if called as a Government witness at trial, Forensic Chemist Lionel Tucker would testify:

    (A)    That, although since retired, he was employed at the time his analyses took place as a Forensic Chemist with DEA's Western Laboratory in San Francisco, California.

    (B)    That he received a Bachelor's of Science Degree in Chemistry from Xavier University of Louisiana in 1961 and completed three semesters toward a Master's Degree in Chemistry from the University of the Pacific, Stockton, California, from 1961 to 1963.

(C) That he worked for the U.S. Food and Drug Administration (FDA) as a chemist from 1963 to 1968. From 1968 to 1971, he worked as a forensic chemist for the California Bureau of Narcotics Enforcement. From 1971 through his retirement approximately two years ago, he was employed as a Forensic Chemist with DEA's Western Regional Laboratory in San Francisco, California.

(D) That he received additional technical training in Advanced Drug Analysis for one year, and short courses in other technical areas used in the field of forensic chemistry to identify drugs.

(E) That he has been qualified as an expert witness in the field of forensic chemistry in Federal Courts in Colorado, California, Washington, Oregon, Nevada, Hawaii, Utah and Wyoming. Additionally, he has qualified as an expert in this field in state and local courts in California, Washington, Nevada and Oregon.

3. That, if called as a Government witness at trial, Forensic Chemist Tucker would further testify that following his forensic chemical examination of the referenced exhibits, he made the following findings:

(A) That Government Exhibit 1 (DEA Exhibit 6: 100 tablets) was, in fact, **25.6 grams of a mixture and substance containing 3,4-Methylenedioxymethamphetamine hydrochloride, hereinafter referred to as MDMA.**

(B) That Government Exhibit 2 (DEA Exhibit 9: 301 tablets) was, in fact, **77.2 grams of a mixture and substance containing MDMA.**

(C) That Government Exhibit 3 (DEA Exhibit 13: 200 tablets) was, in fact, **51.3 grams of a mixture and substance containing MDMA.**

(D)   That Government Exhibit 4 (DEA Exhibit 21: 70 tablets ) was, in fact, **17.9 grams of a mixture and substance containing MDMA.**

(E)   That Government Exhibit 5 (DEA Exhibits 22.01 through 22.06) was, in fact, **16.6 grams of a mixture and substance containing MDMA , 3.4 grams of Marihuana,** 24 grams of a substance in which no controlled substances were found, and **.51 gram (1 tablet) of hydrocodone,** a controlled substance.

(F)   That Government Exhibit 6 (DEA Exhibits 24.01 through 24.04) was, in fact, **2.48 grams of marihuana and marihuana residue, and that marihuana is a Schedule I controlled substance.**

(G)   That small quantities of the controlled substances listed above were destroyed during the conduct of chemical testing and some of the MDMA tablets were ground into powder at the laboratory in order to conduct chemical testing.  Further, after weighing and testing had been completed, 85 MDMA tablets from various exhibits were retained by the laboratory for special studies of MDMA being conducted by the DEA.  And,

(H)   That within the meaning of the federal drug laws, MDMA is a controlled substance listed in Schedule I, Title 21, United States Code, Section 812, and the regulations enacted thereunder.

4.   Finally, the Government and this defendant stipulate that Government Exhibits 1 through 6 (DEA Exhibits 6, 9, 13, 21, 22 and 24), have been in the continuous care, custody, and control of government agents, government officers, and government laboratory employees from the dates of their purchase or seizure in this case, through the date of their introduction as exhibits in this trial.

        Respectfully submitted,

        TROY A. EID
        UNITED STATES ATTORNEY

Date: _____   _____
        JAMES R. BOMA
        ASSISTANT UNITED STATES ATTORNEY

Date: _____   _____
        JOHN F. SULLIVAN III, ESQUIRE
        ATTORNEY FOR MICHAEL KEBLES

Date: _____   _____
        MICHAEL KEBLES
        DEFENDANT