IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 03-cr-00249-WYD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL KEBLES,

    Defendant.

---

**GOVERNMENT'S PROPOSED ALTERNATIVE ENTRAPMENT
INSTRUCTION AND INCORPORATED LEGAL MEMORANDUM**

---

    The United States of America, by and through its undersigned Assistant United States Attorney for the District of Colorado, hereby files its proposed entrapment instruction as an alternative to Defendant's previously submitted Instruction "E," showing unto the Court as follows:

    1.    The defendant previously filed the above-referenced instruction which is the Draft Tenth Circuit Pattern Jury Instruction Number 1.27. However, because this draft instruction is not, from the Government's view, consistent with controlling Tenth Circuit precedent on this issue, the Government has drafted an alternative instruction for the Court's review and consideration. **See Exhibit 1 hereto.** The Government would note that entrapment is an affirmative defense and would also note that, as set forth below, the defendant is not entitled to a "blanket entrapment" instruction where, as here, serial criminal acts are involved. Rather, the defendant is required to make the necessary showing as to each such act charged in the indictment. Therefore, this

instruction should be given if and only if the defendant meets his burden as to each individual count in the indictment.

2.  It should be noted that the language in the proposed instruction has been changed from mere "inducement" to "improper inducement" as this captures the gravamen sought be to addressed by the entrapment instruction, that is, that the defendant's will is overborne by improper governmental conduct. In this case, as in many drug prosecutions, three controlled purchases of drugs occurred with Government funds being used for these purchases. The monies offered are undoubtedly an inducement, but not an improper inducement, in most contexts.

3.  The affirmative defense of entrapment has two elements. First, government agents must have induced the defendant to commit the offense; and second, the defendant must not have been predisposed to commit the offense, given the opportunity. *United States v. Nguyen,* 413 F.3d 1170, 1178 (10th Cir. 2005). Once the defense is properly raised, the government must prove beyond a reasonable doubt that the defendant was not entrapped. *United States v. Hildreth,* 485 F.3d 1120, 1126 (10th Cir. 2007).

4.  Inducement is "government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense." *Nguyen,* at 1178, citing *United States v. Scull,* 321 F.3d 1270, 1275 (10th Cir. 2003), (and quoting *United States v. Ortiz,* 804 F.2d 1161, 1164 (10th Cir. 1986). Simple evidence that a government agent solicited, requested, or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement. *Id.,*

(quoting Ortiz, 804 F.2d at 1165). Inducement will also not be shown by evidence that the government agent initiated the contact with the defendant or proposed the crime. *Id.,* (quoting Ortiz, 804 F.2d at 1165).

      5.     Predisposition, in contrast, is "a defendant's inclination to engage in the illegal activity for which he has been charged, *i.e.,* that he is ready and willing to commit the crime." Id.  Predisposition to commit a criminal act may be shown by evidence of similar prior illegal acts or it may be inferred from a defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity. *Nguyen,* at 1178 , citing *United States v. Duran,* 133 F.3d 1324,1335 (10th Cir. 1998) and *United States v. Dozal-Bencomo,* 952 F.2d 1246, 1250 (10th Cir. 1991).  The defendant's predisposition is viewed at the time the government agent first approaches the defendant, but "inferences about that predisposition may be drawn from events occurring after the two parties came into contact." *Nguyen,* 413 F.3d at 1178 (quoting *United States v. Garcia,* 182 F.3d.1165, 1169 (10th Cir. 1999) and citing *Duran,* 133 F.3d at 1336 (finding sufficient evidence of predisposition where a defendant bragged to a government informant about his ability to obtain drugs); *United States v. Mendoza-Salgado,* 964 F.2d 993, 1003 (10th Cir. 1992)(defendant's solicitous telephone discussions with the government agent regarding his express interest in handling future drug purchases and his attendance at the preliminary meeting between his supplier and agents exemplifies a profound eagerness to engage in the illegal activity).

6. The defendant is not entitled to a "blanket instruction" as to all transactions and counts charged in the indictment, where as here, serial criminal acts are involved. This issue was raised in *Nguyen, supra,* where that defendant requested entrapment instructions as to all counts in the indictment and the district court rejected such a blanket instruction. The district court instructed on entrapment as to some, but not all counts. Nguyen's theory was that all of his conduct after the first encounter was tainted by the government's prior alleged improper inducements. This was found by the Tenth Circuit to be based upon a single sentence from the Supreme Court's decision in *Jacobson v. United States,* 503 U.S. 540 (citations omitted) (1992), where that Court held that once inducement is at issue in a case, the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to being approached by Government agents. *Id.,* at 1179, citing *Jacobson* at 549. From this sentence, Nguyen argued for a blanket entitlement to an entrapment instruction for serial criminal acts. The Tenth Circuit, citing *United States v. Beal,* 961 F.2d 1512 (10th Circuit 1992), a post *Jacobson* decision, explicitly rejected this holding that "we explicitly refused to adopt as a 'general rule' that once entrapment occurs, a defendant's subsequent willing acts are immunized from culpability." *Nguyen,* 413 F.3d at 1180, citing *Beal,* 961 F.2d at 1517. The Court went on to hold that:

> ... In our view, *Jacobson* merely requires in a multiple count case where the evidence supports an entrapment instruction, the evidence must support an instruction for each count. Even an initial [improper] inducement by the government does not irremediably taint all subsequent encounters with law enforcement. No entrapment corollary to the Fourth Amendment's 'fruit of the poisonous tree" doctrine exists. As a matter of logic and common sense, each encounter must be tested on its own merits, and it is the defendant's burden to show that the evidence supports an entrapment instruction. *Nguyen,* 413 F.3d at 1181.

4

**CONCLUSION**

WHEREFORE, the Government respectfully submits that the Draft 10th Circuit Patter Jury Instruction on entrapment is incomplete in important and material respects and would urge the Court to accept the Government's tendered entrapment instruction. Finally, the Government would request that no blanket instruction on entrapment be given, but that the instruction be given if and only if the defendant's meets his affirmative burden as to each count charged in the indictment.

Respectfully submitted this 17th day of July, 2007,

        TROY A. EID
        UNITED STATES ATTORNEY


By:  s/ James R. Boma
      JAMES R. BOMA
      Assistant U.S. Attorney
      U.S. Attorney's Office
      1225 17th St., Suite 700
      Denver, CO  80202
      Telephone:  (303) 454-0100
      Fax:  (303) 454-0401
      E-mail:  james.boma@usdoj.gov
      Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2007, I electronically filed the foregoing **GOVERNMENT'S PROPOSED ALTERNATIVE ENTRAPMENT INSTRUCTION AND INCORPORATED LEGAL MEMORANDUM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

**John F. Sullivan , III**
jfslaw1@aol.com

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner indicated:

                          s/Lisa Vargas
                          LISA VARGAS
                          Legal Assistant to
                          James R. Boma
                          Assistant United States Attorney
                          United States Attorney's Office
                          1225 Seventeenth Street, Suite 700
                          Denver, Colorado 80202
                          Telephone:  (303) 454-0100
                          FAX: (303) 454-0409