## GOVERNMENT'S PROPOSED ENTRAPMENT INSTRUCTION

As a defense to the crimes charged in the indictment, the defendant has asserted that he was entrapped.

In order to establish entrapment, the defendant must show that:

(1) government agents improperly induced the defendant to commit the offense or offenses, and,

(2) the defendant was not otherwise predisposed to commit the offense or offenses charged, if given the opportunity to do so.

"Improper inducement" is Government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense.

However, simple evidence that a government agent solicited, requested or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute improper inducement.

Improper inducement also will not be shown by evidence that the Government agent initiated the conduct with the defendant or proposed the crime.

"Predisposition," in contrast, is a defendant's inclination to engage in the illegal activity for which he has been charged, or, in other words, that he is ready and willing to commit the crime.

Predisposition to commit a criminal act may be shown by evidence of similar prior illegal acts or it may be inferred from a defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's offer, or his demonstrated knowledge or experience in the criminal activity.

The defendant's predisposition is viewed at the time the government agent first approaches the defendant, but inferences about that predisposition may be drawn from events occurring after the two parties came into contact.

Once the defense is properly raised, the government must prove beyond a reasonable doubt that the defendant was not entrapped.

For the purposes of this case, informant Bob Wilson was an agent of the law enforcement agents in this case.

**Authority:** *United States v. Nguyen,* 413 F.3d 1170, 1178 (10th Cir. 2005); *See also United States v. Hilldreth,* 485 F.3d 1120, 1125-26 (10th Cir. 2007); *United States v. Garcia,* 182 F.3d 1165,1168 (10th Cir. 1999).