ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 6 2007

GREGORY C. LANGHAM
CLERK

Criminal Case No.  03-cr-00249-WYD-01

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  MICHAEL KEBLES,

     Defendant.

_____

# JURY INSTRUCTIONS

_____

INSTRUCTION NO. 1

Members of the Jury, I will now instruct you concerning the law which you must apply in this case. You have two main duties as jurors. The first is to decide what the facts are. The second is to follow the law stated in the instructions of the court, apply the law to the facts and decide if the Government has proved the defendant guilty beyond a reasonable doubt. All the instructions are important, and you are not to focus on one instruction alone. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated in these instructions. Even though you may have a different opinion as to what the law ought to be, it would be a violation of the oath which you have sworn as jurors to base your verdict on anything other than the law as presented in these instructions and the facts as you find them.

Counsel may refer to some of the governing rules of law in their arguments. There is nothing wrong with this, but jurors sometimes think they see a variance between counsel's statements and the court's instructions. If you think there is a difference between what counsel said about the law and what the court has told you, you must heed what the court says. The court - not the lawyers - decides what law you must apply.

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine what witnesses and what evidence to believe. You resolve conflicts in the testimony. Nothing I have said during the trial was meant to influence your decision about the facts in any way. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be

governed by sympathy, prejudice or public opinion.  The court and the parties expect that you will carefully and impartially consider all of the evidence, follow the law, and reach a just verdict, regardless of the consequences.

I have divided these instructions into several parts.  I will start by stating certain rules that you must always remember as you review the superseding indictment and consider the case.  I will next remind you once again what is evidence and what is not evidence in the case and tell you how the law requires you to view the evidence.  Third, I will give you certain instructions concerning one of your most important jobs - judging the credibility of witnesses.  Fourth, I will review the elements, or parts, of the crime that the defendant is accused of committing.  Last, I will explain the rules that you must follow in your deliberations.

# INSTRUCTION NO. 2

The superseding indictment in this case charges as follows:

## COUNT ONE

From at least January 14, 2003, through on or about May 28, 2003,
in the State and District of Colorado, the defendant, Michael Kebles, did unlawfully and
knowingly or intentionally conspire, combine, confederate, cooperate and agree with
other persons, both known and unknown to the Grand Jury, to possess with intent to
distribute and to distribute a mixture or substance containing a detectable amount of
3,4-methylenedioxymethamphetamine (MDMA) (commonly known as "Ecstasy"), a
controlled substance listed in Schedule I, Title 21, United States Code, Section 812,
and the regulations enacted thereunder, [and hereinafter referred to as "MDMA" or
"Ecstasy"] in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about January 14, 2003, in the State and District of Colorado, the
defendant, Michael Kebles, did unlawfully and knowingly or intentionally distribute
"MDMA" or "Ecstasy;" and did knowingly or intentionally aid and abet and cause the
same.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C)
and Title 18, United States Code, Section 2.

## COUNT THREE

On or about February 11, 2003, in the State and District of Colorado, the
defendant, Michael Kebles, did unlawfully and knowingly or intentionally distribute

"MDMA" or "Ecstasy," in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOUR

On or about April 2, 2003, in the State and District of Colorado, the defendant, Michael Kebles, did unlawfully and knowingly or intentionally distribute "MDMA" or "Ecstasy," in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIVE

On or about May 28, 2003, in the State and District of Colorado, the defendant, Michael Kebles, did unlawfully and knowingly or intentionally possess with intent to distribute "MDMA" or "Ecstasy," in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SIX

On or about May 28, 2003, in the State and District of Colorado, the defendant, Michael Kebles, did knowingly possess a firearm, that is, one Colt, Trooper Mark III model, .357 caliber pistol, in furtherance of a drug trafficking crime which is a felony prosecutable, in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Five of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

May 28, 2003, in the State and District of Colorado, the defendant, Michael Kebles, did knowingly possess a firearm, that is, one Colt, Trooper Mark III model, .357 caliber pistol, in furtherance of a drug trafficking crime which is a felony prosecutable, in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Five of this Indictment.

I will discuss the elements of the charges in detail in a few minutes.  Right now, I simply want to state several general rules which you must constantly remember as you consider these charges.

The defendant is only on trial for the particular charges alleged against him in the indictment.  I instruct you that your job is to determine whether the Government has proved beyond a reasonable doubt each precise charge in the indictment.  If it has not proven each precise charge in the indictment, then you must acquit the defendant on that charge, even if you think that the defendant did commit some other act not charged in the indictment.

As I told you at the outset, the indictment itself is not any evidence of guilt.  It does not even raise any suspicion of guilt.  It is nothing more than the formal way that the Government tells a defendant, the court, and you what crime the defendant is accused of committing.

INSTRUCTION NO. 3

I have now told you about the rules you should follow in reviewing the indictment. The defendant has pleaded "not guilty" to the charges contained in the indictment. This plea puts in issue each of the essential elements of each offense and imposes on the Government the burden of establishing each of these elements by proof beyond a reasonable doubt. As I indicated, I will discuss the elements of the offenses later in these instructions.

INSTRUCTION NO. ____

The Government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

# INSTRUCTION NO. 5

The defendant has offered evidence of his reputation for good character. You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. 6

That concludes my explanation of the general rules that you must constantly remember as you review the indictment and consider the case. I will now reiterate what I told you at the beginning of the trial concerning what is - and what is not - evidence in the case. I will also tell you how the law requires you to consider the evidence, and I will conclude my discussion of the evidence by talking about specific types of evidence.

INSTRUCTION NO. 7

Statements, assertions, and arguments of the lawyers are not evidence in the case. Neither are the lawyers' questions. If a lawyer asks a witness a question which implies that the lawyer knows the answer or which contains an assertion of fact, you may not consider the implied assertion as evidence of that fact. The lawyers' questions and statements are not evidence; the witnesses' answers are. You should therefore focus on the witnesses' answers, not the lawyers' questions.

INSTRUCTION NO. 8

It follows from what I have just said about the lawyers' remarks that it is the jury's recollection of the evidence which is critical.  If the lawyers' recollection about the evidence differs from your own, you should rely on your own recollection and not on the statements of the lawyers.

INSTRUCTION NO. 9

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Nothing else is evidence. Any proposed testimony or proposed exhibit to which an objection was sustained by the court must be entirely disregarded. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath as jurors not to let them influence your decision in any way.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded. I further instruct you that you should not try to gather any information about the case on your own while you are deliberating. Do not conduct any experiments inside or outside the jury room. Do not bring any books, like a dictionary, or anything else with you. Do not conduct any independent research, reading, or investigation about the case, and do not visit any of the places mentioned during the trial.

You are to base your verdict only on the evidence received in the case. In considering and discussing the evidence received, however, you are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience and common sense - remembering always that the facts and inferences you draw from them must convince you of guilt beyond a

reasonable doubt.  "Inferences," of course, are simply deductions or conclusions which

reason and common sense lead the jury to draw from the evidence received in the case.

INSTRUCTION NO. 10

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

INSTRUCTION NO. 11

I will summarize all of this by saying that, in your deliberations in this case, you are expected to use your good sense, considering the evidence in the case for only those purposes for which it has been admitted, and giving it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the accused is proved guilty beyond a reasonable doubt, say so. If not so proved, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict of guilty upon anything other than the evidence in the case; and remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Remember also that the question before you can never be: Will the Government win or lose the case? The Government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

# INSTRUCTION NO. 12

I will now give you several additional rules which you should apply in considering the evidence.

There are two types of evidence from which you may find the truth as to the facts of a case - direct evidence and circumstantial evidence.

Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. If a witness testified that he saw it raining outside, and you believed him, you would have direct evidence that it was raining.

Circumstantial evidence is proof of a chain of facts and circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, this would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. If, after weighing all the evidence, you are not convinced of the guilt of a defendant beyond a reasonable doubt, you must find that defendant not guilty.

## INSTRUCTION NO. 13

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

However, in judging the credibility of the witnesses who have testified, and in considering the weight and effect of all evidence that has been produced, the jury may consider the prosecution's failure to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

Please remember that you cannot apply this rule to a defendant, because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  No adverse inferences may be drawn from the fact that defendant does not call a particular witness or produce particular evidence.

# INSTRUCTION NO. 14

The rules of evidence ordinarily do not permit witnesses to testify about their personal opinions. Any person whom the court has qualified as an "expert witness" is an exception to this rule. The law allows such witnesses to state their opinion concerning matters in which they profess to be expert, and it also allows them to state their reasons for the opinion.

The fact that the court has qualified any person an "expert witness" does not mean that the court is endorsing or approving that person's testimony. Nor does it mean that you should automatically believe such a witness or that you should give the person's testimony extraordinary weight in your deliberations. It means only that the court thinks such testimony *might* be helpful to you. Judgments concerning any expert's credibility and the weight of the expert's testimony must still be made by you alone.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion.

INSTRUCTION NO. 15

I will now give you certain instructions concerning one of your most important

jobs - judging the credibility of witnesses.  I will first give you some general suggestions;

then I will talk about several specific rules which you can apply in deciding whether to

believe certain categories of witnesses or evidence.

# INSTRUCTION NO. 16

It must be clear to you by now that you are being asked to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In resolving factual disputes, you will need to decide what evidence to believe. You, as jurors, are the sole judges of the believability of the witnesses and the weight their testimony deserves.

In deciding what to believe, remember that differing versions of an event do not always mean that someone must be lying about the event. People sometimes honestly see and hear things differently, depending on their viewpoint. Some people simply have better memories than others. One person may honestly recall a once-forgotten event if his or her memory is jogged in some way. A truthful witness may be nervous and seem to contradict himself or herself. In weighing a witness's version of a disputed event, you should ask yourselves whether the witness has failed to observe or recall matters of importance, which one might expect the witness to recall, or whether the witness has overlooked or forgotten insignificant details. You should also ask yourselves whether the witness's version is a product of the sorts of innocent errors which I just mentioned, or whether it results from intentional falsehood.

If you are satisfied that a witness has knowingly given false testimony concerning one fact or event, you have a right to conclude that the witness may have lied concerning other facts or events as well. You may therefore reject that witness's testimony entirely or you may accept whatever part you deem worthy of belief. A person knowingly gives false testimony when that person gives testimony which he or she knows to be untrue, voluntarily and intentionally, and not because of mistake, accident, or other innocent reason.

In the face of vastly different pictures painted by the parties, how can you determine where the truth lies? I suggest that you ask yourselves the following questions:

(1)     How well was the witness able to see, hear, or know the things about which that witness testified?

(2)     How well was the witness able to recall and describe those things?

(3)     Was the witness's testimony about an event contradicted? Was it contradicted by what the witness had said or done before he or she testified? Was it contradicted by the testimony of other witnesses or evidence which strikes you as persuasive?

(4)     Did the witness have an interest in the outcome of this case or the event about which the witness testified? Did the witness have a bias or prejudice concerning any party or any matter involved in the case? Did the witness have a motive to see or recall an event in a certain way?

(5)     What was the witness's state of mind, demeanor, and manner on the witness stand? Did he or she strike you as frank, forthright, and candid? Was the witness evasive and edgy, as if hiding something? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination.

(6)     In light of all the evidence in the case and your own common sense, how probable or improbable was the witness's testimony?

These are simply some considerations which may help you determine the accuracy of what each witness said. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. After making your own judgment, you will give the testimony of each witness such weight, if

any, as you may think it deserves.  In making this judgment, you are perfectly free to

believe all of what a witness said, part of it, or none of it.

INSTRUCTION NO. 17

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the Government, by his own interest in the outcome of the case, or by prejudice against the defendant.

You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

INSTRUCTION NO. 18

You have heard the testimony of Bob Wilson, who was a witness in the Government's case. You also heard testimony from others concerning their opinion about his character for truth-telling. It is up to you to decide from what you heard here whether Bob Wilson was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning his reputation for truthfulness.

# INSTRUCTION NO. 19

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

Bob Wilson may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

INSTRUCTION NO. 20

I am now at that part of the instructions where I will review the elements of the crimes that the defendant is accused of committing.  This part of the instructions should answer your questions concerning what it is that the Government must prove beyond a reasonable doubt.

As I go through the elements of each crime, you will see that a common element of all these crimes is that defendant acted with a specified bad state of mind.  This is a critical element of each crime, for the law does not usually punish acts which are done mistakenly or even carelessly.  Because of its importance, I will discuss this "state of mind" element separately, after I have explained all other elements of the various charges.

INSTRUCTION NO. 21

An indictment is but a formal method used by the Government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crimes charged. Even though this indictment has been returned against the defendant, the defendant begin this trial with absolutely no evidence against him.

The defendant has pleaded "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

INSTRUCTION NO. 22

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

INSTRUCTION NO. 23

A separate crime is alleged against the defendant in each count of the indictment. Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. The fact that you find the defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against that defendant.

You must give separate and individual consideration to each charge against the defendant.