# INSTRUCTION NO. 24

Count One of the superseding indictment charges that from at least January 14, 2003, through on or about May 28, 2003, in the State and District of Colorado, the defendant, Michael Kebles did unlawfully and knowingly or intentionally conspire, combine, confederate, cooperate and agree with other persons, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of 3,4-methylenedioxymethamphetamine (MDMA) (commonly known as "Ecstasy"), a controlled substance listed in Schedule I, Title 21, United States Code, Section 812, and the regulations enacted thereunder, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), all in further violation of Section 846.

It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of a conspiracy, the Government must prove four elements beyond a reasonable doubt.

(1)     That two or more persons conspired or agreed to possess with intent to distribute MDMA, commonly known as "Ecstasy;

(2)     That the defendant knew at least the essential objectives of the conspiracy;

(3)     That the defendant knowingly and voluntarily became a part of it; and

(4)     That the alleged coconspirators were interdependent.

Now, some of the persons who may have been involved in the alleged events in this case are not on trial. This does not matter. There is no requirement that all members of a conspiracy be named, charged, prosecuted, or tried together in one proceeding.

With regard to the first element--a criminal agreement--the law does not require proof of any formal agreement, written or spoken.  Nor does the law require proof that everyone involved agreed on all the details.  The Government must prove there was a mutual understanding, either spoken or unspoken, between two or more persons, to cooperate with each other to commit the underlying substantive offense that is the objective of the conspiracy.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  It is up to the Government to convince you that such facts and circumstances existed in this particular case.

If you are convinced that there was a criminal agreement between two or more persons, then you must decide whether the Government has proved the defendant knowingly and voluntarily joined that agreement.

To convict the defendant, the Government must prove that he or she knew the conspiracy's main purpose and that he or she voluntarily joined it intending to help advance or achieve its goals.

The law does not require proof that a defendant knew everything about the conspiracy, or knew the identities of everyone else involved, or that he or she was a member of it from the very beginning.  One who knowingly and intentionally joins a conspiracy takes on the same level of culpability as an originator of the conspiracy.

Interdependence exists where each coconspirator's activities constitute essential and integral steps toward the realization of a common, illicit goal.  Each alleged coconspirator's actions must facilitate the endeavors of other coconspirators or facilitate the venture as a whole.

To avoid responsibility for the results of the conspiracy beyond a certain point in time, the defendant bears the burden of showing withdrawal from the conspiracy once it has been shown that he or she participated in it.  The defendant must show that he or

she took affirmative action to defeat or disavow the purpose of the conspiracy at some point.  The mere arrest of one or more coconspirators does not necessarily terminate the conspiracy.  To be effective, a withdrawal must be complete and permanent; a partial or temporary withdrawal is not enough.

The law does not require proof that a defendant played a major role in the conspiracy, or that his or her connection to it was substantial.  A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not reject it.  These are all things that you may consider in deciding whether the Government has proved that a defendant joined a conspiracy, but without more they are not enough.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also a person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

A defendant's knowledge and intentions may be proved directly or indirectly like other facts in the case.  Indirect proof would be proof by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose.  But, once again, the burden is on the Government to prove such facts and circumstances existed in this particular case.

# INSTRUCTION NO. 25

Count Two of the superseding indictment charges that on or about January 21, 2003, within the State and District of Colorado, Defendant Michael Kebles knowingly distributed a quantity of MDMA or Ecstasy, or that he aided and abetted the commission of that offense. I will explain the concept of aiding and abetting shortly in another instruction.

Count Three of the superseding indictment charges that on or about February 11, 2003, within the State and District of Colorado, Defendant Michael Kebles knowingly distributed a quantity of MDMA or Ecstasy.

Count Four of the superseding indictment charges that on or about April 2, 2003, Defendant Michael Kebles knowingly distributed a quantity of MDMA or Ecstasy.

Count Five of the superseding indictment charges that on or about May 28, 2003, within the State and District of Colorado, Defendant Michael Kebles knowingly possessed with intent to distribute a quantity of MDMA or Ecstasy.

Title 21, United States Code, Section 841(a)(1) makes it a crime for anyone to knowingly or intentionally distribute a controlled substance, or to possess with intent to distribute a controlled substance.

3,4-methylenedioxymethamphetamine or MDMA, commonly known as "Ecstasy," is a controlled substance within the meaning of the law.

The elements of the crime of distribution of a controlled substance are:

1. that a person knowingly and intentionally distributed a controlled substance;

2. and that at the time of the distribution the person knew that the substance distributed was a controlled substance.

The elements of possession of a controlled substance with the intent to distribute that substance are:

1. that the defendant possessed a controlled substance;

2.  that the defendant knew the substance was a controlled substance;

3.  that the defendant intended to distribute the controlled substance.

It does not matter whether the defendant knew the substance was MDMA or

"Ecstasy."  It is sufficient that the defendant knew it was some kind of prohibited drug.

INSTRUCTION NO. 26

You are instructed, as a matter of law, that

3,4-methylenedioxymethamphetamine or MDMA, commonly known as "Ecstasy," is a

controlled substance.

It is solely for the jury, however, to determine whether or not the Government has

proven beyond a reasonable doubt that the defendant possessed with intent to

distribute, distributed, or conspired to distribute or possess with intent to distribute any

such mixtures or substances which contained MDMA or "Ecstasy."

INSTRUCTION NO. 27

The term "to possess" as used in Counts One, Five and Six of the Superseding Indictment means to exercise control or authority over something at a given time. There are several types of possession–constructive, sole, and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something.  The "possession" is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively which is called sole possession or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

INSTRUCTION NO. 28

The word "distribute" means to deliver a controlled substance. "Deliver" is defined as the actual, constructive or attempted transfer of a controlled substance. Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, narcotics or controlled substances.

For example, if A tells or orders B to hand over the drugs to C, then A has caused the drugs to be handed over, and therefore has distributed them.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.

# INSTRUCTION NO. 27

The evidence received in this case need not prove the actual amount of the controlled substance that was part of the alleged transaction or the exact amount of the controlled substance alleged in the indictment possessed with intent to be distributed by the defendant.

The Government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally possessed with intent to be distributed or distributed by the defendant.

# INSTRUCTION NO. 30

The defendant is charged in Count Six of the superseding indictment with a violation of Title 18, United States Code, Section 924(c)(1).

This law makes it a crime to possess a firearm in furtherance of a drug trafficking crime.

To find the defendant guilty of this crime you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*: the defendant committed the crime of Possession with Intent to Distribute MDMA or "Ecstasy" as charged in Count Five of the superseding indictment, which is a drug trafficking crime;

*Second*: the defendant possessed a firearm in furtherance of this crime. The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device. The Government is not required to show that the defendant knew that the firearm was capable of expelling a projectile by means of an explosive.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense. Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. the status of the possession (legitimate or illegal);

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. the proximity to drugs or drug profits.

INSTRUCTION NO. 32

The indictment charges that the offenses were committed "on or about" a certain date.

Although it is necessary for the Government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the Government to prove that the offenses were committed precisely on the dates charged.

# INSTRUCTION NO. 33

You will note that I have referred at several points to a requirement that defendant act "knowingly," or with "knowledge" or "wilfully." This requirement refers to the state of mind which accompanied defendant's acts. This is a critical requirement, for our system of justice does not ordinarily criminalize acts which are simple mistakes or even those which are careless; there must be something more than carelessness or mistake. I will now define what I mean by such terms.

# INSTRUCTION NO. 34

The term "knowingly", as used in these instructions to describe the alleged state of mind of the defendant, means that the defendant was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident, or carelessness.  In Count Six of the Superseding Indictment, you will note that the required state of mind is only "knowingly" and not also "intentionally" and "willfully" as required in Counts One through Five of the Superseding Indictment.

INSTRUCTION NO. 35

The terms "intentionally" or "willfully," where I have used these terms in these instructions, mean deliberately and purposely. That is, a defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

INSTRUCTION NO. 36

The Government must prove beyond a reasonable doubt that the defendant acted intentionally when he committed the offenses charged in Counts One through Five of the superseding indictment.  Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, the defendant's acts must have been the product of the defendant's conscious objective rather than the product of a mistake or accident.

INSTRUCTION NO. 37

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and  all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

# INSTRUCTION NO. 38

Intent and motive are different concepts and should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

INSTRUCTION NO. 39

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

INSTRUCTION NO. 40

As a defense to Counts One, Two, Three, and Four, in the superseding indictment, the defendant has asserted that he was entrapped.

In order to establish entrapment, the defendant must show that:

(1)     Government agents induced the defendant to commit the offense or offenses, and,

(2)     the defendant was not otherwise predisposed to commit the offense or offenses charged, if given the opportunity to do so.

"Inducement" is Government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense.

However, simple evidence that a Government agent solicited, requested or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute improper inducement.

Inducement also will not be shown by evidence that the Government agent initiated the conduct with the defendant or proposed the crime.

"Predisposition," in contrast, is a defendant's inclination to engage in the illegal activity for which he has been charged, or, in other words, that he is ready and willing to commit the crime.

Predisposition to commit a criminal act may be shown by evidence of similar prior illegal acts or it may be inferred from a defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the Government's offer, or his demonstrated knowledge or experience in the criminal activity.

The defendant's predisposition is viewed at the time the Government agent first approaches the defendant, but inferences about that predisposition may be drawn from events occurring after the two parties came into contact.

Once the defense is properly raised, the Government must prove beyond a reasonable doubt that the defendant was not entrapped.

For the purposes of this case, informant Bob Wilson was an agent of the law enforcement agents in this case.

INSTRUCTION NO. 41

Before concluding these instructions, I will give you certain rules which you must follow while you are deliberating.

# INSTRUCTION NO. 42

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

# INSTRUCTION NO. 43

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A form of the verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.

INSTRUCTION NO. 44

It is proper to add the caution that nothing said in these instructions and nothing
in any form of verdict prepared for your convenience is meant to suggest or convey in
any way or manner any intimation as to what verdict I think you should find.  What the
verdict shall be is your sole and exclusive duty and responsibility.

# INSTRUCTION NO. 45

If it becomes necessary during your deliberations to communicate with the court, you may write a note, have your foreperson sign the note, and deliver the note to the court security officer with the request that he deliver it to the court. If, for some reason, your foreperson will not sign the note, then one or more other members of the jury may sign the note. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing. Similarly, the court will and must always communicate with members of the jury only in writing, or orally here in open court. If you do find it necessary to send the court a note during your deliberations, please understand that I will not usually be able to respond right away. I must consider your note, allow the lawyers and parties to be heard concerning the proper response, and then draft a written response.

You will note from the oath about to be taken by the court security officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. Bear in mind also that you are never to reveal to any person - not even to the court - how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.