IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 03-cr-000249-WYD

UNITED STATES OF AMERICA,
                          Plaintiff,

vs.

MICHAEL KEBLES
                          Defendant.

## MOTION FOR NEW TRIAL

      Comes now the Defendant Michael Kebles, by and through counsel, John F. Sullivan, III, and, pursuant to Rule 33 respectfully requests this Court enter an Order vacating the jury verdict as to Counts One-Five and order a new trial in the interests of justice as to those same Counts. In support of his motion counsel offers the following:

      1) As stated in the Defendant's Motion for Judgment of Acquittal, the Defendant respectfully submits that Mr. Kebles was entrapped by the government into committing the charged offenses and that the interests of justice require that he be given a new trial. A portion of his Motion for Judgment of Acquittal is recited below.

      2) Mr. Kebles was convicted on August 21, by a jury, of several counts involving the sale and possession of MDMA (ecstacy). Count One was for conspiracy to distribute. Counts Two-Four charged actual distribution and Count Five charged possession with intent to distribute. Mr. Kebles was acquitted of the possession of a firearm in furtherance of a drug transaction.

      3) Mr. Kebles submits that a judgment of acquittal should enter as to Counts One-Five because he was entrapped as a matter of law. "...[E]ntrapment as a matter of law exists only when there is undisputed testimony which shows conclusively and unmistakeably that an otherwise innocent person was induced to commit the [criminal] act." *United States v. Nguyen*,

413 F.3d 1170, 1177-78 (10th Cir.2005).

4) There are two elements to the entrapment defense. "[F]irst, government agents must have *induced* the defendant to commit the offense; and second, the defendant must not have been otherwise *predisposed* to commit the offense given the opportunity." *Nguyen,* 413 F.3d at 1178.

5) The evidence at trial clearly showed that Mr. Kebles was induced to commit the offense by the confidential informant, Bob Wilson. Mr. Wilson was an agent of the government by his working for the DEA at the time he made the purchases from Mr. Kebles. Mr. Wilson provided cocaine to Mr. Kebles' sister in order to have her contact her brother, Michael Kebles, for the purposes of buying MDMA. Finally, the evidence was that Mr. Wilson provided cocaine to Ms. Kebles after she assisted Mr. Wilson in the first deal.

6) Mr. Wilson also made phone calls on several occasions in order to secure MDMA from Mr. Kebles. Several of Mr. Wilson's phone calls were not recorded by the DEA. Those calls, both authorized and unauthorized, were extremely harassing to Mr. Kebles. As expressed by defense witness Mr. Davis, one of those calls on February 11, 2003, made Mr. Kebles distressed and clearly indicated the harassing nature of the Wilson-Kebles' calls. This is further evidence of the high levels of inducement on the part of the government in its attempts to purchase MDMA from Mr. Kebles.

7) Mr. Kebles was not predisposed to commit these offenses. It was undisputed at trial that Mr. Kebles had no prior criminal history of any similar illegal acts. He was gainfully employed as a carpenter. He was not eager to complete the transactions as it took a number of authorized and unauthorized calls made by Mr. Wilson in order to get Mr. Kebles to sell MDMA to Mr. Wilson. Mr. Wilson had to resort to gaining the trust of someone (Teresa Kebles) whom Mr. Kebles trusted in order to get Mr. Kebles to cooperate. Finally, as demonstrated by the cross-examination of Agent Carl Force, Mr. Kebles did not have many of the items typically found in narcotics trafficker's homes such as scales, "stash places" and large amounts of money divided up into bundles. These facts demonstrate Mr. Kebles' lack of experience in criminal

activity and are further evidence of Mr. Kebles' lack of predisposition to commit the charged offenses.

8) Defense witness, Ms. Julia Rutter testified that Mr. Wilson told her he had to do some deals in order to get points off of him with some nice people who were not involved in drugs. Mr. Wilson's testimony reflected someone who did not remember the alleged purchases of MDMA from Mr. Kebles.  Mr. Wilson had difficulty identifying Mr. Kebles in the courtroom. He did not remember how many deals there were or any of the details surrounding the deals in which he participated.   Either Mr. Wilson had complete disdain for the truth or had significant memory lapses.  Either way, one could easily surmise the great lengths defacto government agent, Mr. Wilson, went to in order to secure drugs from an otherwise innocent person, like Mr. Kebles, who would not have otherwise been involved in the sale of drugs.  Thus the evidence of improper inducement coupled with the evidence of the lack of predisposition, the Defendant respectfully submits, should move the Court to find that Mr. Kebles was entrapped as a matter of law and, in the interests of justice, that he be given a new trial.

WHEREFORE, for the above reasons, counsel respectfully requests this Court enter an Order setting aside the jury verdict as to Counts 1-5 and grant a new trial as to those same Counts and for all other relief proper in the premises.

Respectfully submitted this 27th day of August 2007.

                          s/John Sullivan III
By:  John F. Sullivan III,
      155 S. Madison Street, Suite 209
      Denver, CO 80209
      (303) 748-4343

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of August 2007, true and correct copies of the foregoing **MOTION** were served via ECF upon:

Mr. James Boma, Esq.
Assistant United States Attorney
1225 17th Street, Suite 700
17th Street Plaza
Denver, CO 80202                s/ John Sullivan