IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  03-cr-00249-WYD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL KEBLES,

    Defendant.

---

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S:**

**(1)  MOTION FOR JUDGMENT OF ACQUITTAL (Document Number 379); AND**
**(2)  MOTION FOR NEW TRIAL (Document Number 380)**

---

The United States of America, by and through its undersigned Assistant United States Attorney for the District of Colorado, hereby responds in opposition to the referenced motions, showing unto the Court as follows:

### A.  **MOTION FOR JUDGMENT OF ACQUITTAL**

1.  As to the argument advanced by the defendant here, that he was allegedly entrapped as a matter of law, there was no testimony adduced at trial that showed that this defendant was even aware of, let alone influenced by, the informant's misconduct vis-a-vis the defendant's sister, Teresa Kebles. Mr. Kebles is again arguing what amounts to "vicarious entrapment" relating to misconduct that there was no evidence that he even knew of at the time of the three

controlled purchases. These allegations did not come to light until after this defendant and his sister had both been indicted. Further, he attempts to argue that the informant's persistence in some fashion over bore his free will in making three sales for money over a 3 month period. Again this was a factual issue that was resolved against him by the trial jury.

2. Over the Government's objection, the defendant received the affirmative defense of entrapment jury instruction as to Counts One through Four of the superseding indictment. The jury considered the evidence and found that the Government had not only established the defendant's guilt beyond a reasonable doubt, but also found that the defendant had not been entrapped by the Government beyond a reasonable doubt. This was a factual issue squarely within the province of the finders of facts, the trial jurors. The entrapment instruction did not apply to Count Five of the superseding indictment and the jury convicted this defendant on that count as well. Therefore, the entrapment argument is therefore not applicable to Count Five of the Superseding Indictment.

3. The affirmative defense of entrapment has two elements. First, government agents must have induced the defendant to commit the offense; and second, the defendant must not

have been predisposed to commit the offense, given the opportunity. *United States v. Nguyen,* 413 F.3d 1170, 1178 (10th Cir. 2005). Once the defense is properly raised, the government must prove beyond a reasonable doubt that the defendant was not entrapped. *United States v. Hildreth,* 485 F.3d 1120, 1126 (10th Cir. 2007).

4. Inducement is "government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense." *Nguyen,* at 1178, citing *United States v. Scull,* 321 F.3d 1270, 1275 (10th Cir. 2003), (and quoting *United States v. Ortiz,* 804 F.2d 1161, 1164 (10th Cir. 1986). Simple evidence that a government agent solicited, requested, or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement. *Id.,* (quoting Ortiz, 804 F.2d at 1165). Inducement will also not be shown by evidence that the government agent initiated the contact with the defendant or proposed the crime. *Id.,* (quoting Ortiz, 804 F.2d at 1165).

5. Predisposition, in contrast, is "a defendant's inclination to engage in the illegal activity for which he has been charged, *i.e.,* that he is ready and willing to commit the crime." Id.

Predisposition to commit a criminal act may be shown by evidence of similar prior illegal acts or it may be inferred from a defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity. *Nguyen,* at 1178 , citing *United States v. Duran,* 133 F.3d 1324,1335 (10th Cir. 1998) and *United States v. Dozal-Bencomo,* 952 F.2d 1246, 1250 (10th Cir. 1991). The defendant's predisposition is viewed at the time the government agent first approaches the defendant, but "inferences about that predisposition may be drawn from events occurring after the two parties came into contact." *Nguyen,* 413 F.3d at 1178 (quoting *United States v. Garcia,* 182 F.3d.1165, 1169 (10th Cir. 1999) and citing *Duran,* 133 F.3d at 1336 (finding sufficient evidence of predisposition where a defendant bragged to a government informant about his ability to obtain drugs); *United States v. Mendoza-Salgado,* 964 F.2d 993, 1003 (10th Cir. 1992)(defendant's solicitous telephone discussions with the government agent regarding his express interest in handling future drug purchases and his attendance at the preliminary meeting between his supplier

4

and agents exemplifies a profound eagerness to engage in the illegal activity).

6. The defendant was not entitled to a "blanket instruction" as to all transactions and counts charged in the indictment, where as here, serial criminal acts were involved. This issue was raised in *Nguyen, supra,* where that defendant requested entrapment instructions as to all counts in the indictment and the district court rejected such a blanket instruction. The district court instructed on entrapment as to some, but not all counts. Nguyen's theory was that all of his conduct after the first encounter was tainted by the government's prior alleged improper inducements. This was found by the Tenth Circuit to be based upon a single sentence from the Supreme Court's decision in *Jacobson v. United States,* 503 U.S. 540 (citations omitted) (1992), where that Court held that once inducement is at issue in a case, the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to being approached by Government agents. *Id.,* at 1179, citing *Jacobson* at 549. From this sentence, Nguyen argued for a blanket entitlement to an entrapment instruction for serial criminal acts. The Tenth Circuit, citing *United States v. Beal,* 961 F.2d 1512 (10th

Circuit 1992), a post *Jacobson* decision, explicitly rejected this holding that "we explicitly refused to adopt as a 'general rule' that once entrapment occurs, a defendant's subsequent willing acts are immunized from culpability." *Nguyen,* 413 F.3d at 1180, citing *Beal,* 961 F.2d at 1517.  The Court went on to hold that:

... In our view, *Jacobson* merely requires in a multiple count case where the evidence supports an entrapment instruction, the evidence must support an instruction for each count. Even an initial [improper] inducement by the government does not irremediably taint all subsequent encounters with law enforcement.  No entrapment corollary to the Fourth Amendment's 'fruit of the poisonous tree" doctrine exists.  As a matter of logic and common sense, each encounter must be tested on its own merits, and it is the defendant's burden to show that the evidence supports an entrapment instruction.  *Nguyen,* 413 F.3d at 1181.

7. Here, the defendant received the entrapment instruction as to some, but not all counts of the superseding indictment. The Government respectfully submits that what the defendant argued here was, in effect, vicarious entrapment which did not exist under the facts presented at trial, and as was so found by the trial jury.  This factual issue was resolved against him at trial by the jury.  Therefore, his motion for judgment of acquittal under Rule 29(c), Fed. R. Crim. P., should be denied as a matter of law.

### B.  MOTION FOR NEW TRIAL

8. The Government respectfully incorporates the facts and legal argument set forth herein above.  The burden of justifying a new trial rests with the defendant, and the Government respectfully submits that the defendant has not met his burden here.  *United States v. Geders,* 625 F.2d 31, 33 (5th Cir. 1980).

### CONCLUSION

WHEREFORE, the Government respectfully submits that defendant's referenced motions should be denied as a matter of law.

Respectfully submitted this 28th day of August, 2007,

> TROY A. EID
> UNITED STATES ATTORNEY
>
> By: s/ James R. Boma
> JAMES R. BOMA
> Assistant U.S. Attorney
> U.S. Attorney's Office
> 1225 17th St., Suite 700
> Denver, CO  80202
> Telephone:  (303) 454-0100
> Fax:  (303) 454-0401
> E-mail:  james.boma@usdoj.gov
> Attorney for the Government

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2007, I electronically filed the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S:**

**(1)  MOTION FOR JUDGMENT OF ACQUITTAL (Document Number 379); AND**
**(2)  MOTION FOR NEW TRIAL (Document Number 380)**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

**John F. Sullivan , III**

jfslaw1@aol.com

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner indicated:

s/Lisa Vargas
LISA VARGAS
Legal Assistant to
James R. Boma
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone:  (303) 454-0100
FAX: (303) 454-0409