UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 03-cr-249-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL KEBLES,

      Defendant.

_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion for Acquittal [Docket #379] and Motion for a New Trial [Docket #380].  A three-day trial was held in Defendant's case, beginning on August 13, 2007.  After approximately two and a half days of deliberations, the Jury returned a Verdict on August 21,2007, finding the Defendant guilty of Counts One through Five of the superceding indictment and not guilty as to Count Six.  In the two Motions before this Court, Defendant argues that there was insufficient evidence to support the Jury's verdict.  Specifically, Defendant argues that he was entrapped as a matter of law and that the Jury Verdict should be set aside as to Counts One through Five.

Defendant's Motion for Acquital is governed by FED. R. CRIM. P. 29.  Rule 29(a) provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  In deciding a Rule 29(b) motion, the court must "review the evidence in the light most favorable to the

government and 'then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt.'" *United States v. Valadez-Gallegos*, 162 F.3d 1256, 1262 (10th Cir.  1998) (quoting *United States v. Miles,* 772 F.2d 613, 614 (10th Cir. 1985)).  The defendant "bears a heavy burden to succeed on his sufficiency of the evidence claim" as the court, viewing the evidence in the light most favorable to the government, must determine "'whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Almaraz*, 306 F.3d 1031, 1040 (10th Cir. 2002) (emphasis in original) (quotation and internal quotation marks omitted).

After reviewing the record, I find that there was sufficient evidence to support the Jury's Verdict.  "[E]ntrapment as a matter of law exists only when there is undisputed testimony which shows conclusively and unmistakeably that an otherwise innocent person was induced to commit the [criminal] act." *United States v. Nguyen*, 413 F.3d 1170, 1177-78 (10th Cir. 2005).  In the present case, there was evidence demonstrating that Defendant sold narcotics to a confidential informant on three separate occasions.  Further, there was evidence that Defendant willingly agreed to participate in the drug transactions.  Therefore, I must deny Defendant's Motion for Acquittal.

Defendant also filed a separate motion requesting a new trial.  Fed.R.Crim.P. 33 governs new trials in criminal cases and provides that "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. . . ."  A motion for a new trial "is not regarded with favor and should only be granted with great caution." *United States v. Sinclair*, 109 F.2d 1527, 1531 (10th Cir. 1997); *United*

*States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987) ("Courts disfavor new trials,

and exercise great caution in granting them").  "A motion for a new trial lies within the

discretion of the trial court and will not be reversed absent a plain abuse of discretion."

*Troutman*, 814 F.2d at 1455.

The only basis for Defendant's request for a new trial is his assertion that he was

entrapped as a matter of law.  As explained above, there is evidence in the record to

support the Jury's Verdict.  Consequently, I find that a new trial is not required in the

interest of justice.

Based on the foregoing, it is

ORDERED that Defendant's Motion for Acquittal [Docket #379] is **DENIED**.  It is

FURTHER ORDERED that Defendant's Motion for a New Trial [Docket #380] is

**DENIED**.

Dated:  August 31, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge