IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 03-cr-00249-WYD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MICHAEL KEBLES,

    Defendant.

_____

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO RECONSIDER (DOCUMENT NUMBER 388)**
_____

    THE UNITED STATES OF AMERICA, by and through its undersigned Assistant United States Attorney for the District of Colorado, hereby files its response in opposition to the above-captioned motion, showing unto the Court as follows:

1. This defendant was convicted at trial on Tuesday, August 21, 2007, upon Counts One through Five of the Superseding Indictment in this case, each a felony violation of 21 U.S.C. §841(a)(1), and each punishable by up to 20 years in prison under 21 U.S.C. §841(b)(1)(C).

2. 18 U.S.C. §3143(a)(2) provides that the Court "shall order that a person who has been found guilty of an offense described in under [18 U.S.C. §3142(f)(1)(C)] and is awaiting imposition or execution of sentence be detained...", unless the Court finds one of the exceptions set forth therein. 18 U.S.C. §3142(f)(1)(C), in turn, provides that in a case involving a violation of 21 U.S.C. §801, *et seq.*, and punishable by 10 years or more, which is the case here with five felony

convictions meeting this criteria, and under 18 U.S.C. §3142(e), the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the Government can establish **"probable cause"** that the defendant has committed this offense.  In this instance, the trial jury has found **beyond a reasonable doubt** that the defendant committed these five very serious drug felony offenses.

3. The statutory language of 18 U.S. C. §3143(a)(2), is binding upon the Court unless one of the exceptions under that section are applicable:

   (A) (I)  the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted.   In this instance, these motions have been made by the defendant and denied by the Court; or

   (A) (ii) an attorney for the government has recommended that no sentence of imprisonment be imposed on the person.   That is not the case here; and

   (B)   the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. In this instance, this defendant is more likely than most defendants similarly situated to flee as his brother, Daniel Kebles, was the source of supply for the Ecstasy sold by this defendant based upon the Government's investigation to date, and Daniel Kebles remains a DEA fugitive from justice outside the United States in the matter of *United*

2

        *States v. Daniel Kebles,* District of Colorado, Criminal Case Number: 03-cr-00539-WYD.  Finally, the five felony drug conviction trigger the rebuttable presumption in favor of detention on the ground of the safety of the community under 18 U.S.C. §3142(e) as set forth above.

4. The Government respectfully submits that the defendant has not rebutted in any fashion the rebuttable presumption set forth which applies with even greater force upon conviction than it does in the pre-trial setting due to the clear language of 18 U.S.C. §3143(a)(2).   The defendant states that he has personal or financial hardships, but the defendant had more than 4 years since the date of his arrest during May, 2003, to "wrap up" his business and personal affairs.   His failure to do so in no fashion rebuts the presumptions set forth above.   Imprisonment is always "inconvenient" to a convicted defendant, but a failure to plan or to make alternative arrangement does not in any fashion create a factual situation warranting deviation from the clear statutory language applicable to this defendant's situation.   This negligence on the part of this defendant to fail to plan for the possibility of conviction and remand does not entitle him to any consideration whatsoever.  Also, by the defendant's own admissions, he has family members in the metropolitan area who are available and capable of securing his property and addressing the other concerns listed.   As the Court will also recall, his legitimate business associate, Duane Davis, who testified during the defense case at trial, is undoubtedly available and knowledgeable about the business affairs at issue here.

There is no showing that Mr. Davis would not be able to assist the defendant's family in addressing the concerns that this defendant should have thought of long before the jury announced its verdict in this case. His failure to plan for the eventuality of conviction is irrelevant to any factual showing required under the applicable statutory provisions. He has not met his burden in any way, shape or form.

WHEREFORE, and in light of the foregoing, the Government respectfully submits that remand, as Ordered by this Court, was mandatory as so found by the Court. Further, the Government's reliance upon the rebuttable presumption is buttressed even further by the fact that this defendant has been found guilty of five "triggering" felony drug convictions beyond a reasonable doubt in the post-trial/pre-sentencing phase of this prosecution. Finally, this defendant has made no factual showing whatsoever that would rebut in any fashion the rebuttable presumption as set forth above. Therefore, the Government respectfully submits that defendant Kebles' motion to reconsider must be denied as a matter of law.

Respectfully submitted this 20th day of September, 2007,

        TROY A. EID
        UNITED STATES ATTORNEY

By: s/ James R. Boma
    JAMES R. BOMA
    Assistant U.S. Attorney
    U.S. Attorney's Office
    1225 17th St., Suite 700
    Denver, CO  80202
    Telephone:  (303) 454-0100
    Fax:  (303) 454-0401
    E-mail:  james.boma@usdoj.gov
    Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2007, I electronically filed the foregoing **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER (DOCUMENT NUMBER 388)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

**Robert John Corry , Jr**

robert.corry@comcast.net

**Kenneth Frank Eichner**

keichner@qwest.net,keneichner@gmail.com

**Walter L. Gerash**

marj@waltergerash.com

**James Sandy Russell**

James.Russell2@usdoj.gov,Donna.Seago@usdoj.gov,Pam.Jebens@usdoj.gov, Nicole.Davidson@usdoj.gov,USACO.ECFCivil@usdoj.gov,Pamela.Thompson3 @usdoj.gov,Lois.Limmel@usdoj.gov

**Eric Alan Samler**

esamler@colorado-appeals.com

**John F. Sullivan , III**

jfslaw1@aol.com

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner indicated:

Probation Officer Doug Randolph, Denver **(Via Fax to 303-844-5439)**
S/A Carl Force, DEA (San Juan, PR) **(Via Fax to 787-775-1896)**
S/A Michael J. Tinkler, DEA, Denver **(Via Fax)**

s/Lisa Vargas
LISA VARGAS
Legal Assistant to
James R. Boma
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
FAX: (303) 454-0409

5