UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 03-cr-249-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL KEBLES,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on Defendant's Motion to Reconsider (docket #388), filed September 7, 2007.  A three-day trial was held in Defendant's case, beginning on August 13, 2007.  After approximately two and a half days of deliberations, the jury returned a verdict on August 21, 2007, finding the Defendant guilty of Counts One through Five of the superseding indictment, each a felony violation of 21 U.S.C. §841(a)(1), and each punishable by up to 20 years in prison under 21 U.S.C. §841(b)(1)(C).  After the jury returned the guilty verdict, I remanded the Defendant into custody until his sentencing hearing on November 5, 2007.

In the motion before this Court, the Defendant requests that I reconsider my ruling that he be remanded into custody and permit the Defendant's release from custody until sentencing.  In support of his motion, Defendant argues that he was charged by Indictment on or about June of 2003.  He posted bond and was out of custody until August 21, 2007.  He did not miss any court dates during that period of time and has maintained both a residence and a business.  Defendant further states

that he desires to be released "long enough to get his affairs in order and relieve the burden on his family who would be responsible for the large task of taking care of the tools, the house, and the building materials." (Def's Mot ¶ 4.)

The relevant statute, 18 U.S.C. §3143(a)(2), provides in part:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
> (A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person;
> and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Additionally, 18 U.S.C. §3142(f)(1)(C) provides that a matter involving "an offense for which a maximum term of imprisonment of ten years or more as prescribed in the Controlled Substances Act (21 U.S.C. §801 *et seq.*)" satisfies the requirements set forth in 18 U.S.C. §3143(a)(2).

Turning to the case at hand, I find that the criteria set forth in 18 U.S.C. §3143(a)(2) is satisfied, and therefore, my ruling to remand the Defendant into custody was proper. First, on August 21, 2007, the Defendant was found guilty of five felonies described in 18 U.S.C. §3143(a)(2), which are each punishable by up to twenty years, and is awaiting sentence. Second, in an Order dated August 31, 2007 (docket #384), I denied Defendant's Motion for Acquittal and Motion for a New Trial. Third, in response to Defendant's instant motion, the Government has opposed the requested relief.

Fourth, as I stated on the record following the jury's guilty verdict, I find that there are no conditions of release that will reasonably assure the appearance of the Defendant and the safety of the community as required by the statute. I have some concern that if I release the Defendant, he may choose to flee rather than face what could be a lengthy period of incarceration. Finally, I reject the Defendant's argument that he desires to be released from custody to attend to personal matters. The Defendant was free on bond for more than four years since the date of his arrest in May of 2003. He had ample opportunity to settle his affairs. Therefore, I find that 18 U.S.C. §3143(a)(2) supports my ruling to remand the Defendant to custody until his sentencing hearing. Accordingly, Defendant's Motion to Reconsider must be denied.

Based on the foregoing, it is

ORDERED that Defendant's Motion to Reconsider (docket #388), filed September 7, 2007 is **DENIED**.

Dated: September 27, 2007

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge