IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 03-cr-000249-WYD

UNITED STATES OF AMERICA,
                              Plaintiff,

vs.

MICHAEL KEBLES
                              Defendant.

## MOTION FOR RELEASE PENDING APPEAL

Comes now the Defendant, Michael Kebles, by and through counsel, John F. Sullivan, III, and, respectfully requests this Court release Mr. Kebles on bond pending appeal. In support of his motion Mr. Kebles offers the following:

1) This Court has jurisdiction to hear and rule on this motion despite the case's being currently pending on appeal and can grant the motion even if the defendant is otherwise subject to mandatory detention under the Bail Reform Act. *See United States v. Jones,* 979 F.2d 804, 806 (10th Cir. 1992)(*per curiam*).

2) The governing statutes where a defendant can seek release pending appeal are 18 U.S.C. § 3143 (b) and 18 U.S.C. § 3145 (c).

3) "Section 3143(b)(1), the section on release pending appeal, requires one seeking release to show (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community...; and (B) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in [reversal, an order for an [sic] new trial, or a reduced term of imprisonment." *United States v. Bailey,* 759 F.Supp. 685, 686-7, (D.Colo. 1991).

4) Mr. Kebles is aware that 18 U.S.C. § 3143(b)(2) specifies that a person convicted of

certain offenses shall be detained pending appeal and that Mr. Kebles' convictions may fall into that category of those certain offenses.

5) However, 18 U.S.C § 3145(c) permits a judicial officer to order a defendant/appellant released even if his crimes to fall within 18 U.S.C. § 3143(b)(2) if there are "exceptional reasons why such person's detention would not be appropriate".   18 U.S.C § 3145 (c).  *See United States v. Herrera-Soto*, 961 F.2d 645, 646 (7th Cir. 1992)(*per curiam*)(the Bail Reform Act includes an exception allowing release pending appeal for those subject to mandatory detention if they first meet the conditions of 18 U.S.C. § 3143(b)(1).)

6) Therefore, in order to be released Mr. Kebles..."must show: (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community; (2) the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in an order for a new trial; and (3) by clear and convincing evidence that there are exceptional reasons why such person's detention would not be appropriate."  *Bailey,* 759 F.Supp. at 687.

7) *Mr. Kebles is not a flight risk or a danger to the community*.  Mr. Kebles was charged by indictment on or about June, 2003.  He was released on bond and had been out of custody until August 21, 2007 when a jury returned a verdict of guilty for five of the six counts charged and the Court ordered him detained. Mr. Kebles had maintained a residence in Denver since his release in June, 2003 and continued to work in home remodeling with his company, Choice Improvements.  He did not miss any court dates, he did not commit any new offense, and has no criminal history.  There is nothing in his past, in the record or demonstrated during his time on bond  which would indicate the Mr. Kebles is a flight risk or a danger to the community.

8) *The appeal is not for purposes of delay and there is a likelihood for new trial or reduced sentence.*  Mr. Kebles is not filing his appeal for the purposes of delay as there are cognizable legal issues which merit appellate consideration, notably the issue of entrapment as a matter of law.  This Court is aware of the evidence of the informant's  misconduct in giving

cocaine to potential targets and the government agency's mishandling of the informant in failing to adequately supervise phone calls and in drafting a memo they knew was not true. These inappropriate actions give rise to an argument that Mr. Kebles was entrapped as a matter of law by a rogue informant who was not being properly supervised which could result in a likelihood that the appellate court could order a new trial or a reduced sentence.

9) *Exceptional reasons.* To qualify as exceptional reasons "a merely substantial question may be sufficient, in the presence of one or more remarkable and uncommon factors, to support a finding of exceptional reasons for the inappropriateness of detention." *United States v. DiSomma,* 951 F.2d 494, 498 (2nd Cir.1991). In Mr. Kebles' case there are several uncommon factors. The first is his complete lack of criminal history prior to being charged with a federal drug indictment. The second is the unapologetic lack of memory of any detail of the significant events by the informant. The third is the brash actions taken by the informant in delivering drugs to targets. Those actions went unprosecuted. The fourth is the number of undocumented contacts between the informant and Mr. Kebles which further enabled the entrapment of Mr. Kebles. The fifth is the government memorandum promising the informant an award for his contributions to the investigation after the government had found out about the informant's illegal acts. The substantial question in this case is whether these uncommon facts led to Mr. Kebles being induced to commit the charged acts. The defense submits that these facts are remarkable and for the purposes of bail, "exceptional".

WHEREFORE, for the above reasons, Mr. Kebles respectfully requests this Court order that Mr. Kebles be released from detention pending appeal and for all other relief proper in the premises. Respectfully submitted this 18th day of April 2008.

                          s/John Sullivan III
                   By:  John F. Sullivan III,
                        155 S. Madison Street, Suite 209
                        Denver, CO 80209
                        (303) 748-4343

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of April 2008, true and correct copies of the foregoing **MOTION FOR RELEASE PENDING APPEAL** were served via ECF upon:

Mr. James Hutchins Esq.
Assistant United States Attorney
1225 17th Street, Suite 700
17th Street Plaza
Denver, CO 80202                s/ John Sullivan