UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 03-cr-00249-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL KEBLES,

    Defendant.
_____

**ORDER**
_____

    THIS MATTER is before the Court on Defendant's Motion for Release Pending Appeal (docket #435), filed April 18, 2008.  By way of background, a three-day trial was held in Defendant's case, beginning on August 13, 2007.  After approximately two and a half days of deliberations, the jury returned a verdict on August 21, 2007, finding the Defendant guilty of Counts One through Five of the superseding indictment, each a felony violation of 21 U.S.C. § 841(a)(1), and each punishable by up to twenty years in prison under 21 U.S.C. § 841(b)(1)(C).  After the jury returned the guilty verdict, I remanded the Defendant into custody until his sentencing hearing on November 5, 2007.  At the sentencing hearing, I sentenced the Defendant to 63 months of imprisonment.  The judgment was entered on November 6, 2008, and the Defendant filed a notice of appeal with the Tenth Circuit Court of Appeals on November 14, 2007.

    In the motion before this Court, the Defendant requests that I release him on bond pending appeal.  In support of his motion, Defendant argues that he is not a flight

risk or a danger to the community. Defendant was charged by Indictment on or about June of 2003. He posted bond and was out of custody until August 21, 2007. He did not miss any court dates during that period of time and maintained both a residence and a business. Defendant further argues that the appeal is not brought for purposes of delay and there is a likelihood for a new trial or a reduced sentence. (Def's Mot. ¶ 8.)

18 U.S.C. § 3143(b) governs the release or detention pending an appeal by the defendant, and it provides in relevant part:

> Except as provided under in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds –
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
> (I) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Turning to the case at hand, I find that the statutory exceptions do not apply, and therefore, the motion should be denied. First, the Defendant was found guilty of five felonies described in 18 U.S.C. § 3143(a)(2), which are each punishable by up to twenty years. The Defendant was sentenced to a term of over five years imprisonment. There is information that the Defendant's brother is a fugitive in a related criminal case. I find that there are no conditions of release that will reasonably assure the appearance of the

-3-

Defendant and the safety of the community as required by the statute. I have some concern that if I release the Defendant, he may choose to flee rather than continue serving a lengthy period of incarceration. Thus, I do not find that the Defendant has shown by clear and convincing evidence that he is not likely to flee or pose danger to the community if released.

Second, based on the evidence presented at trial, I am not convinced that the Defendant's appeal raises a substantial question of fact or law likely to result in a reversal, new trial, or a reduced sentence. The jury in this matter deliberated for several days after hearing all of the evidence and found the Defendant guilty beyond a reasonable doubt. Additionally, I find that the Defendant has failed to present any information that would support the argument that his appeal raises a substantial question of fact or law. Accordingly, Defendant's Motion for Release Pending Appeal must be denied.

Based on the foregoing, it is

ORDERED that Defendant's Motion for Release Pending Appeal (docket #435), filed April 18, 2008 is **DENIED**.

Dated: April 29, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge