'10 - CV - 0 1 5 2 8

Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Colorado | |
|---|---|---|
| Name (under which you were convicted):<br>Michael Kebles | | Docket or Case No.:<br>03-CR-249-WYD |
| Place of Confinement:<br>FCI Fort Dix, Fort Dix, New Jersey | | Prisoner No.:<br>31863-013 |
| UNITED STATES OF AMERICA<br><br>v. | | Movant (include name under which you were convicted)<br><br>MICHAEL KEBLES |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court for the District of Colorado
    Alfred A. Arraj U.S. Courthouse
    Denver, Colorado 80294

    (b) Criminal docket or case number (if you know):  03-CR-249-WYD

2.  (a) Date of the judgment of conviction (if you know):  8/21/2007

    (b) Date of sentencing:  11/5/2007

3.  Length of sentence:  Sixty-three (63) months.

4.  Nature of crime (all counts):

    Conspiracy to Possess with Intent to Distribute MDMA (Ecstasy) -- Count One -- Guilty.
    Distribution of MDMA (Ecstasy) -- Counts Two, Three, and Four -- Guilty.
    Possession with Intent to Distribute MDMA (Ecstasy) Count Five -- Guilty.

    Possession of a Firearm in Furtherance of Drug Trafficking -- Count Six -- Not Guilty.

5.  (a) What was your plea? (Check one)

    (1)  Not guilty ☑        (2)  Guilty ☐        (3)  Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ☑        Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☑     No ☐

8.  Did you appeal from the judgment of conviction?     Yes ☑     No ☐

9.  If you did appeal, answer the following:

    (a) Name of court:   United States Court of Appeals for the Tenth Circuit.

    (b) Docket or case number (if you know):  07-1485.

    (c) Result:   Judgment affirmed as to all counts.

    (d) Date of result (if you know):  3/30/2009

    (e) Citation to the case (if you know):  Not published.

    (f) Grounds raised:

      1. Entrapment as a matter of law.
      2. Insufficient evidence to prove Count Five.
      3. Newly discovered Brady evidence.
      4. Erroneous enhancement of sentence.

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐     No ☑

11.  If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❏   No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❏   No ❏

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:     Yes ❏   No ❏

    (2) Second petition:     Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

## GROUND ONE:

Informant Perjury.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The informant in the investigation that led to this case, DEA Confidential Source Robert Wilson, committed perjury at the trial on August 14, 2007. He testified falsely regarding his motivation for serving as an informant. He falsely claimed he grew weary of "Seeing people hurt . . . hurt by drugs" and decided he "wanted to make a difference." In August 2004, however, he was debriefed by Special Agent Carl Force and was specifically asked about his motivation for engaging in controlled purchases of MDMA/Ecstasy with the Movant's sister, Teresa Kebles, who acted as an intermediary between himself and the informant. Agent Force reported that Mr. Wilson "answered that Teresa angered [him] by calling the CS a 'nigger' and that was [his] motivation." The altruistic motivation he professed in his trial testimony was a courtroom fabrication contrived to deceive the jury. It was perjury. The jury had the right to know that the informant's true motivation in this case was not the lofty ambition to cleanse his community of illegal drugs, but rather the overwhelming desire to avenge an inflammatory racial insult.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The issue is based upon a DEA Report of Investigation that was not introduced into the trial record, was not in the Record on Appeal, and was thus not available for direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Page 6

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

Prosecutorial Misconduct.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The Assistant U.S. Attorney, James R. Boma, was well aware of the statement made by the informant to Agent Force about his true motivation for targeting Teresa Kebles directly and through her brother, the Movant Michael Kebles, indirectly.  He knew Mr. Wilson was not the altruistic informant he pretended to be.  He nonetheless presented him to the jury, by analogy, as a "philanthropic or socially motivated" informant, one who was "fed up with crime or violence in" his community and volunteered his services "in order to help clean up crime in [his] neighborhood or whatever."  (Trial Transcript pp. 519-20.)  Even if Mr. Wilson's original motivation were as altruistic as he professed and Mr. Boma guaranteed, he quickly abandoned it six months later when he targeted Teresa directly for revenge and through Michael indirectly.  By vouching for Mr. Wilson, Mr. Boma assited in his deception of the jury, which was deprived of the information it required to evaluate the informant's credibility, which deprived the Movant of a fair trial.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

        The issue is based upon a DEA Report of Investigation that was not introduced into the trial record, was not in the Record on Appeal, and was thus not available for direct appeal.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

Ineffective Assistance of Counsel.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The Movant's trial attorney, Mr. John F. Sullivan, failed or refused to use the single most important piece of evidence in his possession, the aforementioned DEA Report of Investigation, to impeach Mr. Wilson's credibility and ultimately to demolish it.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

In the Tenth Circuit, ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**


(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

They are the three grounds presented above:  (1) informant perjury; (2) prosecutorial misconduct; and (3) ineffective assistance of counsel.  All three issues are based upon the same document that was excluded from the trial and appellate records and thus unavailable for appellate review.  Furthermore, an issue such as the third issue is not normally raised upon direct appeal.  See United States v. Galloway, 56 F.3d 1239 (10th Cir.1995):  "We reaffirm and reemphasize the central principle laid down in Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991).  Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑    No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:

   Mr. Walter Gerash, Denver, Colorado.

   (b) At arraignment and plea:

   Mr. Walter Gerash, Denver, Colorado.

   (c) At trial:

   Mr. John F. Sullivan, III, 155 South Madison Street, Suite 209, Denver, Colorado 80209.

   (d) At sentencing:

   Mr. John F. Sullivan, III, 155 South Madison Street, Suite 209, Denver, Colorado 80209.

(e) On appeal:

Mr. John F. Sullivan, until he withdrew to permit Movant to represent himself pro se.

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, the Movant, Michael Kebles, respectfully asks this District Court to vacate his convictions, sentence, and forfeitures, and to grant him any other relief to which he may be entitled.

Executed on June 28, 2010.

Michael Keble