FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

March 30, 2009

**TENTH CIRCUIT**

Elisabeth A. Shumaker
Clerk of Court

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL KEBLES,

    Defendant-Appellant.

No. 07-1485
(D.C. No. 1:03-CR-00249-WYD-1)
(D. Colo.)

---

# ORDER AND JUDGMENT[*]

Before **HARTZ**, **MCKAY**, and **SEYMOUR**, Circuit Judges.

---

    On August 21, 2007, a jury found defendant Michael Kebles guilty of five counts relating to the possession, distribution, and conspiracy to possess with intent to distribute MDMA ("ecstacy") in violation of federal drug laws. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; 18 U.S.C. § 2. The jury also found Mr. Kebles had not been entrapped. Mr. Kebles appeals, and we affirm.

---

    [*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

During an undercover DEA investigation, a paid confidential informant befriended Mr. Kebles' sister, Teresa, who arranged a meeting with Mr. Kebles so the informant could purchase ecstasy. The meeting took place at Teresa's residence and was recorded. In discussing possible future transactions, Mr. Kebles gave the informant his telephone number. Mr. Kebles sold 601 ecstacy pills to the informant in three separate transactions occurring over the span of several months. He also offered to sell the informant an additional 400 ecstacy pills, which the informant declined to purchase. Although the DEA did not locate the 400 offered pills, it did find 77 ecstacy pills in Mr. Kebles' residence.

While acquiring the ecstacy, the informant violated his agreement with the DEA by illicitly, and without the DEA's knowledge, providing cocaine to Teresa that he consumed with her on several occasions. The informant also made several unauthorized phone calls to Mr. Kebles that the DEA did not monitor or record. Upon discovery of the informant's rogue conduct, specifically his cocaine usage with Teresa, the DEA promptly terminated the informant relationship.

On appeal, Mr. Kebles raises four arguments, three of which are from his *pro se* supplemental opening brief, which we authorized him to file after we permitted his counsel to withdraw. First, he argues the district court erroneously denied his motions for judgment of acquittal and new trial based on entrapment as a matter of law. Second, he challenges the sufficiency of the evidence respecting count five, possession with intent to distribute the 77 ecstacy pills found in his

residence. Third, he asserts the district court improperly denied his oral request for a new trial based on newly discovered *Brady* evidence. Finally, he argues the district court erroneously considered the "mythical" 400 ecstacy pills as relevant conduct in enhancing his sentence.

*Entrapment as a Matter of Law*: We review *de novo* the district court's denial of Mr. Kebles' motions alleging entrapment as a matter of law. *See United States v. Beal*, 961 F.2d 1512, 1516 (10th Cir. 1992) (motion for judgment of acquittal). Entrapment exists as a matter of law only where the evidence of entrapment is uncontradicted. *United States v. Hildreth*, 485 F.3d 1120, 1125 (10th Cir. 2007). We limit our inquiry to "whether sufficient evidence exists to support the jury's verdict." *Id.* We do not choose between conflicting witnesses or judge credibility, and we must view the evidence and all reasonable inferences in the light most favorable to the government. *Id.* We "will overturn a jury's rejection of the entrapment defense only if *no* reasonable jury could have found that the government proved . . . beyond a reasonable doubt that there was no entrapment." *United States v. Young*, 954 F.2d 614, 618 (10th Cir. 1992) (internal quotation marks omitted) (emphasis and alteration in original).

Entrapment consists of two elements: inducement and the absence of predisposition. *United States v. Nguyen*, 413 F.3d 1170, 1178 (10th Cir. 2005). Inducement asks whether the government induced the defendant to commit the criminal act. *Young*, 954 F.2d at 616. "Governmental inducement may take the

-3-

form of persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *United States v. Ortiz*, 804 F.2d 1161, 1165 (10th Cir. 1986). Predisposition, on the other hand, focuses on the defendant's state of mind and asks whether the defendant was otherwise predisposed to commit the criminal act given the opportunity. *Id.* Predisposition "may be shown by evidence of similar prior illegal acts or [] may be inferred from defendant's desire for profit, his eagerness to participate in the transaction, his ready response to the government's inducement offer, or his demonstrated knowledge or experience in the criminal activity. *Nguyen*, 413 F.3d at 1178 (internal quotation marks omitted).

The evidence in this case "falls far short of pointing conclusively and unmistakably to entrapment as a matter of law." *Id.* (internal quotation marks omitted). In fact, it clearly shows Mr. Kebles was not induced. That the informant made numerous phone calls (both authorized and unauthorized) to Mr. Kebles after the first purchase, even assuming an average of two to three calls per week, does not constitute persuasion and harassment. That the informant occasionally provided Teresa with cocaine may qualify as inducement of *Teresa*, but it does not, without more, translate into inducement of Mr. Kebles. The informant simply used Teresa as an intermediary. Contrary to Mr. Kebles' assertion, moreover, there is no evidence the informant made a plea "based on need, sympathy or friendship." *Ortiz*, 804 F.2d at 1165. The evidence does not

show that Mr. Kebles even knew the informant gave his sister cocaine. Thus, Mr. Kebles' entrapment defense necessarily fails because the government sufficiently disproved inducement. *See Ford*, 550 F.3d at 982 ("[I]f the government disproves either element then the entrapment defense will fail.")

*Sufficient Evidence of Intent*: Mr. Kebles challenges the sufficiency of the evidence only with regard to intent.[1] He argues the quantity of ecstacy pills found in his residence, 77 pills total, does not evidence intent. We review this issue *de novo*, asking "whether, taking the evidence – both direct and circumstantial, together with the reasonable inferences to be drawn therefrom – in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Kaufman*, 546 F.3d 1242, 1263 (10th Cir. 2008) (alteration omitted). Given the verdict, we resolve evidentiary conflicts in favor of the government and assume the jury's credibility determinations are proper. *United States v. Doddles*, 539 F.3d 1291, 1293-94 (10th Cir. 2008). To establish possession with intent to distribute under 21 U.S.C. § 841(a)(1), the government must prove the defendant: "(1) possessed the controlled substance; (2) knew he possessed the controlled substance, and (3)

---

[1] We note Mr. Kebles did not raise this argument below. Nevertheless, as we concluded in *Kaufman*, 546 F.3d at 1263, "a conviction in the absence of sufficient evidence of guilt is plainly an error, clearly prejudiced the defendant, and almost always creates manifest injustice." (Quotation marks and citation omitted).

intended to distribute or dispense the controlled substance." *United States v. McKissick*, 204 F.3d 1282, 1291 (10th Cir. 2000).

Our precedent is clear that the quantity of contraband can provide sufficient evidence of intent. In *Doddles*, 539 F.3d at 1294, we held that "based on the testimony that twenty pills [of ecstacy] is a distributable quantity and that individual users will not usually own this many pills at one time," evidence was sufficient to establish intent. Here, a DEA agent testified that the number of ecstacy pills found in Mr. Kebles' residence far exceeded a personal consumption quantity. *See* Rec., vol. III at 263 ("For one night, if someone was partying, they [sic] would take one hit, one tablet."). This testimony is sufficient evidence of intent to distribute.

*Brady Claim*: We review *de novo* a *Brady* claim that the prosecution withheld material exculpatory evidence. *United States v. Ford*, 550 F.3d 975, 981 (10th Cir. 2008). *See generally Brady v. Maryland*, 373 U.S. 83 (1963). "A defendant who seeks a new trial based on an alleged *Brady* violation must show by a preponderance of the evidence that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material." *Ford*, 550 F.3d at 981 (internal quotation marks omitted). Materiality requires "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Banks v. Reynolds*, 54 F.3d 1508, 1518 (10th Cir. 1995). We judge materiality in view of

the entire record, asking whether the excluded evidence creates a reasonable doubt that did not otherwise exist. *Id.*

Mr. Kebles' *Brady* claim arises from the informant's criminal history. More than four years before trial, the government sent a supplemental discovery letter to Mr. Kebles stating that there was a record of a 1985 arrest for aggravated car theft for an individual with the same name and birth date as the informant, but that the informant denied he was this individual. The arrest did not result in a conviction. In light of this information and the fact the informant had no convictions of record, the government advised that any reference to this arrest would lack a good faith basis and constitute an improper impeachment attempt. After Mr. Kebles' trial and within days of sentencing, Mr. Kebles discovered the informant was in fact the person who was arrested for aggravated car theft in 1985. He orally requested a new trial, contending this new evidence was significant because it showed the informant lied to the government about his prior criminal history and his supposed altruistic motive for working with the DEA.[2] Mr. Kebles argued the evidence could be used to impeach the informant's credibility. The district court denied the motion.

---

[2] Mr. Kebles argues that Julia Rutter, a close friend of the informant, testified the informant told her he was working with the DEA to "get points off of him," Reply at 10; *see* Rec., vol. IX at 15, but the record does not support this assertion. Ms. Rutter testified only that the informant told her "he worked for the DEA." Rec., vol. IV at 448.

-7-

We are not persuaded a new trial is warranted. Even assuming that the government suppressed the informant's criminal history[3] and that this information would be favorable to Mr. Kebles, the evidence nevertheless is immaterial. The Federal Rules of Evidence require a *conviction* for impeachment – not simply an arrest. *See* Fed. R. Evid. 609. Moreover, the informant did not begin working with the DEA until at least 2001 or 2002, long after the 1985 arrest. As the government pointed out, "There is no way that [the informant] was working off . . . an 18-year-old case. That's ludicrous." Rec., vol. IX at 18.

Further, even were we to assume this evidence could have lead to *other* evidence that revealed government cooperation, we still would not reach a different result. The jury heard testimony that the informant was paid for his participation in the undercover investigation. The jury already knew, therefore, that the informant's motivation was not purely altruistic and that he had a financial interest in catching drug dealers. In sum, it is not reasonably probable that this impeachment evidence would have altered the jury's verdict.

*Sentencing Enhancement*: We review for clear error the factual findings underlying a district court's sentencing determination. *United States v. Hooks*, 551 F.3d 1205, 1216 (10th Cir. 2009). "We will not disturb [a] finding unless it has no support in the record or, after reviewing all the evidence, we are firmly

---

[3] Defense counsel admitted to the district court that he did not think the government had this information.

convinced that an error has been made." *United States v. Ortiz*, 993 F.2d 204, 207 (10th Cir. 1993). The government must prove "the quantity of drugs for sentencing purposes by a preponderance of the evidence." *Id.*

The district court enhanced Mr. Kebles' base offense level under the advisory sentencing guidelines. The court counted as relevant conduct Mr. Kebles' offer to sell the informant 400 additional ecstacy pills. Mr. Kebles contends the government did not produce sufficient evidence to support this finding. To the contrary, the government produced two key pieces of evidence. First, the government played an audio tape, albeit of poor quality, of this transaction during trial. Second, a DEA agent testified that he actually overheard Mr. Kebles offer to sell the informant 400 additional pills. The evidence clearly supports the district court's factual finding.

For the reasons set forth above, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge