Westlaw

Case 3

Page 1

179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.)))**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
UNITED STATES of America, Respondent-Appellee,
v.
Lavelle HENDERSON, Petitioner-Appellant.
**No. 05-3340.**

May 5, 2006.

**Background:** After his convictions for engaging in a continuing criminal enterprise and a money laundering conspiracy were affirmed, 78 Fed.Appx. 91, federal prisoner, who had been sentenced to life imprisonment, filed motion to vacate his sentence. The United States District Court for the District of Kansas, 2005 WL 1457680,Rogers, J., denied his motion. Prisoner sought certificate of appealability (COA) and moved to supplement his initial motion.

**Holdings:** The Court of Appeals, Michael W. McConnell, Circuit Judge, held that:
(1) defense counsel was not ineffective;
(2) prisoner was not prejudiced by alleged *Brady* violation;
(3) government's alleged proffer of perjured testimony did not violate due process; and
(4) issues that were not raised before the district court would not be considered as part of prisoner's application for a COA.

Motion to amend denied, request for COA denied, and appeal dismissed.

West Headnotes

**[1] Criminal Law 110 €—1895**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
            110k1895 k. Indictment and Information. Most Cited Cases
   (Formerly 110k641.13(2.1))

Defense counsel's alleged failure to adequately object to district court's amendment of indictment did not prejudice defendant, as required to support claim that counsel was ineffective, since the amendment narrowed the charges, and there was also sufficient evidence to convict defendant of the pre-amendment charges. U.S.C.A. Const.Amend. 6.

**[2] Criminal Law 110 €—1969**

110 Criminal Law
   110XXXI Counsel
      110XXXI(C) Adequacy of Representation
         110XXXI(C)2 Particular Cases and Issues
            110k1966 Appeal
               110k1969 k. Raising Issues on Appeal; Briefs. Most Cited Cases
   (Formerly 110k641.13(7))

Defense counsel's failure to contend on direct appeal from criminal conviction that government knowingly used perjured testimony did not prejudice defendant, as required to support claim that counsel was ineffective, given absence of evidence that any witness actually committed perjury. U.S.C.A. Const.Amend. 6.

**[3] Criminal Law 110 €—1999**

110 Criminal Law
   110XXXI Counsel
      110XXXI(D) Duties and Obligations of Prosecuting Attorneys
         110XXXI(D)2 Disclosure of Information
            110k1993 Particular Types of Information Subject to Disclosure

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.)))**

110k1999 k. Impeaching Evidence. Most Cited Cases

(Formerly 110k700(4))

Prosecutor's failure to disclose that witness who testified against defendant at trial was actually incarcerated for six months of the time that she said she was involved in defendant's criminal enterprise did not prejudice defendant, as would support claim of *Brady* violation, since witness never specifically told jury that she transported drugs during time period that she was incarcerated, amended indictment did not charge defendant for conduct during that time period, and government presented many other witnesses who testified about defendant's drug trafficking. U.S.C.A. Const.Amend. 5.

**[4] Constitutional Law 92 4632**

92 Constitutional Law
    92XXVII Due Process
        92XXVII(H) Criminal Law
            92XXVII(H)4 Proceedings and Trial
                92k4631 Use of Perjured or Falsified Evidence
                    92k4632 k. In General. Most Cited Cases

(Formerly 92k268(9))

**Criminal Law 110 1171.8(1)**

110 Criminal Law
    110XXIV Review
        110XXIV(Q) Harmless and Reversible Error
            110k1171 Arguments and Conduct of Counsel
                110k1171.8 Presentation of Evidence
                    110k1171.8(1) k. In General. Most Cited Cases

Witness's allegedly false testimony about drug purchases did not have a reasonable likelihood of affecting jury's judgment, and thus did not violate due process on ground that prosecution knowingly proffered perjured testimony, since witness's testimony only served as background information about his relationship with defendant and concerned events that predated the period charged in the indictment. U.S.C.A. Const.Amend. 5.

**[5] Constitutional Law 92 4632**

92 Constitutional Law
    92XXVII Due Process
        92XXVII(H) Criminal Law
            92XXVII(H)4 Proceedings and Trial
                92k4631 Use of Perjured or Falsified Evidence
                    92k4632 k. In General. Most Cited Cases

(Formerly 92k268(9))

**Criminal Law 110 2034**

110 Criminal Law
    110XXXI Counsel
        110XXXI(D) Duties and Obligations of Prosecuting Attorneys
            110XXXI(D)5 Presentation of Evidence
                110k2032 Use of False or Perjured Testimony
                    110k2034 k. What Constitutes Perjured Testimony. Most Cited Cases

(Formerly 110k706(2))

Alleged inconsistencies in witnesses' testimony did not alone establish that one of them committed perjury, as would support defendant's claim that prosecution violated defendant's due process rights by knowingly proffering perjured testimony. U.S.C.A. Const.Amend. 5.

**[6] Criminal Law 110 1073**

110 Criminal Law
    110XXIV Review
        110XXIV(F) Proceedings, Generally
            110k1073 k. Certificate of Probable Cause or Reasonable Doubt. Most Cited Cases

(Formerly 110k1042)

Issues that were not raised before district court in federal prisoner's motion to vacate sentence would not be considered as part of his application for a certificate of appealability (COA) following the denial of his motion. 28 U.S.C.A. § 2255;

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.)))**

Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.
**\*536** Thomas G. Luedke, James A. Brown, Asst. U.S. Attorney, Office of the United States Attorney, Topeka, KS, for Respondent-Appellee.

Lavelle Henderson, Florence, CO, for Petitioner-Appellant.

Before HARTZ, SEYMOUR, and McCONNELL, Circuit Judges.

### **\*537 ORDER**[FN\*]

[FN\*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

MICHAEL W. McCONNELL, Circuit Judge.

**\*\*1** Lavelle Henderson, a federal prisoner proceeding *pro se,* seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Henderson has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. *Id.* § 2253(c)(2).

### **Background**

Mr. Henderson was convicted by a jury on one count of engaging in a continuing criminal enterprise pursuant to 21 U.S.C. § 848 and one count of engaging in a money laundering conspiracy pursuant to 18 U.S.C. §§ 1956(h) and 1957(a). The district court imposed an automatic life sentence pursuant to 21 U.S.C. § 848(b). Mr. Henderson filed a direct appeal and, subsequently, sought to vacate his sentence pursuant to 28 U.S.C. § 2255. This Court affirmed his conviction and sentence on direct appeal, *see United States v. Henderson,* 78 Fed.Appx. 91 (10th Cir.2003) (unpublished), and the district court denied his motion to vacate his sentence under § 2255. Mr. Henderson then sought a COA from the district court, which was denied.

### **Discussion**

The denial of a motion for relief under § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted).

In his request for a COA, Mr. Henderson makes eight arguments, which we construe liberally. Two of those arguments amount to claims of ineffective assistance of counsel, and another two challenge the constitutionality and length of the sentence. Mr. Henderson also alleges a *Brady* violation and a denial of due process. Finally, he challenges the constitutionality of his indictment and the sufficiency of the evidence against him. We consider each argument in turn.

### *A. Ineffective Assistance of Counsel*

To support a claim of ineffective assistance of counsel, a defendant must show that his attorney's performance " 'fell below an objective standard of reasonableness' and that the unreasonably deficient performance resulted in prejudice." *Lucero v. Kerby,* 133 F.3d 1299, 1323 (10th Cir.1998) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Prejudice is shown when a defendant establishes "that there [was] a reasonable probability that, but for counsel's unprofessional errors, the res-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.)))**

ult of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Mr. Henderson claims **\*538** that he was denied effective assistance of counsel for two reasons.

**\*\*2** [1] First, Mr. Henderson claims that his attorney failed to adequately challenge the district court's decision to amend the indictment. Mr. Henderson does not explain how his attorney's objection, properly raised at trial, was inadequate, but even if the objection to the amendment was somehow deficient, it did not result in prejudice. Generally, to be amended an indictment must be resubmitted to a grand jury, unless the amendment is merely a matter of form. *United States v. Gammill,* 421 F.2d 185, 186 (10th Cir.1970). The district court may amend the dates in an indictment so long as the date is not an essential element of the offense charged. *Id.* ("A defective allegation of time is a matter of form if time is not an essential element of the offense and if the indictment charges facts showing that the offense was committed within the period of the statute of limitations."); *see also United States v. Leichtnam,* 948 F.2d 370, 376-77 (7th Cir.1991) (holding that an indictment need not be resubmitted when an amendment merely narrows the charges to "something less than what the grand jury charged" but which is "still a criminal offense and one that the grand jury clearly set out in its indictment").

In this case, the district court allowed an amendment to the indictment that changed the starting dates of the alleged continuing criminal enterprise, resulting in a shorter period than the grand jury originally charged. Under Count 1, the alleged starting date of the enterprise was changed from April 1, 1992 to January 1, 1994 and the alleged beginning date of the first predicate act was changed from April 14, 1992 to January 1, 1994. This change was merely a matter of form, however, as the temporal scope of a conspiracy is not an "essential" or "material" element of the charge. *United States v. Cina,* 699 F.2d 853, 859 (7th Cir.1983). The amendment narrowed the charges against Mr. Henderson, but the amended indictment still charged him with a criminal offense clearly set out in the original indictment. Moreover, even if the indictment had not been amended, there was sufficient evidence to convict Mr. Henderson on all counts because the jury found that Mr. Henderson had committed six other predicate acts, which were unamended and sufficient to convict Mr. Henderson of the conspiracy charge. Mr. Henderson therefore suffered no prejudice as a result of any deficiency in his attorney's challenge to the amendment.

[2] Mr. Henderson next charges that he was denied effective assistance of counsel on his direct appeal because his counsel failed to contend that the government knowingly used perjured testimony in its case against him. As discussed below in Section C, Mr. Henderson has not demonstrated that the government knowingly used perjured testimony. Mr. Henderson therefore has not demonstrated that there is a reasonable probability that he would have prevailed on direct appeal had his attorney raised the perjury issue, and he suffered no prejudice as a result of his attorney's performance.

*B. Violation of Brady v. Maryland*

**\*\*3** [3] Mr. Henderson contends that, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the prosecution withheld evidence that LaPreasha Wynne, an ex-girlfriend of Mr. Henderson who testified against him, was incarcerated for six months from October 1993 to March 1994. He contends that this evidence is exculpatory impeachment evidence because Ms. Wynne testified at trial that she was involved with Mr. Henderson as part of the continuing criminal **\*539** enterprise during this period. Based on a review of Ms. Wynne's testimony, however, it is clear that Mr. Henderson was not prejudiced by any failure to disclose the fact of Ms. Wynne's incarceration. *Brady* violations only occur when "the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v.*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case No. 1:03-cr-00249-WYD   Document 454-9   filed 08/03/10   USDC Colorado   pg 5 of 6

Page 5
Case 3

179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.)))**

*Greene,* 527 U.S. 263, 281, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). In this case, evidence of the incarceration was not necessarily exculpatory. At trial, Ms. Wynne never testified as to the specific dates of her trips she took to transport cocaine for Mr. Henderson, but she agreed generally that she made trips in 1994 and the beginning of 1995. She never specifically told the jury that she made trips during late 1993 or early 1994. Her testimony therefore was consistent with Mr. Henderson's assertion that she was incarcerated only until March 1994. Even if evidence of the incarceration would have undermined testimony by other witnesses concerning Ms. Wynne's (subsequently retracted) statement to police about 1992 and 1993 drug trips, withholding that evidence could not have prejudiced the verdict because the amended indictment only charged Mr. Henderson for conduct after January 1, 1994. Moreover, in a case where the government produced a litany of witnesses to testify about Mr. Henderson's drug trafficking, Ms. Wynne was easily the least effective. She testified that she did not know whether Mr. Henderson was in the courtroom, that she did not know whether her previous statement to the police was truthful, and that some of her previous accounts of Mr. Henderson's drug trafficking activities were entirely fabricated. On cross-examination, she admitted to lying under oath about her trips to California and to telling at least six inconsistent versions of her story to various police and court officers. Yet another piece of impeachment evidence against Ms. Wynne would have made no difference in the verdict. Mr. Henderson has therefore failed to make a substantial showing of the denial of a constitutional right by reason of a *Brady* violation.

C. Perjured Testimony

Next, Mr. Henderson argues that the prosecution knowingly proffered perjured testimony. The prosecution's knowing solicitation of, or failure to correct, perjured testimony violates the defendant's due process rights and will be grounds for a new trial " 'if the false testimony could in any reasonable likelihood have affected the judgment of the jury.' " *United States v. Vaziri,* 164 F.3d 556, 563 (10th Cir.1999) (citing *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)). In this case, however, Mr. Henderson has failed to demonstrate that any witness committed perjury, let alone that the government solicited perjured testimony. In some cases Mr. Henderson has affirmatively misrepresented the trial testimony, while in others the alleged perjury goes to irrelevant facts.

**\*\*4** [4] For example, Mr. Henderson claims that one witness, Michael Reece, committed perjury by testifying that he bought cocaine from Mr. Henderson "every day of the year from 1988 to 1991." Appellant's Br. 22. Mr. Henderson asserts, without providing any evidence, that Mr. Reece was in fact incarcerated during 19 months of that period. Yet even if we assume that Mr. Reece was indeed incarcerated before 1991, and made the further assumption that the prosecution solicited that perjury, Mr. Henderson has failed to show that the perjury had a reasonable likelihood of affecting the judgment of the jury. Mr. Reece's testimony about 1988 to 1991 simply served as background information**\*540** about the relationship between Mr. Reece and Mr. Henderson, and concerned events that predated the period charged in the indictment by more than three years. That testimony had no material effect on the outcome of the case.

[5] As another example, Mr. Henderson claims that one of two prosecution witnesses, Michael Reece or Heather Reece, must have committed perjury because their testimony was inconsistent. According to Mr. Henderson, Heather Reece testified that the enterprise was distributing $3,000 to $5,000 worth of cocaine per day, while Michael Reece testified that "if anyone said that, it would be a lie." *Id.* Setting aside the fact that witnesses frequently disagree in their interpretation and recollection of events, and that tension between witnesses' testimony does not prove subornation of perjury by the prosecution, the testimony is not actually inconsistent. During the portion of the testimony cited by

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case No. 1:03-cr-00249-WYD   Document 454-9   filed 08/03/10   USDC Colorado   pg 6 of 6

Page 6
Case 3

179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.)))**

Mr. Henderson, Michael Reece said that anyone who imputed certain daily drug quantities to the enterprise would be lying, and that the enterprise never took in $5,000 to $8,000 per day. He never disagreed with a figure of $3,000 to $5,000 per day.

Mr. Henderson cites another half-dozen picayune examples and concludes with the extravagant claim that "every one of the government's witnesses committed perjury with the full knowledge of the prosecutor." *Id.* It is as if Mr. Henderson has pored over the trial transcript, hunting for minor inconsistencies between the stories of prosecution witnesses and casting each one as an instance of deliberate prosecution misconduct. To the contrary, we find no evidence of perjury or the solicitation of perjury by the prosecution, and therefore hold that Mr. Henderson has failed to make a substantial showing of the denial of a constitutional right on those grounds.

*D. Issues Not Raised Below*

[6] Next, Mr. Henderson raises four issues for the first time on appeal, as part of a supplemental brief entitled "Motion to Amend and/or Supplement an Original Pleading (Movant's Initial 28 U.S.C. § 2255 and Subsequent Application for a Certificate of Appealability) Pursuant to [Fed.R.Civ.P.] 15(a) and (d) in the Interest of Justice so as to Obtain a Fair and Just Result Under the Federal Rules of Habeas Procedure." This motion sets forth four new grounds for relief: (1) that the indictment was constitutionally defective, (2) that Mr. Henderson's sentence was unreasonable, (3) that the district court erred in certain sentencing calculations, and (4) that the evidence was insufficient to support the continuing criminal enterprise conviction. Because Mr. Henderson raised none of these issues before the district court, we decline to consider them as part of the application for a COA.

**\*\*5** Contrary to the title of Mr. Henderson's motion, this Court may not grant leave to amend or supplement an original § 2255 petition under Rule 15. Mr. Henderson had an opportunity to raise all of these claims before the district court, and it was the sole province of that court, acting in accordance with Rule 15(a) or 15(d), to grant leave to amend or supplement the original petition. *See* Fed.R.Civ.P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature...."). We may not authorize Mr. Henderson to retroactively amend his "initial" petition to cover a host of new issues. We therefore deny Mr. Henderson's motion to amend or supplement his original pleadings, and treat all of the new issues raised in his brief as not preserved.

Federal appellate courts only rarely consider an issue not passed upon below. **\*541** *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 720 (10th Cir.1993). In this case, Mr. Henderson "does not argue on appeal that any special circumstance requires us to address [his] contention despite lack of preservation below." *United States v. Windrix,* 405 F.3d 1146, 1156 (10th Cir.2005). We therefore do not consider his remaining claims.

### Conclusion

Accordingly, we **DENY** Lavelle Henderson's motion to amend or supplement his initial petition, **DENY** his request for a COA, and **DISMISS** this appeal.

C.A.10 (Kan.),2006.
U.S. v. Henderson
179 Fed.Appx. 535, 2006 WL 1196449 (C.A.10 (Kan.))

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.