Slip Copy, 2010 WL 1981035 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 2010 WL 1981035 (C.A.10 (Okla.)))**

Only the Westlaw citation is currently available. This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter. See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)

United States Court of Appeals,
Tenth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin Ellis HOLLY, Defendant-Appellant.
**No. 09-7104.**

May 19, 2010.

**Background:** Defendant, a former sheriff, filed a motion for a new trial following various convictions related to sexual abuse of inmates and employees. The United States District Court for the Eastern District of Oklahoma, Stephen P. Friot, J., 2009 WL 3275087, denied the motion. Defendant appealed.

**Holding:** The Court of Appeals, Carlos F. Lucero, Circuit Judge, held that defendant's evidence did not warrant a new trial.

Affirmed.

West Headnotes

**[1] Criminal Law 110 920**

110 Criminal Law
 110XXI Motions for New Trial
  110k920 k. Incompetency or Neglect of Counsel for Defense. Most Cited Cases
Evidence that defense counsel for defendant, a former sheriff, may have had a conflict of interest did not warrant a new trial following defendant's convictions related to sexual abuse of inmates and employees, absent a showing that defendant discovered the evidence after trial or that such evidence was material to principal issues involved in the case. Fed.Rules Cr.Proc.Rule 33, 18 U.S.C.A.

**[2] Criminal Law 110 918(2)**

110 Criminal Law
 110XXI Motions for New Trial
  110k918 Errors and Irregularities in Conduct of Trial
   110k918(2) k. Irregularities Affecting Witnesses. Most Cited Cases
Evidence that witnesses in prosecution against defendant, a former sheriff, may have engaged in a "drug party" at their hotel or were under the influence of drugs during testimony did not warrant a new trial following defendant's convictions related to sexual abuse of inmates and employees, where such evidence was impeachment evidence, and defendant did not show it would probably lead to his acquittal. Fed.Rules Cr.Proc.Rule 33, 18 U.S.C.A.

Gregory Dean Burris, Office of the United States Attorney, Muskogee, OK, Linda A. Epperley, Robert Gay Guthrie, Sheldon J. Sperling, U.S. Attorney, Office of the United States Attorney, Muskogee, OK, for Plaintiff-Appellee.

Melvin Ellis Holly, Ayer, MA, pro se.

Before KELLY, McKAY, and LUCERO, Circuit Judges.

**ORDER AND JUDGMENT**[FN*]

CARLOS F. LUCERO, Circuit Judge.

**\*1** Melvin Ellis Holly, a federal prisoner proceeding pro se, appeals the denial of his motions for a new trial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1981035 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 2010 WL 1981035 (C.A.10 (Okla.)))**

Holly is a former sheriff. In August 2005, he was convicted on fourteen federal counts related to the sexual abuse of inmates, employees, and an employee's daughter at the Latimer County jail. On direct appeal, we reversed four of those convictions due to a jury-instruction error. *See United States v. Holly,* 488 F.3d 1298 (10th Cir.20071.) Holly then filed a federal habeas petition, which challenged his convictions on the ten remaining counts based on ineffective assistance of counsel. The district court denied habeas relief, and we declined Holly's request for a certificate of appealability ("COA"). *See United States v. Holly,* No. 09-7088, 2010 WL 423120 (10th Cir. Feb.5, 2010) (unpublished).

In October 2009, Holly filed a motion for a new trial followed by a supplemental motion for new trial. After reviewing Holly's claims on the merits, the district court denied both motions. Holly timely appealed.

Federal Rule of Criminal Procedure 33 permits a district court to grant a new trial if required in the interests of justice. "[A] motion for new trial is regarded with disfavor and should only be granted with great caution." *United States v. Quintanilla,* 193 F.3d 1139, 1146 (10th Cir.1999). To show that newly discovered evidence warrants a new trial, a defendant must establish:

> (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by [his] own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Id.* at 1147 (citation omitted). We review the denial of a Rule 33 motion for an abuse of discretion. *Id.* at 1146.

Holly alleges that he has obtained new evidence of the following: (1) his counsel had a conflict of interest; (2) prior to trial, the government placed its witnesses in a "Laquinta Inn Motel," where a "drug party" occurred; (3) a prosecution witness was under the influence of drugs when she testified; (4) several witnesses committed perjury and had engaged in illegal activities in the past; (5) DNA evidence was concealed from the jury; (6) Holly was given psychotropic drugs while in jail; and (7) decisions made by the district judge during and after trial violated ethical canons.

[1] For substantially the same reasons set forth by the district court, we conclude that Holly did not make the requisite showings under Rule 33.[FN1] With respect to defense counsel's alleged conflict of interest, Holly failed to demonstrate that he discovered this evidence after trial or that such evidence is material to the principal issues involved in his case. We rejected a similar conflict-of-interest claim in denying Holly a COA to appeal the denial of his habeas petition; his arguments here are equally unavailing. *See Holly,* 2010 WL 423120, at *1 (concluding that Holly "fail[ed] to show either an actual conflict of interest or an adverse effect on his counsel's performance").

**\*2** [2] Holly's claims concerning witness placement, drug use, and other misbehavior likewise fail. This evidence is merely impeaching, and Holly has not shown that it would probably lead to his acquittal. The latter is also true of Holly's claim regarding concealed DNA evidence[FN2] and his allegation that he was given psychotropic drugs. Finally, Holly's argument that the district judge violated ethical canons is without merit; to the extent the alleged misconduct is evidence, it is immaterial to the principle issues in the case and would not have led to an acquittal.[FN3]

For the foregoing reasons, we conclude that the district court properly exercised its discretion in denying Holly's motions for a new trial. Accordingly, we **AFFIRM.** Because Holly has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir.1991), we **DENY** his motion to proceed *in forma pauperis.*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case No. 1:03-cr-00249-WYD   Document 454-10   filed 08/03/10   USDC Colorado   pg 3 of 3

Page 3

Slip Copy, 2010 WL 1981035 (C.A.10 (Okla.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 2010 WL 1981035 (C.A.10 (Okla.)))**

Case 4

FN* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

FN1. Like the district court, we note that Holly's motions were untimely. *See* Fed.R.Crim.P. 33(b)(1) (requiring that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty"). However, the government did not argue timeliness below, and because this issue is not jurisdictional, we do not raise it sua sponte. *See Eberhart v. United States,* 546 U.S. 12, 19, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005).

FN2. Holly did not indicate the name of the alleged DNA donor in any of his pleadings below, nor did he make a reasoned argument that this evidence would result in his acquittal.

FN3. Holly also obliquely raises an issue concerning his *Miranda* rights. This argument was not made before the district court, and we will not consider it on appeal. *See Walker v. Mather (In Re Walker ),* 959 F.2d 894, 896 (10th Cir.1992).

C.A.10 (Okla.),2010.
U.S. v. Holly
Slip Copy, 2010 WL 1981035 (C.A.10 (Okla.))

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.