THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2010 OCT -1  PM 4: 52

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

Civil Action No.    10-CV-1528-WYD
Criminal Action No.  03-CR-0249-WYD

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

    v.

MICHAEL KEBLES,

    Defendant-Movant.

---

## MOVANT'S SECOND MOTION FOR AN ENLARGEMENT OF TIME FOR FILING A REPLY TO THE GOVERNMENT'S RESPONSE

---

The Movant, Michael Kebles, *pro se,* files this Second Motion for an Enlargement of Time for Filing a Reply to the Government's Response, and as grounds therefor, states as follows:

1. On August 18, 2010, the U.S. District Court granted the Movant's Motion for an Enlargement of Time in which to file a reply to the Government's Response to his Motion to Vacate, Set Aside, or Correct Sentence. The Court's Order fixed the new filing deadline as October 1, 2010.

1

2.	Using the additional forty-five days provided by the Court, the Movant worked diligently to evaluate the Government's lengthy and complicated thirty-five-page Response, twenty-two cited cases, and one hundred twenty-nine pages of attachments. Despite his diligent efforts, the Movant has been unable to complete his Reply by today's deadline date for the following two reasons:

*First,* the Movant has *still* not seen the Record on Appeal, whose importance was explained in his first Motion for an Enlargement of Time and is repeated here. The appellate record is frequently but only generally cited by the Government as proof that two, and perhaps all three, grounds raised for collateral appeal are now procedurally barred because they allegedly could have been, but were not, raised on direct appeal. *United States* v. *Frady*, 456 U.S. 152 (1982). The Movant, for his part, wishes to make reference to the post-trial correspondence between himself and his attorney, Mr. John F. Sullivan, III, which became part of the appellate record when the Movant asked him to withdraw as his appointed appellate counsel. That correspondence bears upon the central §2255 issue of ineffective assistance of counsel with regard to Mr. Sullivan's improper use of the false theory of *vicarious entrapment*, which the Government now calls a "clever and well-built defense strategy" (p. 26) and a "reasonable trial strategy" (p. 31). If the Government's appraisal is correct, the claim of ineffective assistance of counsel must fail; if the Movant's appraisal is correct, the claim may yet prevail. The Record on Appeal is

2

consequently indispensable to the Movant, who has not yet obtained access to it, but cannot begin to rebut the Government's allegations without it.

*Second,* the Movant only recently discovered a case that bears directly upon his own: *Dupart* v. *United States*, 541 F.2d 1148, 1150 (5th Cir. 1976). There the Fifth Circuit addressed an allegation of courtroom perjury that corresponds closely to the Movant's allegation in his §2255 Motion. The movant in the *Dupart* case claimed that perjury was committed by the Government's paid informant during direct examination by the Assistant U.S. Attorney. With regard to the carefully-crafted questions and answers set forth in the direct examination, the Fifth Circuit wrote that "such a formalistic exchange of testimony, even though technically not perjurious, would surely be highly misleading to the jury, a body generally untrained in such artful distinctions." The Movant in the present case requires more time to evaluate *Dupart's* relevance and to assimilate its reasoning into his Reply, specifically with regard to the ineffective assistance of counsel claim.

3. When writing his first Motion for an Enlargement of Time, the Movant did underestimate the difficulty and expense involved in obtaining copies of the relevant portions of the appellate record, access to which, in collateral proceedings, is neither a Constitutional nor a statutory right. Only recently did he finally locate a researcher who has agreed to visit the National Archives to review and

3

photocopy the relevant portions of the appellate record for his use in writing his Reply.

4.  The Movant is well aware that most §2255 motions present district courts with more problems than they are apparently worth because "prisoner complaints often seem annoying and insubstantial and . . . such complaints faced by most district courts would try the patience of Job. Job-like patience, however, should be the judicial benchmark in this area." *Dupart*, 541 F.2d at 1150.  The Movant believes, however, that this District Court may already agree that the grounds for relief asserted in his §2255 Motion belong to a distinctly different category, and he is confident that this Court will soon agree that such grounds, further explicated by the forthcoming Reply, entitle the Movant to an evidentiary hearing.

5.  The Movant, therefore, respectfully requests a second enlargement of time, specifically twenty-one days within which to complete and file his Reply no later than October 22, 2010.

Therefore, the Movant respectfully requests an additional twenty-one days from the date of this motion to complete and file his Reply in the U.S. District Court no later than October 22, 2010.


Respectfully submitted and dated this first day of October, 2010.


*Michael Kebles* (signature)

## CERTIFICATE OF SERVICE

I do hereby certify that I served the foregoing Movant's Second Motion for an Enlargement of Time for Filing a Reply to the Government's Response upon the Plaintiff-Respondent, the United States of America, on October 1, 2010, by depositing a true, correct, and accurate copy thereof into the United States mail, postage prepaid, and addressed to the Plaintiff-Respondent's attorney at the following address:

Mr. John M. Hutchins
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Seventeenth Street Plaza
Denver, Colorado 80202

_____
Dwane D. Davis