THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.      10-CV-1528-WYD
Criminal Action No.   03-CR-0249-WYD

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

MICHAEL KEBLES,

    Defendant-Movant.

---

## MOVANT'S RESPONSE TO THE ORDER TO SHOW CAUSE

---

    The Movant, Michael Kebles, *pro se*, hereby files this Response to the Order to Show Cause, which was issued on November 7, 2011.

### I.  INTRODUCTION

    On June 28, 2010, the Movant filed *pro se* a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255. On August 3, 2010, the Government filed its Response, and on November 1, 2010, the Movant filed his Reply. On September 30, 2011, the Movant was released from federal custody. This Court, finding that development to be

1

significant, thereupon ordered the Movant to show cause, in writing, on or before Wednesday, November 30, 2011, why his Motion to Vacate should not be denied as moot. This Response is filed in compliance with that Order because the §2255 Motion is not moot and thus should not be denied.

## II. BACKGROUND

On November 5, 2007, this Court sentenced the Movant to sixty-three months of federal custody, to be followed by three years of supervised release. The supervised release began on the same day that the federal custody ended, on September 30, 2011. As he wrote on page 13 of his Memorandum of Law filed on June 28, 2010, the Movant challenges not only his sentence and his forfeitures, but most importantly, the underlying *conviction*. The principal ground for collateral appeal specified in the §2255 Motion is a claim of ineffective assistance of counsel, which, if successful, should result in the underlying conviction being overturned, and not merely in the sentence being vacated, set aside, or corrected.

## III. ARGUMENT

The defendant who seeks relief from his sentence or conviction pursuant to §2255 must first satisfy the custody requirement, which is

2

specified by both the statute and by Rule 1 of the *Rules Governing §2255 Cases.* He must, consequently, be in custody under a sentence or judgment of the district court. "A motion to vacate a sentence under §2255 . . . will not lie unless the movant is in custody under such sentence." *Blair* v. *United States*, 349 F.2d 405 (10th Cir. 1965). But the defendant must be in custody only at the time his §2255 motion is filed. *Carafas* v. *LaVallee*, 391 U.S. 234, 238-40 (1968); *United States* v. *Bryson*, 981 F.2d 720, 726 (4th Cir. 1992); *Smullen* v. *United States*, 94 F.3d 20, 22 note 1 (1st Cir. 1996).[1]

Once the custody requirement is met -- and the Movant indisputably met his by being in federal custody on the date his Motion was filed -- the subsequent expiration of the term of custody is irrelevant to the already-

---

[1] *Carafas* v. *LaVallee* began as a New York state case and eventually made its way into the federal courts as a case of federal habeas corpus filed pursuant to §2254. It cites 28 U.S.C. §§ 2241, 2242, 2243, 2244, 2245, 2249, 2252, and 2254. It says nothing about §2255. What it says about the custody requirement for §2254 -- that it is determined when the federal habeas "application" is filed -- is applied indiscriminately to both §2254 and §2255. *Bryson*, which is a §2255 case, cites *Carafas*, saying: "Whether an individual is in custody for §2255 purposes is determined at the time the habeas action is filed." *Smullen*, another case about §2255, unreservedly quotes yet another federal habeas case, *Fernos-Lopez* v. *Figarella Lopez*, 929 F.2d 20, 23 (1st Cir.1991), which it summarizes, rather creatively, as a "holding that the 'custody' requirement of 28 U.S.C. §2255 is determined as of the date a habeas petition is filed". This court-sponsored intermingling between the policies, procedures, and terminology of 2254 and 2255 can be bewildering to lawyer and layman alike. Federal habeas relief, which is initiated by *petition*, is not the same thing as §2255 relief, which is initiated by *motion.* (See Advisory Committee Notes, Rule 1, *Rules Governing 2255 Cases.*)

3

fulfilled custody requirement. *Maleng* v. *Cook*, 490 U.S. 488, 492 (1989). As the U.S. Supreme Court explained in *Spencer* v. *Kemna*, 523 U.S. 1, 7 (1998):

> The District Court's conclusion that [habeas petitioner] Spencer's release from prison caused his petition to be moot because it no longer satisfied the "in custody" requirement of the habeas statute was in error. Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the "in custody" provision of 28 U. S. C. §2254 requires. See *Carafas* v. *LaVallee*, 391 U. S. 234, 238 (1968); *Maleng* v. *Cook*, 490 U. S. 488, 490-491 (1989) *(per curiam)*.

The mootness inquiry, however, does not end merely because the release from prison is shown to have had no effect on the "in custody" requirement. There is "a more substantial question" that must then be asked and answered by the court that is evaluating mootness: "whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, §2, of the Constitution." *Spencer*, 523 U.S. at 7:

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

*Spencer* v. *Kemna*, 523 U.S. at 7 (1998) (citations omitted).

Any lingering concerns about mootness with respect to the pending §2255 Motion have been addressed and resolved by the Supreme Court's decision in *Spencer* v. *Kemna* above. The Movant's sentence has not expired. The physical custody component of the sentence ended on September 30, 2011, whereupon the supervised release custody component began. In the federal justice system, supervised release has replaced parole for all offenses committed after November 1, 1987, and thus what the Supreme Court wrote about a "parolee's challenge to the validity of his conviction" applies absolutely to this Movant during his present sentence of supervised release. His challenge to the validity of his conviction indisputably satisfies the case-or-controversy requirement because the restrictions imposed by the terms of the supervised release constitute a

5

concrete injury, caused by the conviction and redressable by invalidation of the conviction.

In *Dawson* v. *Scott*, 50 F.3d 884, 886 (11th Cir.1995), the petitioner filed his § 2241 habeas corpus petition on May 20, 1992, while serving a term of federal custody. The district court denied his petition and he appealed. In the meantime, he was released from federal custody on May 28, 1993, whereupon the government moved to dismiss his appeal as moot. *Id.* at 886, note 2. "The government argues that, even if [petitioner] Dawson were to obtain relief under 18 U.S.C. § 3585(b), it would be ineffective since Dawson has completed his incarceration term. Thus, the government contends that this appeal is moot." The Eleventh Circuit disagreed, finding the petition was not moot:

> Dawson is still serving his term of supervised release, which is part of his sentence and involves some restrictions upon his liberty. Because success for Dawson could alter the supervised release portion of his sentence, his appeal is not moot. *See Jago* v. *Van Curen*, 454 U.S. 14, 21 n. 3, 102 S.Ct. 31, 36 n. 3, 70 L.Ed.2d 13 (1981) (per curiam); *United States* v. *Eske*, 925 F.2d 205, 206 n.2 (7th Cir.1991). The government's motion to dismiss this appeal is denied.

*Dawson* v. *Scott*, 50 F.3d at 886, note 2.

A similar case with an identical result is *Kusay* v. *United States*, 62 F.3d 192, 193 (7th Cir. 1995), in which the Seventh Circuit wrote:

> Kusay's appointed lawyer responded that, because Kusay has been released from prison, he is no longer "in custody" for purposes of § 2255. This is incorrect. Kusay is serving a term of supervised release, a form of custody that may be abbreviated if he prevails in this action. The case therefore is not moot. *United States* v. *Chavez-Palacios*, 30 F.3d 1290, 1293 (10th Cir.1994). Cf. *Garlotte* v. *Fordice*, 515 U.S.39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995).

The Movant's present term of supervised release is clearly a form of custody that signifies the continuance of his sentence, not the expiration of it. His release from one form of custody to another has had no effect whatsoever on the continuing viability of his §2255 Motion. He continues to present this Court with "a case or controversy under Article III, §2, of the Constitution" as required by the Supreme Court in *Spencer* v. *Kemna*. Any suggestion, therefore, that his §2255 Motion is now moot, or is about to become moot, is itself moot.

## IV.  CONCLUSION

The Movant has shown cause, in writing, why his Motion to Vacate should not be denied as moot. He therefore repeats his request that it be granted.

Respectfully submitted on this thirtieth day of November, 2011.

_____
Michael Kebles
Movant *pro se*

## CERTIFICATE OF SERVICE

I do hereby certify that I served the foregoing Movant's Response to the Order to Show Cause upon the Plaintiff-Respondent, the United States of America, on November 30, 2011, by depositing a true, correct, and accurate copy thereof into the United States mail, postage prepaid, and addressed to the Plaintiff-Respondent's attorney at the following address:

Mr. Michael Conrad Johnson
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Seventeenth Street Plaza
Denver, Colorado 80202

_/s/ Michael Kebles_

Michael Kebles
Movant *pro se*

9